**FILED**
**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6743**

| | | |
|---|---|---|
| JAMES C. HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | The Honorable **JUDGE MORAN** |
| MOTOROLA, INC., | ) | **MAGISTRATE JUDGE ASHMAN** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Motorola, Inc. ("Motorola"), pursuant to 28 U.S.C. § 1441, files this Notice of Removal with respect to Case 2007 L 012185 in the Law Division of the Circuit Court of Cook County, Illinois. In support of this notice, Motorola states as follows:

1. On October 29, 2007, plaintiff James C. Ho filed a complaint titled *James C. Ho v. Motorola, Inc.* in the Law Division of the Circuit Court of Cook County, Illinois (the "state court action"). Motorola was served with the complaint and summons on November 1, 2007.[1] (Copies of the complaint and other papers served upon Motorola are attached as Exhibit 1). These documents constitute all "process, pleadings, and orders" served upon Motorola in the state court action seeking recovery against it. 28 U.S.C. § 1446(a).

2. Motorola may remove this action pursuant to 28 U.S.C. § 1441(b) because plaintiff's claims arise under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

---

[1] Motorola reserves the right to contest the validity of service pursuant to all applicable local, state and federal rules of civil procedure.

3. "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Therefore, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

4. Moreover, a cause of action filed in state court that comes within the scope of the enforcement provisions of § 502(a) is removable to federal court even where (as here) the complaint does not on its face allege that it arises under ERISA. "Because ERISA displaces all state law within its scope, such a case necessarily arises under federal law, namely under ERISA, and so is removable despite the complaint's reticence." *Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006); *see, e.g., Davila*, 542 U.S. at 211 ("In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by the defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)."); *Metropolitan Life Ins. Co.*, 481 U.S. at 67; *Lister v. Stark*, 890 F.2d 941, 944 (7th Cir. 1989).

5. ERISA's applicable enforcement provisions include:

- ERISA § 502(a)(1)(B), which provides that an employee benefit plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); and

- ERISA § 502(a)(3), which provides that an employee benefit plan participant may bring a civil action "to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. ¶ 1132(a)(3).

6. Plaintiff's claims—seeking Long Term Disability benefits under the Motorola Disability Income Plan and alleging that he was promised other, long-term disability benefits benefits—clearly fall within the enforcement power of either ERISA § 502(a)(1)(B) or § 502(a)(3) and are thus suitable for removal to federal court.

7. Plaintiff appears to bring two causes of action against Motorola[2] in his complaint. First, plaintiff alleges that he is entitled to long-term disability benefits ("LTD") under the Motorola Disability Income Plan (the "Plan") and that Motorola breached a settlement agreement in which it allegedly promised such benefits. (Cmplt. ¶ 8). Specifically, plaintiff alleges that this termination of LTD benefits pursuant to the terms of the Plan was a breach of his settlement agreement with Motorola which provided that he would "continue to be covered under Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans* and based upon his ability to demonstrate that he is disabled." (Cmplt. Exhibit 2, General Release and Settlement Agreement, ¶ 2) (emphasis added). In 2002, the Plan was amended to limit disability benefits based on mental, nervous, alcohol or drug-related ("MNAD") conditions to 24 aggregate months, effective January 1, 2003. (Cmplt. Exhibit 13, April 4, 2005 Letter). Accordingly, and pursuant to the Plan terms, on December 10, 2002 plaintiff was informed that his disability benefits would terminate on December 31, 2005. (Cmplt. Exhibit 3, December 10, 2002 Letter).

8. Notably, in the letter informing plaintiff that the denial of his LTD benefits had been affirmed, the Plan Benefits Review Committee explained to plaintiff that if he "disagree[d] with the Committee's decision, [he could] bring a civil lawsuit against the Plan in Federal Court under Section 502(a) of the Employee Retirement Income Security Act." (Cmplt. Exhibit 13, April 4, 2005 Letter).

---

[2] The proper defendant in this cause of action is the Motorola Disability Income Plan.

9. Second, plaintiff alleges that Motorola fraudulently induced him to enter into the settlement agreement (*id.* ¶ 9) by making representations during the settlement negotiations regarding the continuation of benefits under the Plan. (*See, e.g., id.* ¶¶ 27, 28, 43-46). Plaintiff alleges that a Motorola employee represented to him that under the settlement agreement he "would continue to be covered under other health and benefits plans pursuant to the terms of the applicable plans and based upon Plaintiff's ability to demonstrate that Plaintiff was disabled," (*id.* ¶ 27), and that the Motorola employee also allegedly failed to "disclose to Plaintiff the terms of Motorola Defendant's Disability Income Plan." (*Id.* ¶ 30; *see also id.* ¶ 29).

10. In plaintiff's prayer for relief he seeks, among other relief, "all lost employment benefits, retirement benefits and all other benefits Plaintiff would have received." (*Id.* ¶ at p. 70 ¶ (v), (vi)).

11. In short, plaintiff's complaint is removable even though plaintiff does not specifically cite to ERISA in his complaint because he seeks to obtain disability benefits from the Motorola Disability Income Plan, an employee benefit plan as defined by 29 U.S.C. § 1002(2), and thus a plan regulated by ERISA. Additionally, resolving plaintiff's claims for LTD benefits will necessarily require reference to and interpretation of an employee benefit plan, namely, the Motorola Disability Income Plan, providing another basis for removal to federal court. *See Boggs v. Boggs*, 520 U.S. 833 (1997); *Sembos v. Philips Components,* 376 F.3d 696, 703 (7th Cir. 2004); *Anderson v. Chrysler* Corp., 99 F.3d 846, 856 (7th Cir. 1996); *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762, 767 (7th Cir. 1993).

12. Further evidence that plaintiff's claim is preempted by ERISA is that he is a class member in a class action lawsuit brought in federal court pursuant to ERISA that challenges the very same denial of LTD benefits by Motorola. The case, titled *Michael Marrs et al. v.*

*Motorola, Inc. et al.*, No. 1:05-cv-05463, is currently pending before Magistrate Judge Susan E. Cox in the Northern District of Illinois.

13. Original federal question jurisdiction is vested in this Court by 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. *See Davila*, 542 U.S. at 207-08 (ERISA is one of the federal statutes which "completely pre-empts the state-law cause of action . . . even if pleaded in terms of state law, [because it] is in reality based on federal law") (citation omitted); *see also* 29 U.S.C. § 1331.

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is being filed within 30 days after Motorola's receipt, on November 1, 2007, of the complaint.

15. Written notice of the filing of this Notice of Removal has been given to plaintiff together with a copy of the Notice of Removal and supporting papers, and has been filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Motorola respectfully requests that this Court assume full jurisdiction of this proceeding as if originally filed in this Court, and issue any orders necessary to stay proceedings in the state court action.

Respectfully submitted,

MOTOROLA, INC.

By:   s/Ada Dolph
One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

November 30, 2007

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Notice of Removal was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via U.S. mail this 30th day of November, 2007.

                                                s/Ada Dolph
                                                Ada W. Dolph