NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**EXHIBIT 1**

**The Lawsuit Complaint 00C 2942 (Lawsuit Case No. 1:00-CV-02942) And Its Attachment**

JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

LI

RECEIVED

MAY 1 6 2000

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES C. HO                    )
      Plaintiff,          )
                               )
v.                             )
                               )
MOTOROLA, INC                  )
      Defendant           )

00C 2942

MAGISTRATE JUDGE ASHMAN

JUDGE MANNING

### COMPLAINT

### Plaintiff Demands Trial By Jury

NOW COMES the Plaintiff, JAMES C. HO, by and through his attorneys,

ASHMAN & STEIN, and as and for his Complaint against the Defendant, MOTOROLA,

INC., alleges and states as follows:

### THE PARTIES

1.    Plaintiff is a resident of Schaumburg, County of Cook, State of Illinois.

2.    Defendant, MOTOROLA, INC. is a Delaware corporation, qualified to do

business, and doing business, in the State of Illinois.

3.    Plaintiff has been employed by Defendant since August 1991 and has been

on a paid medical leave since October of 1999. Plaintiff is of Asian descent.

### JURISDICTION AND VENUE

4.    This action is brought pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991. The

jurisdiction of this Court is properly invoked pursuant to 28 U.S.C 1343(a)(4).

1

5.     Venue in this Court is proper pursuant to 28 U.S.C. 1391(b), because the claim arises out of incidents occurring in this judicial district.

6.     Plaintiff timely filed a Charge of discrimination with the Equal Employment Opportunity Commission and has met all of the necessary administrative prerequisites for the filing of this action.  On February 28, 2000, the EEOC issued to Plaintiff a Notice of Right to Sue, and this action was commenced within 90 days from Plaintiff's receipt of such Notice.  A copy of Plaintiff's Charge of discrimination and Notice of Right to Sue are attached hereto as Group Exhibit 1.

## ALLEGATIONS COMMON TO ALL COUNTS

7.     Plaintiff was first employed by Defendant as a Senior Software Engineer at Defendant's Schaumburg, Illinois facility. In 1995, Plaintiff was promoted to the position of software engineering section manager by his supervisor, Pat Marzolf ("Marzolf").

8.     Plaintiff was one of three managers reporting to Marzolf.  Each of the other two managers, Terry Olson ("Olson") and Laura Healy ("Healy"), were white Americans .

9.     Although Plaintiff, Olson and Healy were of equal status in all other respects, Marzolf routinely gave Olson and Healy preference over Plaintiff in respect of job opportunities. In addition, Marzolf forced Plaintiff to promote, and give better performance reviews and raises to, non-Asian employees reporting to Plaintiff than to the Asian employees reporting to Plaintiff, notwithstanding the performance of said employees.

2

10.     When Plaintiff complained to Marzolf about the unequal and discriminatory treatment Plaintiff Marzolf gave Plaintiff and the Asian employees reporting to Plaintiff, Marzolf's responded that he would "destroy (Plaintiff's) career at Motorola" if Plaintiff brought his complaints to Defendant's Human Resources Department.

11.     Plaintiff subsequently reported his complaints, and Marzolf's threat, to Defendant's Human Resources Department, and was thereupon informed by Marzolf that he would no longer have any managerial duties.

12.     On February 12, 1997, Plaintiff reported his discrimination and retaliation complaints to Marzolf's manager, Jim Kirn ("Kirn"), who told Plaintiff to delay reporting anything to Defendant's Human Resources Department until he could investigate the situation.

13.     On February 24, 1997, Heather Goodall ("Goodall"), of Defendant's Human Resources Department, met with Plaintiff and Marzolf to discuss Plaintiff's discrimination and retaliation complaints. However, Marzolf refused to cooperate in this meeting and walked out when Plaintiff began to describe Marzolf's conduct.

14.     On June 20, 1997, Plaintiff complained to Goodall again, informing her that his management responsibilities had been given to a less qualified white employee and that Marzolf was continuing to deny Plaintiff the opportunity to manage any of Defendant's numerous software development projects.

15.     On December 2, 1997, when Plaintiff reported his discrimination and retaliation complaints to Linda Rodina ("Rodina"), Goodall's manager, Rodina urged

3

Plaintiff to review other job opportunities.

16.     During the first quarter of 1998, Plaintiff was assigned to report directly to Kim and asked to be returned to a position in management, citing the ten new engineers hired since the beginning of that year and the opportunity given to Tim Manczko ("Manczko"), a white staff member who had just recently joined Kim's group. In retaliation for having complained of discrimination, Kim refused Plaintiff's request, responding "It's not a democracy here. I can do whatever I want. If you don't like it, you can leave Motorola."

17.     On July 22, 1998, in response to Plaintiff's continued complaints of discrimination and retaliation, Kim urged Plaintiff to resign, suggesting that Plaintiff would then receive benefits under Defendant's Voluntary Severance Plan (VSP).  By that time, Defendant had hired another ten new engineers to work in Kim's group.

18.     When Plaintiff refused to resign, Kim gave Plaintiff a written warning for excessive absences.  However, on August 13, 1998, after Plaintiff requested that his discrimination and retaliation complaints be reported to Rodina's manager, Martin Rogers ("Rogers"), Kim's written warning was rescinded because its contents were incorrect.

19.     On August 18, 1998, Kim again told Plaintiff to accept VSP benefits and to go work for another company.  When Plaintiff refused, Kim told Plaintiff that he was going to be reassigned to a part-time position.

20.     On August 31, 1998, after Plaintiff refused to accept a part-time position, Kim assigned Plaintiff to a job that had no relationship to Plaintiff's skills and required Plaintiff to be "on-call" 24 hours a day, seven days a week.  When Plaintiff reported

4

these circumstances to Rogers, Rogers also urged Plaintiff to accept VSP benefits " and get a job somewhere else."

21.     Plaintiff then asked Rogers to report his complaints of discrimination and retaliation to Defendant's CEO. However, Rogers told Plaintiff that he would not do so because Plaintiff had not been fired.

22.     On September 8, 1998, Rogers told Plaintiff that because Plaintiff's complaints of discrimination and retaliation involved senior engineering executives, Rogers was unable to provide a resolution and suggested that Plaintiff request Kim to report his complaints to more senior managers, Jay Krebs ("Krebs") and Robert Epsom ("Epsom"). However, when Plaintiff reported to Krebs that Kim had repeatedly told Plaintiff to resign, Krebs responded: "Why don't you just leave?"; and when Plaintiff reported his complaints of discrimination and retaliation to Epsom on January 20, 1999, Epsom responded that Plaintiff had suffered no damage because he had not been fired but that he would speak to Kim to resolve the discrimination issues.

23.     Kim later admitted to Plaintiff that he had not talked to Epsom about Plaintiff's complaints; told Plaintiff that he would only be allowed to work in non-managerial assignments; and said that if Plaintiff didn't like it, he could resign. When Plaintiff refused to resign, he was again retaliated against by being assigned to report to Healy.

24.     On June 23, 1999, Healy also informed Plaintiff that he would not be allowed to work as a manager and that if he didn't like it, he should resign. When Plaintiff asked Healy for training to complete certain assignments, Healy responded that Plaintiff

5

would be "gone" by the time the training sessions were completed.

25.    On July 13, 1999, Healy then told Plaintiff that if he did not leave Defendant's Schaumburg facility "something bad" would happen to him. Healy repeated that threat to Plaintiff on numerous occasions thereafter.

26.    On September 14, 1999, Plaintiff asked Healy to report his complaints of discrimination and retaliation to Defendant's CEO, and Healy responded that he should request Rodina to do so. However, Rodina then told Plaintiff that he was not allowed to complain to Defendant's CEO.

27.    Plaintiff is informed and believes, and based thereon alleges, that after Plaintiff requested Healy to report his complaints of discrimination and retaliation to Defendant's CEO, Healy intentionally denied him access to necessary resources and equipment in order to build a record of poor performance against him and that Rodina instructed Healy to give Plaintiff an unjustified and groundless written performance warning.

28.    On October 20, 1999, Healy and Rodina gave Plaintiff a final written performance warning.

29.    On October 23,1999, Plaintiff's physician placed him on medical leave as a result of the emotional distress he suffered due to the actions of Defendant.

## COUNT I: NATIONAL ORIGIN DISCRIMINATION

30.    Plaintiff re-alleges Paragraphs One through Twenty-Nine, inclusive, as this Paragraph Thirty and incorporates each by reference as though each had been fully set forth herein.

6

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendant favored non-minority employees over minority employees in terms of job assignments and job promotions generally; and specifically discriminated against Plaintiff because of his national origin.

32.    The effect of the aforesaid conduct on the part of Defendant limited, classified and discriminated against Plaintiff in ways which deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his national origin. As a result of said conduct, Plaintiff has been deprived of income in the form of wages, benefits and/or opportunities which otherwise would have been due him as an employee.

33.    Defendant unlawfully discriminated against Plaintiff by refusing to offer Plaintiff the opportunity to apply and/or be considered for, or to accept, positions for which he was qualified on the basis of Plaintiff's national origin.

34.    In addition, Plaintiff is informed and believes, and based thereon alleges, that Defendant's actions were taken notwithstanding Defendant's knowledge that such actions were of the kind and type prohibited by Title VII. Accordingly, Defendant's actions taken against Plaintiff were willful, thus entitling Plaintiff to punitive damages under §1981a.

WHEREFORE, the Plaintiff, JAMES C. HO, respectfully prays this Honorable Court for the entry of Judgment in his favor and against the Defendant, MOTOROLA, INC. as follows:

A.    Enjoining Defendant from continuing its unlawful employment practices;

7

B.    Awarding Plaintiff compensatory and punitive damages in an amount allowed by law;

C.    Awarding Plaintiff the costs of this action, including his reasonable attorneys' fees;

D.    Granting Plaintiff prejudgment interest on all of the above amounts; and

E.    ~~Granting Plaintiff such other and further relief as this Court may deem just~~ and proper.

## COUNT II: RETALIATION

35.    Plaintiff re-alleges Paragraphs One through Thirty-Four inclusive, as this Paragraph Thirty-Five and incorporates each by reference as though each had been fully set forth herein.

36.    As a result of Plaintiff's complaints about being subjected to discriminatory treatment, Defendant retaliated against him by limiting his employment opportunities and relegating him to non-management positions.

37.    As a proximate result of the unlawful practices of Defendant, as alleged herein, Plaintiff has been denied equal employment opportunities, income and other benefits solely because of his national origin and the retaliatory animus of Defendant; has suffered substantial and irreparable injury, loss of income and other monetary benefits; and has suffered, and will continue to suffer, irreparable injury, including physical, emotional and mental anguish and damage to his reputation.

38.    Moreover, Plaintiff is informed and believes, and based thereon alleges, that Defendant's actions based upon his national origin, and the retaliatory animus of

8

Defendant, were taken notwithstanding Defendant's knowledge that such actions violated Title VII and Plaintiff is, therefore, entitled to punitive damages based upon Defendant's intentional and/or reckless disregard of his civil rights.

WHEREFORE, Plaintiff JAMES C. HO respectively prays this Honorable Court for the entry of judgment in his favor and against Defendant as follows:

A.  Enjoining Defendant from continuing its unlawful employment practices;

B.  To pay Plaintiff all lost employment benefits, retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful discrimination and retaliation, until Plaintiff attains the age of 75;

C.  Making Plaintiff whole by awarding him lost back pay, employee benefits, retirement benefits, and all other benefits plaintiff would have received but for Defendant's unlawful discrimination and retaliation;

D.  Awarding Plaintiff compensatory and punitive damages;

E.  Awarding Plaintiff the cost of this action and reasonable attorney's fees;

F.  Granting Plaintiff prejudgment interest on all of the above amounts; and

G.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims.

Respectfully submitted,

JAMES C. HO

By: _____

One of his attorneys

ASHMAN & STEIN
Attorneys for Plaintiff
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484
R:\STEIN\HO\ORIGIN.CMP

10

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: CERTIFIED MAIL NO.: Z-346-544-416 C/P | From: |
|---|---|
| James C. Ho<br>2136 Briar Hill Drive<br>Schaumburg, Illinois  60194 | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois  60661-2511 |

[   ]   *On behalf of a person aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A00997 | Mr. Scott Sommers, Enforcement Supervisor | (312) 886-9117 |

(See the additional information attached to this form.)

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[   ]   The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[   ]   Respondent employs less than the required number of employees.

[   ]   Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to
      file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[   ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or
      otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days
      in which to respond to our final written request.

[   ]   The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to
      respond to a notice sent to your last known address.

[   ]   The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have
      expired since you received actual notice of this settlement offer.

[ x ]  The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude
      that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the
      statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[   ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[ x ]  **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the
      Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in
      your charge in U.S. District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise
      your right to sue is lost.

[   ]   **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing
      of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S.
      District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is
      lost.

[   ]   **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

2/28/00

On behalf of the Commission

John P. Rowe, District Director

Enclosures
   Information Sheet
   Copy of Charge
   Respondent(s)          Motorola

EEOC Form 161 (Test 5/95)

| CHAR) OF DISCRIMINATION  | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Priva/ Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 210A00997 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. James C. Ho | (847) 885-1893 |

| STREET ADDRESS      CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 2136 Briar Hill Drive, Schaumburg, IL 60194 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Motorola Inc | Cat D (501 +) | (847) 576-6000 |

| STREET ADDRESS      CITY, STATE AND ZIP CODE | | COUNTY |
|---|---|---|
| 1301 East Algonquin Road, Schaumburg, IL 60196 | RECEIVED EEOC | 031 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS      CITY, STATE AND ZIP CODE | DEC 1 7 1999 | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN    CHICAGO DISTRICT OFFICE
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE *LATEST* |
|---|
| 11/03/1999 |
| ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I.  I was employed by Respondent on or about August 1991 as a Senior Software Engineer. Most recently, I held the position of Software Engineering Section Manager. Beginning in 1997, and continuing, I have been subjected to a hostile work environment and discrimination. I complained to Human Resources beginning in 1997. Since that time and continuing I have been subjected to retaliation in that my terms and conditions of employment have changed, I have been subjected to further harassment, I have been disciplined and threatened with termination. This behavior has caused me to develop a disability. On July 13, 1999, Respondent denied management opportunities to me. On October 23, 1999 my physician placed me on medical leave as the environment has become so hostile I cannot work at this time.

II.  I believe that I have been discriminated against by Respondent because of my race, Asian, my national origin, Hong Kong, my disability and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disabilties Act of 1990, in that:

a.) In 1996 I was subjected to use of profanity and remarks regarding my race and national origin by my manager. I made several complaints to Human Resources. Since that time and continuing management has alienated me from activities and staff meetings, changed my work assignments so I do not have any opportunities to perform managerial duties. This affects my career growth. I have also been subjected to discipline and threatened with discharge.

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| X 12-17-99        X Jamecho | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |
| Date        Charging Party *(Signature)* | |

# EXHIBIT 2

**General Release And Settlement Agreement**

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement (hereinafter the "Agreement") is made and entered into by and between JAMES C. HO, on behalf of himself, his agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and personal and legal representatives (hereinafter collectively referred to as "Ho"), and MOTOROLA, INC., on behalf of itself, its predecessors, successors, and affiliates, and its past, present, and future divisions, subsidiaries, and parents and collectively, their past, present, and future officers, directors, agents, shareholders, attorneys, employees, employee benefit plans, plan administrators, insurers, assignees, fiduciaries, heirs, executors, administrators, beneficiaries, trustees, and legal representatives (hereinafter collectively referred to as "Motorola").

WHEREAS, Ho filed a lawsuit in the United States District Court for the Northern District of Illinois (Case No. 1:00-CV-02942) (hereinafter referred to as the "Lawsuit"); and

WHEREAS, Ho and Motorola now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims and issues of law or fact that were raised or could have been raised by Ho, or which Ho has, had, or may have against Motorola as of the date of this Agreement (whether asserted in the Lawsuit or not);

NOW, therefore, in recognition of the mutual covenants contained herein, Ho and Motorola hereby agree as follows:

1.    <u>Monetary Payments</u>.  In exchange for the promises of Ho contained in this Agreement, Motorola shall pay to the order of JAMES C. HO the gross amount of TWENTY THOUSAND, FIVE HUNDRED DOLLARS ($20,500.00) for non-wage damages and attorneys' fees claimed by Ho and/or his attorney in the Lawsuit in full, complete and final settlement of any and all claims, causes of action, damages or costs, which exist or may exist against Motorola arising out of or in connection with Ho's employment with Motorola.  Motorola will issue an

IRS FORM 1099 to each of Ho and his attorney, who will each be responsible for allocating their respective shares of the TWENTY THOUSAND, FIVE HUNDRED DOLLARS ($20,500.00) and for the payment of any applicable taxes on such monies.

2.     Agreement Regarding Taxes. Ho acknowledges that he has not relied on any statements or representations by Motorola or its attorneys with respect to the tax treatment of the settlement payment. Ho agrees to indemnify Motorola and hold it harmless from any loss, liability, damages or expenses related directly or indirectly to any income tax liability, fines or fees arising from the payments to Ho pursuant to this Agreement.

3.     Coverage Under Motorola's Benefits Plans. Ho will continue to be covered under Motorola's long-term disability plan and other health and benefits plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits based upon the allegations made in this Lawsuit.

4.     Agreement Not To Return To Active Employment Or Seek Future Employment. In exchange for the monies described in Paragraph 1, Ho agrees not to return to active employment with Motorola and/or to seek re-employment (including temporary employment) with Motorola or any affiliated companies or divisions.

5.     Neutral Job Reference. Ho agrees to direct all employment inquiries to Motorola's automated service for employment references, 1-800-367-2884 (or http://www.theworknumber.talx.com/index.html ). In accordance with Motorola policy, Motorola will confirm dates of Ho's employment and last job title and provide no further information.

6.    <u>Release Of All Claims Raised By Ho Against Motorola</u>.  In exchange for the monies described in Paragraph 1, Ho fully and completely waives, releases, and forever discharges Motorola from any and all claims, actions, causes of action, damages, attorneys' fees, allegations, or demands asserted in the Lawsuit, all claims of any kind that could have been asserted in the Lawsuit, including claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, (hereinafter the "ADEA") and all other claims that he may have against Motorola to the effective date of the Agreement and arising out of Ho's employment relationship with Motorola or any other basis, whether known or unknown, suspected or concealed.

In addition, Ho agrees never to sue Motorola in any forum for any claim covered by the above waiver and release language, except that Ho may bring a claim under the ADEA to challenge this Agreement.  If Ho violates this Agreement by suing Motorola, other than under the ADEA to challenge this Agreement, Ho shall be liable to Motorola for its reasonable attorneys' fees and other litigation costs incurred in defending against such a suit.  Alternatively, in the event Ho sues Motorola (other than under the ADEA to challenge this Agreement), Ho may, at Motorola's option, be required to pay back to Motorola all but $100 of the money and other benefits Ho received under this Agreement.

7.    <u>Dismissal Of Lawsuit With Prejudice</u>.  Ho agrees to move for dismissal with prejudice of the Lawsuit.  Ho understands and agrees that the dismissal with prejudice of the Complaint is a condition precedent to receiving any of the monies specified in Paragraph 1 herein and to the promises made by Motorola herein.

8.    <u>Rights And Claims Excluded From Release</u>.  Excluded from the release are any rights and claims that cannot be waived by law.  However, Ho hereby waives any right to any monetary recovery from Motorola that may be obtained by anyone on his behalf.

9.    <u>Non-Admission Of Liability</u>.  The considerations exchanged herein do not constitute and shall not be interpreted as an admission of liability or guilt on the part of Motorola under any local, state, or federal statute, ordinance, regulation or order, or under common law.

10.    <u>Agreement Concerning Litigation Costs And Attorneys' Fees</u>.  Ho understands and agrees that he will be solely responsible for all expenses incurred by him in the Lawsuit, including, but not limited to, his attorneys' fees, costs, and disbursements.  Accordingly, Ho hereby fully and finally releases, acquits, and forever discharges Motorola from any liability or action of any kind for attorneys' fees, costs, and/or disbursements incurred in connection with the Lawsuit, and Ho further covenants and agrees never to institute any action or proceeding to recover any such attorneys' fees, costs, and/or disbursements from Motorola in connection with the matter.

11.    <u>Confidentiality Of Settlement</u>.  Ho acknowledges that, as a condition of the Agreement, the terms and provisions of the Agreement shall not be disclosed, publicized, published, indicated, or in any other manner communicated, to or with any other person except to Ho's attorney(s) or tax advisor(s) or immediate family, or as required by law or court order.  Ho agrees that if he reveals any portion of the Agreement to any of the excepted individuals, he will obtain from each such individual a promise to maintain the confidentiality of the Agreement.  If inquiries arise concerning the Agreement by anyone other than those listed, Ho will simply state that he cannot discuss it or that the matter has been resolved, and will make no other comment.

- 4 -

Ho represents that he has not made any unauthorized disclosures, as defined in this paragraph, concerning the Agreement prior to the signing of the Agreement.

12.    <u>Agreement Not Evidence</u>. Ho and Motorola agree that neither the Agreement, nor any of the events that have led to its execution may be used as evidence by either party without the written consent of both parties in any subsequent proceeding of any kind, except one in which either party alleges a breach of the Agreement.

13.    <u>Severability</u>. Ho and Motorola agree and represent that they intend and believe that the Agreement is lawful and enforceable in its entirety and neither Ho, Motorola, nor their respective attorneys will challenge the validity, legality, or enforceability of the Agreement or any of its provisions in whole or in part (other than under the ADEA). Ho and Motorola agree that to the extent any portion or covenant of the Agreement may be held to be invalid or legally unenforceable by an agency or court of competent jurisdiction, the remaining portions of the Agreement shall not be affected and shall be given full force and effect.

14.    <u>Entire Agreement</u>. This Agreement constitutes the complete understanding between Ho and Motorola as it relates to any and all claims Ho has, had or could have had against Motorola to the date of this Agreement. No other promises or agreements, either expressed or implied, shall be binding unless signed in writing by Ho and Motorola.

15.    <u>Enforcement</u>. In the event that either Ho or Motorola takes action, in law or equity, for breach of the Agreement and the other party prevails, the breaching party shall be liable for the reasonable attorneys' fees and costs incurred by the prevailing party in connection with such action.

- 5 -

16.  <u>Other Agreements By Ho</u>.  Ho also agrees that:

--  He is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  He has not been coerced, threatened, or intimidated into signing the Agreement;

--  He has been advised to consult with an attorney.  He is represented by an attorney, and his attorney has reviewed the Agreement and advised him of the legal significance and binding nature of the Agreement;

--  He has read the Agreement in its entirety, and he understands and accepts the terms and conditions of the Agreement;

--  He is not otherwise entitled to the payments or other consideration described in Paragraph 1;

--  He acknowledges that he has been given a period of at least 21 days within which to consider this Agreement and the waiver of claims under federal and/or state anti-discrimination laws.  He has been further advised that he may, in writing within 7 days of the signing of this Agreement, revoke his waiver.  Failure to revoke within 7 days will result in this waiver being permanent.  If he revokes this waiver, he will not be entitled to the payments specified in Paragraph 1.  Ho may revoke his signature by delivering a written letter of revocation to counsel for Motorola before the close of the seventh (7th) calendar day after signing this Agreement.  Any revocation must be received by James Cho at Seyfarth Shaw at 55 E. Monroe Street, Suite 4200, Chicago, Illinois 60603-5803.

JAMES C. HO

Date:    5/31/01

MOTOROLA, INC.

Date:    6-15-01

COUNSEL FOR James C. Ho

Date:    6/4/01

#10236577.2

- 6 -

# EXHIBIT 3

**Defendant's Letter Dated December 10, 2002**



December 10, 2002

Dear Long-Term Disability Participant:

This letter provides additional information regarding your Motorola Long-Term Disability benefits.

As part of the 2003 benefit plan changes, Motorola has adjusted the Disability Income Plan to align Motorola benefits more closely with other companies. You have received information about changes to the Long-Term Disability Plan throughout the latter half of this year through the *MyRewards* newsletter, the *2003 U.S. Benefits Book* and your 2003 Annual Enrollment package.

Effective January 1, 2003, the Disability Income Plan will limit benefits for certain conditions to a lifetime maximum of 24 months. Based on your current primary diagnosis, your benefit will be subject to this Plan provision.

Accumulation for the 24-month limit will begin on January 1, 2003. If you remain continuously disabled, your Motorola Long-Term Disability benefits will stop on December 31, 2005. Any Long-Term Disability benefits you receive for conditions with this lifetime limitation will count toward the 24-month lifetime aggregate maximum whether or not your disability is continuous.

The 24-month limit for certain conditions is consistent with long-term disability programs offered at other companies. In fact, 100 percent of the companies Motorola benchmarked have a 24-month lifetime maximum limit. It's also a standard provision in similar programs offered by most insurance companies.

Please remain in contact with the WorkAbility program (1-800-652-0028) to keep your disability information updated.

If you have questions regarding your Motorola Long-Term Disability benefits, please refer to your *2003 U.S. Benefits Book* or call the Rewards Administration Center at 1-800-421-3973.

Sincerely,

Jim Shelton
Director, Rewards Administration Center

## EXHIBIT 4

**Fax Receipt And Plaintiff's [Through Plaintiff's Wife] Letter Dated December 11, 2002**

LAST TRANSACTION REPORT FOR HP FAX-700 SERIES    VERSION: 01.00

FAX NAME:                                                          DATE: 11-DEC-02
FAX NUMBER:                                                        TIME:    22:39

| DATE | TIME | REMOTE FAX NAME AND NUMBER | DURATION | PG | RESULT | DIAGNOSTIC |
|------|------|----------------------------|----------|----|--------|------------|
| 11-DEC | 22:38 S | 4804410301 | 0:00:37 | 1 | OK | 66380010016A |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

S=FAX SENT
O=POLLED OUT(FAX SENT)

TO PRINT THIS REPORT AUTOMATICALLY. SELECT AUTOMATIC REPORTS IN THE SETTINGS MENU.
TO PRINT MANUALLY. PRESS THE REPORT/SPACE BUTTON. THEN PRESS ENTER.

2136 Briar Hill Drive
Schaumburg, IL 60194

December 11, 2002

James Shelton
Director of Benefits
P.O. Box 60634
Phoenix, AZ 85082

Re: Long-Term Disability Limitation Appeal for
    James Ho, SS# 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

Dear Mr. Shelton:

This is in response to your letter dated December 10, 2002 regarding my husband's long-term disability income benefits. In your letter, you stated that James' current condition is subject to a lifetime maximum disability income of 24 months. I am requesting that the lifetime maximum disability income of 24 months not be applied to James and that James can choose HMO as his medical benefit plan like other full time employees for the reason as follows. In an out of court settlement agreement, Motorola agrees that "Ho will continue to be covered under Motorola's long-term disability plan and other health and benefits plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits." It was explained by the judge and my husband's lawyer that James will continue to get from Motorola long-term disability income benefits up to age 65 as long as James remains disabled and follows the requirement that James will apply for Social Security Disability benefits. Please check with Motorola's legal department for a copy of the settlement agreement.

With the above reasons, I am respectfully requesting that Motorola honor their agreement as stipulated in the out of court settlement to let James continue his long-term disability income plan beyond the 24 months as long as he remains disabled and that James can choose HMO as his medical plan. Should you need more information, please call me at (773) 826-4065. Thank you in advance for your consideration in this matter.

Respectfully,

Wanda Ho

Wanda Ho