FILED

NOVEMBER 30, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6743

**EXHIBIT 5**

Fax Receipt, Fax Cover And Plaintiff's [Through Plaintiff's Wife] Letter Dated January 9,

2005 Together With Its Enclosures

JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

LI

```
              32 TRANSACTION REPORT FOR HP FAX-700 SERIES        VERSION: 01.00

FAX NAME:                                                    DATE: 09-JAN-05
FAX NUMBER:                                                  TIME:    23:23

  DATE    TIME         REMOTE FAX NAME AND NUMBER        DURATION  PG RESULT      DIAGNOSTIC
09-JAN   23:10 S  1800972415310915597990116027976383    0:00:11   1  ERROR  030663800100100
09-JAN   23:16 S  1800972415310915597990116027976383    0:00:56   2  STOP    663800102100
09-JAN   23:19 S  1800972415310915597990116027976383    0:02:18   5  OK      663800100100

************************************************************************************

                                S=FAX SENT
                                R=FAX RECEIVED
                                I=POLL IN(FAX RECEIVED)
                                O=POLLED OUT(FAX SENT)
```

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Director of Benefits Administration<br>Rewards Administration Center<br>Motorola | Wanda Ho<br>2136 Briar Hill Drive<br>Schaumburg, IL 60194<br>(847) 885-1893 |

| FAX NUMBER: | DATE: |
|---|---|
| (602) 797-6383 | January 9, 2005 |

| COMPANY: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| Motorola<br>P.O. Box 60634<br>Phoenix, AZ 85082 | 5 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| 1-800-421-3973 | |

| RE: | " YOUR REFERENCE NUMBER: |
|---|---|
| Medical and Dental Benefits, and<br>Long-Term Disability Benefits, and<br>Breach of Settlement Agreements | UID # 01026866A |

X URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    X PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

If for some reason transmittal is not complete or you are not the intended recipient of this fax, please contact me immediately at my office number (773) 826-4065.

The information contained in this fax is confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of any part of this fax is strictly prohibited. Thank you very much for your kind attention.

2136 Briar Hill Drive
Schaumburg, IL 60194

January 9, 2005

Director of Benefits Administration
Rewards Administration Center
P.O. Box 60634
Phoenix, AZ 85082

FAX (602) 797-6385

RE:  Long-Term Disability Benefits for James C. Ho with SS# 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 &
     UID# 01026866A, and Medical and Dental Benefits of James Ho's dependents, and
     Breach of Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942

Dear Director of Benefits Administration:

This letter is to respectfully inform you and Motorola that my husband James C. Ho and I believe
in good faith that Motorola has already breached and will intentionally continue to breach the
Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942 if Motorola terminates and/or
discontinues my husband's Long-Term Disability benefits while my husband remains disabled.
Here are the reasons:

- Due to his current and continued medical condition, my husband James C. Ho remains
  disabled and should be eligible for Motorola's Long-Term Disability benefits and should
  be able to continue to receive disability benefits. Because James C. Ho is disabled prior
  to age 60, his benefits should extend to age 65. (Please refer to the enclosed letter from
  Motorola dated April 23 of 2002.)
- Around June of 2001, James C. Ho and Motorola entered a settlement agreement for the
  lawsuit case no. 1:00-CV-02942. On page 2 of the agreement, it states "Coverage Under
  Motorola's Benefits Plan" that "Ho (my husband James C. Ho) will continue to be
  covered under Motorola's long-term disability plan and other health and benefit plans
  pursuant to the terms of the applicable plans and based upon his ability to demonstrate
  that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and
  continued disability benefits based upon the allegations made in this Lawsuit." (Due to
  the confidentiality of the settlement agreement, I did not enclose a copy of the agreement.
  However, I can provide a copy of the agreement upon Motorola's request. Otherwise,
  please refer to Motorola's law department with regard to the details of the General
  Release And Settlement Agreement for the lawsuit of the Case No. 1:00-CV-02942 that
  is filed in the United States District Court for the Northern District of Illinois.)
- A letter from James C. Ho's doctor Michael Brilliant, M.D. indicates that James Ho
  remains disabled and has been under his regular care since 4/6/2001. (A copy of the letter
  is attached herewith.)

Based on the facts stated above, my husband James C. Ho is contractually entitled to Motorola's long-term disability benefits that extend to age 65 as long as he remains disabled. Therefore, James Ho and I believe faithfully that the termination of James C. Ho's long-term disability benefits and the termination of his dependents' medical and dental benefits are vicious and malicious acts from Motorola for the purpose of inflicting harms to James Ho and his family both financially and emotionally. Again, I am respectfully requesting that Motorola honor the Settlement Agreement for the Lawsuit Case No. 1:00-CV-0294 filed in the United States District Court for the Northern District of Illinois.

Owing to the facts that I faxed a letter to Motorola on December 11 of 2002 to respectfully inform Motorola that due to a settlement agreement James Ho is contractually entitled to Motorola's long-term disability benefits and other benefit plans and that Motorola did not respond to the letter even though I have tried my best to communicate with Motorola regarding the issue throughout the years, James Ho and I believe in good faith that we have given Motorola reasonable time to resolve the issue of honoring the Settlement Agreement by extending James Ho's long-term disability benefits to age 65 as well as his dependents' medical and dental benefits while he remains disabled. If Motorola does not respond to this letter in writing within fourteen 14 days after I have faxed this letter to Motorola via its fax number (602) 797-6383, I faithfully believe that Motorola has already breached and will intentionally continue to breach the settlement agreement and intends to inflict harms viciously and maliciously to James Ho and his family both financially and emotionally by terminating James Ho's long-term disability benefits and his dependents' medical and dental benefits.

I would like to respectfully inform Motorola that the termination of James Ho's long-term disability benefits will definitely inflict severe harms to James Ho's health because terminating James Ho's long-term disability benefits and his dependents' medical and dental benefits severely hurts James Ho and his family both financially and emotionally. Hence, I am respectfully requesting that effective immediately Motorola will reinstate James Ho's long-term disability benefits and his dependents' medical and dental benefits because I have already paid Motorola the amount of $447.00 as the cost of three months coverage for "Post Employment Health Advantage Plan, Family Coverage, and Motorola Post-Employment Dental Plan, Family Coverage" from January 2005 to March 2005.

Sincerely,

Wanda Ho

Wanda Ho for James C. Ho

MOTOROLA CONFIDENTIAL & PROPRIETARY



April 23, 2002

James Ho
2136 Briar Hill Drive
Schaumburg, IL 60194

RE: Long Term Disability
SSN: 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

Dear James,

This letter is being sent to inform you that we are unable to approve your request to waive the monthly doctor visits for your Long Term Disability benefits.

You are eligible for disability benefits as long as you remain under regular care and treatment and unable to perform any reasonable occupation in order to continue to receive disability benefits. If disabled prior to age 60 these benefits extend to age 65. If disabled after age 60 benefits are paid for five years.

If you have any further questions, please contact our office at 800-421-3973.

Sincerely,

Ginny Rieck
Disability Team
Rewards Administration Center

Rewards Administration Center
P. O. Box 29005, Phoenix, Arizona 85038-9005   1-800-421-3973
Disability, P. O. Box 60634, Phoenix, Arizona 85082-0634



| | Outpatient |
| | Group |
| Behavioral Health Hospital | Practice |

December 16, 2004


Re:  James Ho



To Whom It May Concern:

Mr. Ho is under my care since 04/06/2001 treated for Major Depressive Disorder, recurrent, severe.  He is maintained on Effexor XR, Lorazepam and Seroquel.  His condition is currently stable, but he remains depressed and disabled.  Mr. Ho's prognosis remains poor.




Sincerely

*Michael Brilliant MD*

Michael Brilliant, M.D.


1786 Moon Lake Boulevard, Hoffman Estates, Illinois 60194
847.755.8090   fax 847.843.7393

## EXHIBIT 6

**Fax Receipt And Plaintiff's [Through Plaintiff's Wife] Fax Cover Dated January 10, 2005**

P. 1

* * * COMMUNICATION RESULT REPORT ( JAN.10.2005  9:47AM ) * * *

TTI  CHICAGO COMMONS 773_722 5045

| FILE MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|-----------|--------|-----------------|--------|------|
| 366  MEMORY TX | | 18476202591 | OK | P. 6/6 |

REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL               E-2) BUSY
    E-3) NO ANSWER                      E-4) NO FACSIMILE CONNECTION



# Fax

| To: | Sheri Schlecht | From: | Wanda Ho for James Ho |
|-----|----------------|-------|----------------------|
| Fax: | 847-620-2591 | Pages: | 6 including cover |
| Phone: | 847-576-2157 | Date: | 1/10/05 |
| Re: | See attached | CC: | |

X Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**CONFIDENTIAL**

Ms. Schlecht,

I faxed the attached to the Director of Benefits Administration in Phoenix, AZ yesterday. I would appreciate if you would help me forward a copy of the same attachments to the Benefits Group in your legal department. If there are any questions, I can be reached at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.



| **To:** | Sheri Schlecht | **From:** | Wanda Ho for James Ho |
|---|---|---|---|
| **Fax:** | 847-620-2591 | **Pages:** | 6 including cover |
| **Phone:** | 847-576-2157 | **Date:** | 1/10/05 |
| **Re:** | See attached | **CC:** | |

**X Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

**CONFIDENTIAL**

Ms. Schlecht,

I faxed the attached to the Director of Benefits Administration in Phoenix, AZ yesterday. I would appreciate if you would help me forward a copy of the same attachments to the Benefits Group in your legal department. If there are any questions, I can be reached at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.

Sincerely,

Wanda Ho for James Ho

**EXHIBIT 7**

**Defendant's Letter Dated February 9, 2005**

MOTOROLA CONFIDENTIAL & PROPRIETARY

 *MOTOROLA*

February 9, 2005

James Ho
2136 Briar Hill Drive
Schaumburg, IL 60194

RE: Settlement Agreement
ID#:01026866A

Dear Mr. Ho:

We are in receipt of your letter dated January 9, 2005, in which you are requesting consideration of Long Term Disability benefits from January 1, 2005 forward based on the findings of a prior Settlement Agreement.

In order to perform a fair and full review, we are asking that you provide a copy of the Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942 to the address provided below. This documentation is vital to the completion of the appeal review.

Please forward the documentation to the address provided below:

Benefits Review Committee
Motorola Inc.
P.O. Box 60634
Phoenix, AZ 85082-0634

Sincerely,

Cathy M. Fladhammer
Rewards Consultant U.S. Welfare Plan Compliance

**EXHIBIT 8**

**Fax Receipt And Plaintiff's [Through Plaintiff's Wife] Fax Cover Dated February 15, 2005**

```
*  *  *  COMMUNICATION RESULT REPORT ( FEB.15.2005  8:42AM )  *  *  *
                                              TTI  CHICAGO COMMONS 773_722 5045
FILE MODE          OPTION            ADDRESS (GROUP)          RESULT      PAGE
------------------------------------------------------------------------------
839  MEMORY TX                       16027976383              OK          P. 7/7


REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL              E-2) BUSY
        E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```



**Fax**

| | |
|---|---|
| **To:** Cathy M. Fladhammer<br>Benefits Review Committee<br>Motorola Inc.<br>P.O. Box 60634<br>Phoenix, AZ 85062-0634 | **From:** Wanda Ho for James Ho |

| | | | |
|---|---|---|---|
| **Fax:** | 602-797-6383 | **Pages:** | 7 including cover |
| **Phone:** | 1-800-421-3973 | **Date:** | 2/15/05 |
| **Re:** | Settlement Agreement<br>ID#01026866A | **CC:** | |

X **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

**CONFIDENTIAL**

Ms. Fladhammer



| To: | Cathy M. Fladhammer | From: | Wanda Ho for James Ho |
|---|---|---|---|
| | Benefits Review Committee | | |
| | Motorola Inc. | | |
| | P.O. Box 60634 | | |
| | Phoenix, AZ 85082-0634 | | |

| **Fax:** | 602-797-6383 | **Pages:** | 7 including cover |
|---|---|---|---|
| **Phone:** | 1-800-421-3973 | **Date:** | 2/15/05 |
| **Re:** | Settlement Agreement ID#01026866A | **CC:** | |

**X Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

**CONFIDENTIAL**

Ms. Fladhammer,

In response to your letter dated February 9 of 2005, I am faxing to you a copy of the Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942. I would appreciate if you could expedite your review process in order to minimize the damages caused by Motorola in terminating James Ho's Long Term Disability benefits. If there are any questions, I can be reached at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.

Sincerely,

Wanda Ho for James Ho

NOTES/COMMENTS:
If for some reason transmittal is not complete or you are not the intended recipient of this fax, please contact me immediately at my office number (773) 826-4065. The information contained in this fax is confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of any part of this fax is strictly prohibited. Thank you very much for your kind attention.

**EXHIBIT 9**

**Plaintiff's [Through Plaintiff's Wife] Cover Letter Dated February 15, 2005**

2136 Briar Hill Drive
Schaumburg, IL 60194

February 15, 2005

Cathy M. Fladhammer
Benefits Review Committee
Motorola Inc.
P.O. Box 60634
Phoenix, AZ 85082-0634

Re: **Settlement Agreement and ID#01026866A**

Ms. Fladhammer,

In response to your letter dated February 9 of 2005, I am sending to you a copy of the Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942. I would appreciate if you could expedite your review process in order to minimize the damages caused by Motorola in terminating James Ho's Long Term Disability benefits. Should you have any question, feel free to call me at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.

Sincerely,

*Wanda Ho*

Wanda Ho for James Ho

Enclosure

## EXHIBIT 10

**Defendant's Letter Dated March 15, 2005**

MOTOROLA CONFIDENTIAL & PROPRIETARY

 MOTOROLA

March 15, 2005

James Ho
2136 Briar Hill Drive
Schaumburg, IL 60194

RE: Settlement Agreement
ID#:01026866A
Second Notice

Dear Mr. Ho:

We are in receipt of your letter dated January 9, 2005, in which you are requesting consideration of Long Term Disability benefits from January 1, 2005 forward based on the findings of a prior Settlement Agreement.

In order to perform a fair and full review, we are asking that you provide a copy of the Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942 to the address provided below. This documentation is vital to the completion of the appeal review.

Please forward the documentation to the address provided below:

Benefits Review Committee
Motorola Inc.
P.O. Box 60634
Phoenix, AZ 85082-0634

Sincerely,

Cathy Fladhammer / CLM

Cathy M. Fladhammer
Rewards Consultant U.S. Welfare Plan Compliance

Rewards Administration Center
P.O.Box 29005, Phoenix, Arizona 85038-9005    1-800-421-3973
Disability, P.O.Box 60634, Phoenix, Arizona 85082-0634

**<u>EXHIBIT 11</u>**

**Fax Receipt And Plaintiff's [Through Plaintiff's Wife] Fax Cover Dated March 23, 2005**

* * * COMMUNICATION RESULT REPORT ( MAR.23.2005  8:02AM ) * * *

TTI  CHICAGO COMMONS 773_722 5045

| FILE MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|-----------|--------|-----------------|--------|------|
| 254  MEMORY TX | | 16027976383 | OK | P. 7/7 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION

# Fax

| To: | Cathy M, Fladhammer | From: | Wanda Ho for James Ho |
|-----|---------------------|-------|-----------------------|
| | Benefits Review Committee | | |
| | Motorola Inc. | | |
| | P.O. Box 60634 | | |
| | Phoenix, AZ 85082-0634 | | |

| Fax: | 602-797-6383 | Pages: | 7 including cover |
|------|--------------|--------|-------------------|
| Phone: | 1-800-421-3973 | Date: | 3/23/05 |
| Re: | Settlement Agreement ID#01026866A | CC: | |

X Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

CONFIDENTIAL

Ms. Fladhammer,



**To:**   Cathy M. Fladhammer                **From:**   Wanda Ho for James Ho
          Benefits Review Committee
          Motorola Inc.
          P.O. Box 60634
          Phoenix, AZ 85082-0634

---

**Fax:**   602-797-6383              **Pages:**  7 including cover

---

**Phone:**  1-800-421-3973           **Date:**   3/23/05

---

**Re:**    Settlement Agreement       **CC:**
          ID#01026866A

---

**X Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

---

**CONFIDENTIAL**

Ms. Fladhammer,

In your letter dated March 15 of 2005, you requested a copy of the Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942. Please note that on February 15, 2005, a copy of the settlement agreement was faxed to you. In addition, I also mailed it to you on February 15, 2005. Anyway, I am faxing a copy of the settlement agreement to you again. If Motorola does not at least reinstate James Ho's long-term disability benefits and his dependents' medical and dental benefits by April 18, 2005, I will have no alternative but to retain a lawyer to sue Motorola for breaching the Settlement Agreement as well as all the damages caused by Motorola.

Should you have any questions, I can be reached at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.

Sincerely,

Wanda Ho for James Ho

NOTES/COMMENTS:
If for some reason transmittal is not complete or you are not the intended recipient of this fax, please contact me immediately at my office number (773) 826-4065. The information contained in this fax is confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of any part of this fax is strictly prohibited. Thank you very much for your kind attention.

**EXHIBIT 12**

**Plaintiff's [Through Plaintiff's Wife] Cover Letter Dated March 23, 2005**

2136 Briar Hill Drive
Schaumburg, IL 60194

March 23, 2005

Cathy M. Fladhammer
Benefits Review Committee
Motorola Inc.
P.O. Box 60634
Phoenix, AZ 85082-0634

Re:  **Settlement Agreement and ID#01026866A**

Dear Ms. Fladhammer:

In your letter dated March 15 of 2005, you requested a copy of the
Settlement Agreement for the Lawsuit Case No. 1:00-CV-02942. Please note
that on February 15, 2005, a copy of the settlement agreement was faxed to
you. In addition, I also mailed it to you on February 15, 2005. Anyway, I am
mailing a copy of the settlement agreement to you again. If Motorola does
not at least reinstate James Ho's long-term disability benefits and his
dependents' medical and dental benefits by April 18, 2005, I will have no
alternative but to retain a lawyer to sue Motorola for breaching the
Settlement Agreement as well as all the damages caused by Motorola.

Should you have any questions, I can be reached at 773-826-4065 during
office hours. Thank you very much for your kind attention in this matter.

Sincerely,

Wanda Ho for James Ho

Enclosure

## <u>EXHIBIT 13</u>

**Defendant's Letter Dated April 4, 2005**

MOTOROLA CONFIDENTIAL & PROPRIETARY

 MOTOROLA

April 4, 2005

James Ho
2136 Briar Hill Drive
Schaumburg, IL 60194

RE:    Disability Appeal for MNAD Benefits
       ID#: 01026866

Dear Mr. Ho:

This letter is in response to your appeal received in the Rewards Administration Center on January 9, 2005, and the additional information received on March 25, 2005, in which you are requesting consideration of Long Term Disability benefits from January 1, 2005 forward. We have concluded the review of your request, which included the information contained in your original claim and the documentation provided in your appeal request.

This appeal of the denial of your Disability is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and by the terms of the Motorola Disability Income Plan. As the designated fiduciary of the Plan for purposes of benefit appeals determination, the Benefits Review Committee has the exclusive discretion to determine eligibility for benefits under the Plan.

Prior to setting forth our analysis and conclusions on your appeal, we think that it is appropriate to describe the procedural circumstances of your disability claim. This matter commenced as a claim, and then an appeal, by you, in connection with the Motorola Disability Income Plan ("Plan") 24-month limitation on benefits for disabilities related to mental, nervous, alcohol and drug (MNAD) disorders. While we evaluated your MNAD-related appeal, information regarding your separation agreement was also considered.

After a thorough review of your appeal in conjunction with the terms of the Plan, your claim for benefits under the Plan will remain denied from January 1, 2005 forward for the reason that you reached the twenty-four (24) month lifetime aggregate maximum benefit allowable under the Plan for a disability related to an MNAD disorder. Prior to making this determination, the settlement agreement for the lawsuit case no. 1:00-CV02942 was reviewed. Within the settlement agreement, it is stated that in accordance to Section 3, *Coverage under Motorola's Benefits Plans*, of the General Release and Settlement

RE: James Ho
ID#:01026866A

Agreement signed by James Ho on May 31, 2001, James would continue to be covered under the Motorola Long-Term Disability and other health benefits plans *pursuant to the terms of the applicable plans,* which therefore comply with section 3 of the settlement agreement. Application of the provisions of Section 6.5 (h) of the Motorola Disability Income Plan were permissible per the terms of the settlement agreement.

For purposes of Long Term Disability, Section 2.5 of the Plan states "Disability" and "Disabled" mean... (b) After qualifying for and receiving payment of one hundred eighty (180) days of Short Term Disability, the ongoing continuous inability of the Participant to engage in any Substantial and Gainful Employment by reason of meeting a medically determinable physical or mental impairment that can be expected to be of a long-continued and indefinite duration. During this time of Disability, the Participant cannot be engaged in his or her occupation or any other Substantial and Gainful employment, and must be under the regular care and attendance (no less than one visit in a consecutive thirty (30) day period unless otherwise waived by the Plan Administrator) of a Physician qualified to treat the disabling condition and to determine functional abilities of the Participant as it applies to any occupation or the routine of daily living. The Plan Administrator, in its sole and complete discretion, may require objective evidence of a Participant's Disability.

Section 6.4 of the Plan states the lifetime aggregate maximum Long Term Disability benefit for a Participant's Long Term Disability(ies) for which the primary diagnosis is a Mental, Nervous, Alcohol, Drug-Related Condition is twenty-four (24) months. The lifetime aggregate maximum benefit is cumulative of all Disabilities a participant incurs under the Plan for which Mental, Nervous, Alcohol, Drug-Related Condition is the primary diagnosis regardless of whether the Disabilities involve one or more different Mental, Nervous, Alcohol, Drug-Related Conditions.

Section 6.5 of the Plan states a Disabled Participant shall, subject to the conditions and limitations of the Plan, receive Long Term Disability Benefits while he or she is not Actively at Work due to a Mental, Nervous, Alcohol or Drug-Related Condition that is the Participant's primary diagnosis for his or her Disability, until the last day of the calendar month in which the Participant reaches the lifetime aggregate maximum benefit of twenty-four(24) months of Long-Term Disability Benefits under Subsection 6.4 for one or more Disability(ies) for which a Mental, Nervous, Alcohol, Drug-Related Condition is the primary diagnosis or January 1, 2005 if later.

In connection with our decision, we have also considered the basis for the Amendment to the Plan that imposed the limit on MNAD benefits. Section 12.1 of the Plan provides that "Motorola may amend the Plan at any time . . . ." Further, Section 12.3 of the Plan provides that "no amendment . . . shall adversely affect the rights of any Participant to receive benefits with respect to periods of Disability prior to the adoption date of the [amendment] . . . ." By protecting "benefits with respect to periods of Disability prior" to amendment, the Plan clearly permitted, as ERISA would allow, the elimination of benefits for periods after amendment. We therefore find that the Amendment prospectively limiting MNAD benefits, including for individuals already receiving them, was valid.

RE: James Ho
ID#:01026866A

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to your appeal. For this purpose, an item is "relevant" if it was relied upon in making the determination on your appeal, or was submitted, considered or generated in the course of making the determination, or constitutes a statement of policy or guidance with respect to the Plan concerning the appeal, or otherwise demonstrates compliance with the Plan's claims procedure requirements.

Our decision on the MNAD claim is now final, and you have exhausted all of your administrative remedies under the Plan's claims and appeal procedures. If you disagree with the Committee's decision, you may bring a civil lawsuit against the Plan in Federal Court under Section 502(a) of the Employee Retirement Income Security Act.

Sincerely,

Ron T. Miller
Corporate Vice President, Team Global Rewards
Benefits Review Committee

Rewards Administration Center
P.O. Box 29005, Phoenix, Arizona 85038-9005     1-800-421-3973
Disability, P.O. Box 60634, Phoenix, Arizona 85082-0634

## EXHIBIT 14

**Fax Receipt, Fax Cover and Plaintiff's Letter Dated April 11, 2005**

* * * COMMUNICATION RESULT REPORT ( APR.12.2005 7:21AM ) * * *

TTI  CHICAGO COMMONS 773_722 5045

| FILE | MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|------|------|--------|-----------------|--------|------|
| 501 | MEMORY TX | | 16027976383 | OK | P. 3/3 |

---

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|-----|-------|
| Ron T. Miller<br>Corporate Vice President, Team Global Rewards<br>Benefits Review Committee<br>Motorola Inc. | Wanda Ho |

| FAX NUMBER:<br>(602) 797-6383 | DATE:<br>4-12-05 |
|---|---|

| COMPANY:<br>Motorola<br>P.O. Box 60634<br>Phoenix, AZ 85082 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
|---|---|

| PHONE NUMBER:<br>1-800-421-3973 | SENDER'S REFERENCE NUMBER:<br>773-826-4065 |
|---|---|

| RE:<br>**Settlement Agreement and ID#01026866A** | YOUR REFERENCE NUMBER:<br>**UID # 01026866A** |
|---|---|

X URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    X PLEASE REPLY    ☐ PLEASE RECYCLE

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Ron T. Miller<br>Corporate Vice President, Team<br>Global Rewards<br><br>Benefits Review Committee<br>Motorola Inc. | FROM:<br>Wanda Ho |

| | |
|---|---|
| FAX NUMBER:<br>(602) 797-6383 | DATE:<br>4-12-05 |

| | |
|---|---|
| COMPANY:<br>Motorola<br>P.O. Box 60634<br>Phoenix, AZ 85082 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |

| | |
|---|---|
| PHONE NUMBER:<br> 1-800-421-3973 | SENDER'S REFERENCE NUMBER:<br>773-826-4065 |

| | |
|---|---|
| RE:<br>**Settlement Agreement and**<br>**ID#01026866A** | YOUR REFERENCE NUMBER:<br>UID # 01026866A |

X URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    X PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Mr. Miller:

Attached please find a copy of my letter in response to your letter of April 4, 2005. A reply to my letter would be greatly appreciated. Thank you.

Respectfully,
Wanda Ho

If for some reason transmittal is not complete or you are not the intended recipient of this fax, please contact me immediately at my office number (773) 826-4065.

The information contained in this fax is confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of any part of this fax is strictly prohibited. Thank you very much for your kind attention.

2136 Briar Hill Drive
Schaumburg, IL 60194

April 11, 2005

Ron T. Miller
Corporate Vice President, Team Global Rewards
Benefits Review Committee
Motorola Inc.
P.O. Box 60634
Phoenix, AZ 85082-0634

Re: Settlement Agreement and ID#01026366A

Dear Mr. Miller:

Before my husband James Ho will eventually solicit helps both nationally
and internationally from the public, news media, national agencies and
international governments concerning how he was being treated regardless
how many Motorola recognition awards he has received due to his
significant contributions to the success of iDEN (Nextel
telecommunication) projects, and why he believes in good faith that
Motorola has dishonestly breached the Settlement Agreement for the
Lawsuit Case No. 1:00-CV-02942, I am respectfully writing to let you know
that your Benefits Review Committee has really made a wrong decision on
denying my husband James Ho's Long-term Disability Benefits because of
the following reasons:

The plans that you mentioned in your letter dated April 4, 2005, are not
applicable to my husband's case because during the settlement agreement,
what were being considered applicable for James Ho to continue receiving
the Motorola Long-term Disability Benefits are as follows:
  1. James Ho remains disabled;
  2. Apply for Social Security disability benefits;
  3. Monthly doctor visit;
  4. As long as he remain disabled, James Ho will continue to receive
     long-term disability benefits until age 65;

5. The disability income benefit is 60% of James Ho's last salary less social security benefits. In other words, James Ho is entitled to receive $4,160.00 per month from Long-term Disability and Social Security;

6. His disability benefits entitle him and his dependents to receive medical, dental, vision and prescription drug benefits;

7. Other health plans such as Base Life Insurance ($83,200.00), Supplemental Life Insurance ($166,400.00) plans, and benefits plans namely, 401(k) Profit Sharing Plan and Pension Plan pursuant to the terms of the applicable plans.

Furthermore, because English is not the native language of my husband James Ho, he explicitly asked at the settlement agreement meeting what would happen if Motorola terminated James Ho's Long-term Disability benefits prior to his age 65. He was told that Motorola would not do that and that otherwise there would be another lawsuit.

I sincerely hope that you will let your Benefits Review Committee understand that the phrase "pursuant to the terms of the applicable plans" in the settlement agreement are only applicable to other health and benefits plans such as Base Life Insurance Plan, Supplemental Life Insurance Plan, 401(k) Profit Sharing Plan and Pension Plan. As a matter of fact, during the settlement agreement meeting, the terms applicable for James Ho to continue receiving Motorola Long-term Disability benefits are the items listed from 1 to 6 above.

If Motorola does not correct this issue on a timely manner, my husband James Ho may eventually let the whole world know what kind of company Motorola really is...

Should you have any questions, I can be reached at 773-826-4065 during office hours. Thank you very much for your kind attention in this matter.

Respectfully,

Wanda Ho

Wanda Ho for James Ho

# EXHIBIT 15

**Defendant's Letter Dated June 6, 2005**

 **MOTOROLA**

June 6, 2005

Mrs. Wanda Ho
2136 Briar Hill Drive
Schaumburg, IL 60194

Re:   James Ho: Termination of Disability Benefits

Dear Mrs. Ho:

On April 4, 2005, the Benefits Review Committee reached a final decision on your husband's appeal related to benefits under the Motorola Disability Income Plan. On April 11, 2005, you sent a letter to me in which you describe your husband's good faith belief that "Motorola has dishonestly breached the Settlement Agreement" entered into by Motorola and him in 2001.

Your letter raises issues regarding the Plan and its Benefits Review Committee (relative to your husband's appeal) and to Motorola (relative to the Settlement Agreement). With regard to the former, I can only reiterate the closing paragraph of my April 4 letter, which states that the decision "is now final" for all the reasons stated in that letter, "and you have exhausted all of your administrative remedies under the Plan's claims and appeal procedures." As for the latter, Motorola emphatically disagrees that it has breached the Settlement Agreement. The specific language of that Settlement Agreement, which you quoted in your letter, makes it clear that Mr. Ho's future participation is "pursuant to the terms of the applicable plans." Although you suggest that the language only applies to the plans "other" than the Disability Income Plan, the Disability Income Plan is one of the "applicable plans" specifically mentioned in that sentence. Further, the conversations relating to the meaning of the agreement that you say occurred at the settlement agreement meeting in fact did not occur and, if they had, would have been irrelevant in light of the Settlement Agreement's paragraph 14, which provides that it is "the complete understanding" and that other promises or agreements were not binding "unless signed in writing."

In light of the matters raised in your letter, we would appreciate that you direct future correspondence to Motorola's legal department. We make this request because of the serious nature of your letter and to ensure that any correspondence is addressed in an appropriate and expedited manner.



Your correspondence should be directed to:

> Motorola Inc.
> 1303 E. Algonquin Road
> Schaumburg, IL 60196-1065
> Attention: Jill Goldy, Esq.

Sincerely,

Ron T. Miller
Corporate Vice President
Team Global Rewards