IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOTOROLA, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 07 C 6743 <br><br> Judge Moran <br><br> Magistrate Judge Ashman |

**MOTION TO STAY PROCEEDINGS PENDING REASSIGNMENT AS
RELATED TO ANOTHER CASE OR, IN THE ALTERNATIVE, TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8
OR STRIKE THE EXTRANEOUS PORTIONS OF THE COMPLAINT**

Defendant Motorola, Inc. ("Motorola") hereby moves that proceedings in this case be stayed pending a determination as to whether this case should be reassigned pursuant to Local Rule 40.4 to Magistrate Judge Susan E. Cox as related to a case currently before her, *Michael Marrs et al. v. Motorola, Inc. et al.*, No. 1:05-cv-05463. This case and *Marrs* are clearly related because they arise out of the same facts, law and transaction (termination of benefits). (*See infra* ¶¶ 7-9). Moreover, plaintiff James Ho is a member of the plaintiff class in *Marrs*, and defendant Motorola is named as a defendant in *Marrs*. (*Id.*).

Alternatively, Motorola moves that (i) plaintiff's 71-page,[1] 370-paragraph complaint (and 13 exhibits thereto) be dismissed for failure to comply with Fed. R. Civ. P. 8, or that (ii) the extraneous portions of plaintiff's complaint be stricken pursuant to Fed. R. Civ. P. 12(f). In support of its motion, Motorola states as follows:

---

[1] The pagination in plaintiff's complaint suggests that there are 72 pages in the complaint. Defendant was served, however, with only 71 pages. (*See* Notice of Removal, Exhibit 1, Plaintiff's Complaint (docket entry no. 1)).

**I.     INTRODUCTION AND BACKGROUND**

1.     On October 29, 2007, plaintiff filed a 71-page, 370-paragraph complaint in the Circuit Court for Cook County, Illinois, Law Division alleging claims for breach of contract (Count I) and fraud (Count II) against Motorola.

2.     Both counts concern long-term disability ("LTD") benefits which plaintiff alleges he is entitled to receive under the Motorola Disability Income Plan (the "Plan"). Specifically, the Plan was amended in 2002 to limit LTD benefits based on mental, nervous, alcohol or drug-related ("MNAD") conditions to 24 aggregate months, effective January 1, 2003. (Cmplt. Exhibit 13, April 4, 2005 Letter). In accordance with the Plan terms, on December 10, 2002 plaintiff was informed that his LTD benefits were subject to this Plan provision and would terminate on December 31, 2005. (Cmplt. Exhibit 3, December 10, 2002 Letter).

3.     As to Count I, for breach of contract, plaintiff alleges that when Motorola terminated his LTD, it breached a settlement agreement with plaintiff which provided that plaintiff would "continue to be covered under Motorola's long-term disability plan and other health and benefits plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled." (Cmplt. Exhibit 2, General Release and Settlement Agreement, ¶ 2).

4.     As to Count II, plaintiff alleges that Motorola fraudulently induced him to enter into the settlement agreement (Cmplt. ¶ 9) by making representations during the settlement negotiations regarding the continuation of benefits under the Plan. (*See, e.g., id.* ¶¶ 27, 28, 43-46).

5.     Defendant was served with the complaint and summons on November 1, 2007. (*See* Notice of Removal, Exhibit 1).

6.  On Friday, November 30, 2007, defendant removed plaintiff's case to this Court because plaintiff's claims arise under and are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*See* docket entry no. 1).

7.  This case is related to *Michael Marrs et al. v. Motorola, Inc. et al.*, No. 1:05-cv-05463, a case currently pending in this district before Magistrate Judge Susan E. Cox. Plaintiff James Ho is a member of the certified plaintiff class in *Marrs* who have sued Motorola and the Plan, among other defendants, challenging the legality of the 2002 Plan amendment capping LTD benefits at 24 aggregate months, the same amendment which plaintiff challenges individually here. Accordingly, if the *Marrs* plaintiffs are successful, plaintiff may be able to have his LTD benefits reinstated without any further litigation in this case.

## II.  THE COURT SHOULD STAY PROCEEDINGS UNTIL A DETERMINATION IS MADE AS TO WHETHER THIS CASE SHOULD BE REASSIGNED AS RELATED TO ANOTHER CASE PENDING IN THIS DISTRICT.

8.  The Court should stay this case pending a determination as to whether plaintiff's case would be more appropriately assigned to Magistrate Judge Cox, before whom the related case, *Marrs*, is currently pending. Staying this case until this determination can be made will conserve judicial and party resources. Specifically, if this case is reassigned to Magistrate Judge Cox, defendant may request that plaintiff's case be further stayed because it could be mooted by a ruling for the plaintiffs in the *Marrs* case. As noted, if the *Marrs* plaintiffs are successful, plaintiff may be entitled to reinstatement of his LTD benefits without any further action in this case.

9.  Moreover, the *Marrs* case, filed in 2005, is much closer to resolution than plaintiff's case, filed less than two months ago. In *Marrs*, there are cross motions for summary judgment pending on the issue of the legality of the 2002 Amendment. (*See, e.g.*, *Marrs*, No. 05-

0563, docket entry nos. 71-101). Therefore, it makes sense to stay plaintiff's case at least until the question of reassignment is resolved.

10. This Court has the inherent power to stay proceedings in cases pending before it, and its decision to grant a stay will not be disturbed absent an abuse of discretion. *See Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936); *see also Doe v. City of Chicago*, 360 F. Supp.2d 880 (N.D.Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate."); *In re Anicom Inc. Sec. Lit.*, No. 00-C-4391, 2002 U.S. Dist. LEXIS 21680, at *5 (N.D. Ill. Nov. 6, 2002) (same).

11. This case is inherently "related to" the *Marrs* case because it involves the same issues of fact and law, grows out of the same transaction and even involves one of the same plaintiffs (James Ho) and one of the same defendants (Motorola). The outcome of plaintiff's case necessarily depends on the outcome in the already progressing *Marrs* case, and it would be inefficient to litigate two cases involving the same facts and law.

12. Accordingly, defendant intends to move before the appropriate judicial officer pursuant to Local Rule 40.4 that this case be consolidated with *Marrs*. *See Smith v. Check-N-Go, Inc.*, 200 F.3d 511, 513 (7th Cir. 1999) (advocating that related cases be consolidated before one judge); *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D.Ill. 2002) (finding requirements of Local Rule 40.4 met, and reassigning case as related to another already pending in the same district).

13. In the interim, defendant respectfully requests that the Court stay proceedings in this case to avoid the unnecessary burden and expense of responding to plaintiff's complaint, when there may be no need to do so if the case is reassigned to Magistrate Cox and stayed pending the outcome of the *Marrs* case.

**III.     ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8 OR, AT A MINIMUM, STRIKE THE EXTRANEOUS MATERIAL IN THE COMPLAINT PURSUANT TO RULE 12(f).**

14.     In the alternative, defendant respectfully requests that the Court dismiss plaintiff's 71-page, 370-paragraph complaint because of its failure to comport with Fed. R. Civ. P. 8, or, at a minimum, pursuant to Fed. R. Civ. P. 12(f) strike the extraneous material in plaintiff's complaint.

15.     Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "*shall* contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

16.     When a complaint violates Rule 8(a)(2) and 8(e)(1) "such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading, the Court may strike the entire pleading while granting leave to replead." *Harman v. Gist*, No. 02 C 6112, 2003 U.S. Dist. LEXIS 15297, at *9-10 (N.D. Ill. Aug. 29, 2005).

17.     Plaintiff has filed a lengthy complaint filled with redundant and extraneous material. Thus, the Court should dismiss the complaint without prejudice and require plaintiff to file a "short and concise statement of the claim." Fed. R. Civ. P. 8.

18.     At a minimum, the Court should strike the portions of the complaint that do not comply with Rule 8. When a complaint fails to meet the requirements of Rule 8, the Court has the power to strike those parts of the complaint that are "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Indeed, a motion to strike "*should* be granted if it 'may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action.'" *U.S. v. Dico, Inc.*, 189 F.R.D. 536

(S.D. Iowa 1999) (quoting *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)) (emphasis added).

19. Plaintiff's unnecessarily long, confusing, and redundant complaint will make it difficult and burdensome for defendant to file a responsive pleading and for the Court to conduct orderly litigation. Requiring plaintiff to state his claims briefly and concisely undoubtedly will benefit both the Court and the parties. *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). The Court should strike the largely redundant and otherwise extraneous material contained in plaintiff's complaint.

20. In the alternative, and at a minimum, the Court should strike the redundant paragraphs and allegations in the complaint, including for example: paragraphs 124 through 129, each beginning with "Defendant omitted the noun *Plan*," (emphasis in original); paragraphs 130 through 137, each beginning with "Omitting the noun *Plan* . . . ." (emphasis in original); and paragraphs 163 through 170, all beginning with the words "In the letter dated June 6, 2005." (*See also, e.g.,* ¶¶ 188-97 (each beginning "Defendant as a big corporation . . . ");¶¶ 209-29 (alternating paragraphs beginning with either "[Plaintiff's or Defendant's] interpretation of the proper meaning of the Ambiguous Sentence . . . "); ¶¶ 238-48 (each beginning "Defendant as a big corporation . . . ."); ¶¶ 253-62 ("Rodina as the Human Resource Director . . . "). The Court should strike these redundancies.

WHEREFORE, Motorola respectfully requests that the Court enter an order staying proceedings in this case pending a determination as to whether this case should be reassigned pursuant to Local Rule 40.4 to Magistrate Judge Susan E. Cox as a case related to *Michael Marrs et al. v. Motorola, Inc. et al*., No. 1:05-cv-05463.  Alternatively, defendant respectfully requests that the Court enter an order dismissing plaintiff's complaint without prejudice for its failure to comply with Fed. R. Civ. P. 8 or, at a minimum, that the extraneous portions of plaintiff's complaint be stricken pursuant to Fed. R. Civ. P. 12(f).

      Respectfully submitted,

      MOTOROLA, INC.

      By:     s/Ada Dolph
            One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

December 7, 2007

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Motion To Stay Proceedings Pending Reassignment As Related To Another Case Or, In The Alternative, To Dismiss Plaintiff's Complaint For Failure To Comply With Fed. R. Civ. P. 8 or Strike the Extraneous Portions of the Complaint** was served upon:

    James C. Ho
    2136 Briar Hill Drive
    Schaumburg, Illinois 60194
    (847) 885-1893

by having the same sent via **overnight mail** this 7th day of December, 2007.

                s/Ada Dolph
                Ada W. Dolph