

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 10 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMES C. HO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 6743 |
| ) | |
| MOTOROLA, INC., ) | Judge Moran |
| ) | |
| Defendant. ) | Magistrate Judge Ashman |
| ) | |

### VERIFIED MOTION FOR REMAND TO STATE COURT

Plaintiff, JAMES C. HO ("Plaintiff"), pursuant to 28 U.S.C. § 1447, hereby files to the United States District Court for the Northern District of Illinois Eastern Division this Verified Motion For Remand with respect to Case 2007 L 012185, which was commenced in the Law Division of the Circuit Court of Cook County, Illinois. In support of plaintiff's verified motion for remand, Plaintiff states as follows:

1. On November 30, 2007, defendant, MOTOROLA, INC. ("Defendant"), by and through one of its attorneys Ada Dolph of Seyfarth Shaw LLP filed a Notice Of Removal to both the Law Division of the Cook County Circuit Court and to the United States District Court for the Northern District of Illinois Eastern Division, pursuant to 28 U.S.C. § 1441. On December 6, 2007, Plaintiff received the Notice Of Removal.

2. Pursuant to 28 U.S.C. § 1447, Plaintiff filed this Motion For Remand to the United States District Court for Northern District of Illinois Eastern Division on December 10, 2007. Since this Motion For Remand has been filed within thirty days of removal, all procedural and jurisdictional objections are timely.

3. Defendant did not comply with Procedure For Removal, 28 U.S.C. § 1446(d) because Plaintiff received the Notice Of Removal six days later after Defendant filed the Notice Of Removal.

4. Defendant failed to comply with Actions Removable Generally, 28 U.S.C. § 1441 because the actions of the Case 2007 L 012185 ("Complaint") were neither Diversity nor Federal Question. The source of the cause of actions: Breach of Contract and Fraud In The Inducement was the Settlement Agreement ("Complaint Exhibit 2"), which was enforceable under the Common Law. As stated in the Complaint and the Complaint Exhibit 2, Plaintiff was required to terminate his employment with the Defendant in or about June 2001 after signing the Settlement Agreement. (See Paragraph 79 of the Complaint and Paragraph 4 of Complaint Exhibit 2.) Furthermore, the Complaint and the Complaint Exhibit 2 explicitly stated that Plaintiff's eligibility for past and continued disability benefits was based upon the [discrimination and retaliation] allegations made in the [discrimination and retaliation] lawsuit, neither through employment nor any plan. (See Paragraphs 43 through 48 of the Complaint and Paragraph 3 of Complaint Exhibit 2.) In addition, the Complaint explicitly stated the facts and evidences why and how Plaintiff was entitled to receive long-term disability benefits ("LTD"), not to mention that the second sentence of paragraph 3 of the Settlement Agreement, which was attached as Complaint Exhibit 2, clearly indicated that based on the discrimination lawsuit, Plaintiff's eligibility for LTD must not be inquired by Defendant forever after the Settlement was signed by Defendant. In other words, no plan should govern Plaintiff's eligibility for LTD. Hence, the claim of the actions in the Complaint was clearly not Federal Question.

5. In the section under the cause of action for Fraud In The Inducement, Plaintiff's prayer for relief was passed down from the relief originally stated in the discrimination and retaliation lawsuit. Again, the source of the actions in plaintiff's Complaint was the ambiguity of the first sentence of the paragraph 3 of the Settlement Agreement. (See the paragraph no.3 of the Complaint Exhibit 2.) The Complaint also clearly stated that the elements for the cause of actions: "Breach Of Contract" and "Fraud In The Inducement" were brought under the Common Law, which is not federal jurisdiction. Hence, the claims of plaintiff's Complaint were not Federal Question.

6. The Complaint explicitly stated the facts and evidences that the basis of the actions in the Complaint was the paragraph no.3 of the Settlement Agreement. Based on Defendant's representations at the time of the settlement of the discrimination and retaliation lawsuit, the Plaintiff's eligibility for past and continued LTD was based on the [discrimination and retaliation] allegation of the [discrimination and retaliation] lawsuit, and not through employment nor any plan. However, Defendant changed the interpretation of the paragraph no.3 of the Settlement Agreement even though Defendant's interpretation on the first sentence of paragraph no. 3 of the Settlement Agreement had serious semantic flaws and was contradictory with the second sentence of the paragraph no.3 of the Settlement Agreement. Since the Settlement Agreement was written by Defendant and not by Plaintiff, upholding the Notice Of Removal would mean ruling in favor of Defendant's interpretation with regard to the proper interpretation of the ambiguous sentence in the paragraph no.3 of the Settlement Agreement. Upholding the Notice Of Removal would also mean that proper interpretation of the ambiguous sentence was decided by the Court in favor of Defendant without any trial by jury even though Plaintiff

has demanded the trial of the Case by jury. One of the general and fundamental maxims of the common law, which control laws as well as contracts, states: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are adopted by public policy, and have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes."

7. Other legal standards governing Removal include: (1) Federal Question must be disclosed upon the face of the Complaint, unaided by the answer or by the petition for removal [notice of removal]; (2) Plaintiff is the master of the Complaint; (3) In absence of Federal subject matter jurisdiction, case will be remanded; (4) Remand cannot be waived; (5) The burden of establishing Removal Jurisdiction is on the party seeking Removal, not the party seeking Remand to State Court; (6) When there is doubt as to the right to Removal in the first instance, ambiguities are to be construed against Removal; (7) Removal jurisdiction cannot be maintained where the Federal Question is "collateral", "merely possible", or "attenuated"; (8) The Federal Question must be "direct and essential"; and (9) It is a long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question.

**WHEREFORE,** Plaintiff respectfully requests that Plaintiff's Motion For Remand ought to be granted as soon as possible because the absence of federal claims in the Complaint justifies Remand. Pursuant to 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Respectfully submitted,

_____
**JAMES C. HO, pro se**

Dated: 12-10-2007

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Verified Motion For Remand filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

*/s/ J. Ho*
JAMES C. HO, Affiant

## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Verified Motion for Remand was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **overnight mail** this 10th day of December, 2007.

*/s/ J. Ho*
JAMES C. HO, pro se

SWORN TO and subscribed before me on this 10 day of December 2007.

_Janai Scott_
Notary Public
My commission expires:

"OFFICIAL SEAL"
Janai Scott
Notary Public, State of Illinois
My Commission Exp. 05/06/2008