IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6743 |
| | ) | |
| MOTOROLA, INC., | ) | Judge Moran |
| | ) | |
| Defendant. | ) | Magistrate Judge Ashman |
| | ) | |

**PLAINTIFF'S VERIFIED MEMORANDUM IN OPPOSITION TO DEFFENDANT'S MOTION TO STAY PROCEEDINGS PENDING REASSIGNMENT AS RELATED TO ANOTHER CASE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 OR STRIKE THE EXTRANEOUS PORTIONS OF THE COMPLAINT**

Plaintiff, JAMES C. HO ("Plaintiff"), respectfully requests that the court should be refrained from ruling on any substantive motions in the case until the threshold issue of the federal court jurisdiction is resolved. On December 10, 2007, pursuant to 28 U.S.C. § 1447, Plaintiff has filed to the United States District Court for the Northern District of Illinois Eastern Division Plaintiff's Verified Motion For Remand. At least, Plaintiff respectfully requests that the Court should consider the following issues with respect to Defendant's motion:

1. Defendant has the burden of proving the existence of federal jurisdiction found on the claims of Plaintiff's complaint and so far Defendant has not met the burden to comply with Actions Removable Generally 28 U.S.C. § 1441 because Defendant did not provide the Court with accurate information that the elements of the cause of actions in Plaintiff's Complaint were neither Diversity nor Federal Question. Defendant continually provided misleading and inaccurate information regarding this case. For instance, all elements for

the cause of actions ("Breach of Contract" and "Fraud in the Inducement") were explicitly stated to be brought under the Common Law, which has nothing to do with federal jurisdiction. However, Defendant kept on using Complaint Exhibits that were written by Defendant to mislead the Court. As a matter of fact, the case in Plaintiff's complaint was neither Diversity nor Federal Question.

2. In the third paragraph of the Settlement Agreement, the second sentence states: "Motorola [defendant] agrees not to inquire into Ho's [plaintiff's] eligibility for past and continued disability benefits based upon the [discrimination and retaliation] allegations made in this [discrimination and retaliation] Lawsuit." This statement clearly and explicitly proved that plaintiff's eligibility for past and continued disability should always be based upon the [discrimination and retaliation] allegations made in this [discrimination and retaliation] Lawsuit, neither through employment nor being governed by any plan. As a matter of fact, the source of plaintiff's Complaint was the Settlement Agreement, neither employment nor any plan. Hence, there is no Federal Question case in plaintiff's Complaint.

3. At the time of Settlement Agreement, Defendant's Human Resource Director, Linda Rodina made misrepresentations about the interpretation of the third paragraph of the Settlement Agreement Please refer to Paragraphs 43 through 48 of Plaintiff's Complaint. After the Settlement Agreement was signed, Defendant made another interpretation with respect to the third paragraph of the Settlement Agreement so as to avoid paying Plaintiff's past and continued disability benefits. Hence, the basis of the cause of actions in the Complaint is not any plan but the ambiguity of the first sentence and the second sentence of the paragraph no.3 of the Settlement Agreement. In other word, the source of

the actions in the Complaint was the ambiguity of the paragraph no.3 of the Settlement Agreement, not any plan. Hence, the actions in the Complaint are not Federal Question.

4. The question of the law and facts in the Complaint were definitely different from the Class Action lawsuit because there is no Federal Question involved in Plaintiff's cause of actions. Hence, it will be unjust to reassign plaintiff's Complaint to another case.

5. All the allegations made in Plaintiff's Verified Complaint were either facts or evidences. Plaintiff's Complaint should be heard in the State Court and not in Federal District Court because there is no Federal Question involved in Plaintiff's Complaint. Hence, it will be unjust to dismiss and/or strike any portions of plaintiff's Complaint.

6. The Settlement Agreement was written by Defendant and not by Plaintiff. Defendant applied a distorted interpretation on the ambiguous sentence of the paragraph no.3 of the Settlement Agreement in order to remove the case from State Court to Federal District Court even though there is no Federal Question in Plaintiff's Complaint. It has been well said that there are certain general and fundamental maxims of the common law which control laws as well as contracts. Among these are: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes." Hence, Plaintiff respectfully requests that the Court dismiss Defendant's motions.

**WHEREFORE,** Plaintiff respectfully requests that Plaintiff's Motion For Remand ought to be granted as soon as possible because the absence of federal claims in the Complaint justifies Remand. Pursuant to 28 U.S.C. § 1447(c), an order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Respectfully submitted,

_____
**JAMES C. HO, pro se**

Dated: 12-10-2007

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Plaintiff's Verified Memorandum In Opposition to Defendant's Motion filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant


## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Memorandum In Opposition to Defendant's Motion was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **overnight mail** this 10th day of December, 2007.

_____
JAMES C. HO, pro se


SWORN TO and subscribed before me on this 10 day of December 2007.

_____
Notary Public
My commission expires:

"OFFICIAL SEAL"
Janai Scott
Notary Public, State of Illinois
My Commission Exp. 05/06/2008