**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAMES C. HO,                    )
                                     )
          Plaintiff,        )
                                     )
        v.                  )   Case No. 07 C 6743
                                     )
MOTOROLA, INC.,          )   Judge Moran
                                   )
          Defendant.    )   Magistrate Judge Ashman
                                   )
                                   )

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

      Defendant Motorola, Inc. ("Motorola"), by and through its attorneys, hereby submits its

memorandum of law in opposition to plaintiff's motion to remand.

**INTRODUCTION**

      On October 29, 2007, plaintiff filed a two-count complaint in state court, alleging

common law claims for breach of contract and fraud against Motorola.  Both claims assert

plaintiff's entitlement to benefits under Motorola's Disability Income Plan and other benefits

plans, and, for support, point to a paragraph in a settlement agreement entered into by the parties

in 2001.  Instead of supporting plaintiff's claims, however, the paragraph illustrates why this

case was properly removed to this federal court.  Titled "Coverage Under Motorola's Benefits

Plans," it states that as part of the settlement agreement, plaintiff would continue to be covered

under "Motorola's long-term disability plan and other health and benefits plans *pursuant to the

terms of the applicable plans*."  (Cmplt. Exhibit 3 ¶ 3) (emphasis added).  The Motorola plans at

issue are all subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Thus, in essence, plaintiff's claims are for benefits under several ERISA plans.

The Seventh Circuit has held that a claim which is, at its core, one for benefits under an ERISA plan falls exclusively within the purview of federal law, notwithstanding the plaintiff's framing of his claim in state, common-law terms. These claims, the Seventh Circuit has held, are so "completely preempted" by ERISA, that they may be recharacterized as federal claims and subject to removal to federal courts. There are three requirements that a claim must meet in order to be subject to this "recharacterization" to entitle a defendant to remove the case: (1) the plaintiff must be eligible to bring a suit pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a); (2) the claim must the kind of claim that can be brought pursuant to § 502(a) (*e.g.*, claims for wrongful denial of benefits); and (3) the plaintiff's claim must not be able to be resolved without an interpretation of the applicable benefits plan, which is a contract governed by federal law.

Plaintiff's breach of contract and fraud claims satisfy all three requirements. Plaintiff is a former employee of Motorola who stands to be awarded benefits under the plans if he prevails, and thus is eligible to bring a claim pursuant to § 502(a). In addition, plaintiff's claims (seeking benefits) fall squarely under ERISA's civil enforcement provision for claims for benefits, Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Lastly, plaintiff's claims cannot be resolved without interpreting the governing ERISA plans, as even the provision of the settlement agreement upon which plaintiff relies states that he is entitled to be covered under the plans only "pursuant to the terms of the applicable plans."

For these reasons, discussed in more detail below, plaintiff's complaint was properly removed to federal court as it alleges claims which are inherently federal in nature. Accordingly, the Court should deny plaintiff's motion to remand.

**FACTS**[1]

On October 29, 2007, plaintiff James C. Ho, a former Motorola employee and participant in Motorola's Disability Income Plan and other benefits plans (collectively, the "Plans"), filed a two-count complaint titled *James C. Ho v. Motorola, Inc.* in the Law Division of the Circuit Court of Cook County, Illinois, alleging common law claims for breach of contract (Count I) and "fraud in the inducement" (Count II). Motorola was served with the complaint and summons on November 1, 2007. Defendant filed its Notice of Removal with the U.S. District Court for the Northern District of Illinois and Cook County Circuit Court on November 30, 2007, and the same day, served plaintiff with a copy of the Notice via U.S. Mail.[2]

---

[1] These facts are taken in the light most favorable to the plaintiff only for the purposes of this motion.

[2] Plaintiff asserts that defendant did not comply with the procedures for removal because plaintiff allegedly did not receive the removal papers in the mail until six days after they were filed with the Court. Defendant filed the notice of removal on Friday, November 30, 2007, and that same day, filed notice of the removal with the Cook County Circuit Court and served plaintiff with a copy of the removal papers via U.S. mail. (*See* certificate of service, docket entry no. 1). Plaintiff claims he did not receive the removal papers from the United States Postal Service until the following Thursday. (*See* Pl. Motion ¶ 3). Under the Federal Rules of Civil Procedure, one proper method of service of pleadings is to mail a copy of the pleadings to the last known address of the person served. Fed. R. Civ. P. 5(b)(2)(b). Service by mail is complete on mailing. *Id.* In addition, plaintiff has not alleged that he was prejudiced in any way by the post office's delay, and, indeed, filed his motion to remand on December 10, 2007, well before the expiration of the 30 days in which he was permitted to move for remand. (*See* docket entry no. 8). Section 1446(d) requires that a defendant shall give "prompt" written notice of the removal to all adverse parties. 28 U.S.C. § 1446(d). Defendant's same-day written notice to the state court and to plaintiff clearly satisfies the "prompt" standard outlined in 28 U.S.C. § 1446(d), and plaintiff's argument to the contrary is without merit. *See Titan Finishes Corp. v. Spectrum Sales Group*, 452 F.Supp.2d 692, 695 (E.D. Mich. 2006) (finding that, pursuant to Fed. R. Civ. P. 6(a), a period of less than 11 days, excluding intermediate Saturdays, Sundays and holidays, was sufficient to satisfy "prompt" notice requirement. In this case, excluding the weekend, plaintiff received written notice of removal within 4 days); *see also L & O Partnership No. 2 v. Aetna Cas. and Sur. Co.*, 761 F.Supp. 549, 552 (N.D. Ill. 1991) ("Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the requirements of section 1446(d) are sufficiently fulfilled to effect removal."); *Green v. Praxis Partners, LLC*, No. 07-CV-301, 2007 WL 1965598, at *5 (D. Or. July 2, 2007) (unpublished cases attached hereto as Exhibit A) (finding satisfied "prompt" requirement when notice received 15 days after filing due to error in address label, no evidence of prejudice to plaintiff, and sufficient time remaining—more than 2 weeks—for plaintiff to file a motion to remand). In any event, this alleged notice issue does not affect the court's jurisdiction. *See Whitney v. Wal-Mart Stores, Inc.*, No. 04-38-P-H, 2004 WL 1941345, at *1 (D. Me. Aug. 31, 2004) (attached hereto

Plaintiff entered into a settlement agreement with Motorola on May 31, 2001, to settle a complaint for discrimination and retaliation that plaintiff had filed against Motorola in the Northern District of Illinois on May 16, 2000 (*James C. Ho v. Motorola, Inc.*, No. 00 C 2942, Manning, J.).  Throughout that litigation and settlement, plaintiff was represented by counsel.  In the instant complaint, plaintiff focuses on the interpretation of paragraph 3 of the settlement agreement:

> Coverage Under Motorola's Benefits Plans.  Ho will continue to be covered under Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans* and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits based upon the allegations made in this Lawsuit.

(Cmplt. Exhibit 2, General Release and Settlement Agreement, ¶ 3) (emphasis added).[3]

In 2002, the Motorola Disability Income Plan in which plaintiff was a participant was amended to limit long-term disability ("LTD") benefits based on mental, nervous, alcohol or drug-related ("MNAD") conditions to a total of 24 months, effective January 1, 2003.  (Cmplt. Exhibit 13, April 4, 2005 Letter).  Accordingly, and pursuant to the Motorola Disability Income Plan terms, on December 10, 2002 plaintiff was informed that his LTD benefits would terminate on December 31, 2005.  (Cmplt. Exhibit 3, December 10, 2002 Letter).

Plaintiff appealed the limitation of his LTD benefits to the Motorola Disability Income Plan.  (*See* Cmplt. Exhibits 4-12).  After a thorough review of plaintiff's claim and the settlement

---

as Exhibit A) ("None of the cases cited by the parties suggests that federal jurisdiction turns on 1446(d) as opposed to 1446(a).").

[3] By attaching the full settlement agreement as an exhibit to his complaint and filing it in state court, plaintiff is arguably in violation of paragraph 11 of the settlement agreement, in which he acknowledged that, "as a condition of the Agreement," he would not disclose, publish or otherwise communicate the terms of the settlement agreement to any person other than his tax advisor, immediate family, or if ordered by law or a court.  (Cmplt. Exhibit 2 ¶ 11).  Defendant reserves the right to address this issue in its answer to plaintiff's complaint, should one be required.

agreement, the Benefits Review Committee affirmed the denial of plaintiff's claim for extended LTD benefits.  (*Id.*).  In the letter informing plaintiff that the denial of his LTD benefits had been affirmed, the Plan Benefits Review Committee explained to plaintiff that if he "disagree[d] with the Committee's decision, [he could] bring a civil lawsuit against the Plan in Federal Court under Section 502(a) of the Employee Retirement Income Security Act."  (Cmplt. Exhibit 13).

Instead, plaintiff brought suit in state court.  In Count I of his state court complaint, plaintiff alleges that he is entitled to LTD benefits under the Plan and that the termination of LTD benefits pursuant to the terms of the Plan was a breach of the settlement agreement.  In Count II, plaintiff alleges that Motorola fraudulently induced him to enter into the settlement agreement (*id.* ¶ 9) by making representations during the settlement negotiations regarding the continuation of benefits under the Motorola Disability Income Plan.  (*See, e.g., id.* ¶¶ 27, 28, 43-46).  Plaintiff alleges that a Motorola employee represented to him that under the settlement agreement he "would continue to be covered under other health and benefits plans pursuant to the terms of the applicable plans and based upon Plaintiff's ability to demonstrate that Plaintiff was disabled," (*id.* ¶ 27), and that the Motorola employee also allegedly failed to "disclose to Plaintiff the terms of Motorola Defendant's Disability Income Plan."  (*Id.* ¶ 30; *see also id.* ¶ 29).

In plaintiff's prayer for relief he seeks, among other relief, "all lost employment benefits, retirement benefits and all other benefits Plaintiff would have received."  (*Id.* ¶ at p. 70 ¶ (v), (vi)).

Michael Marrs, on behalf of a class of plaintiffs (which includes plaintiff James Ho), filed a lawsuit in 2005 challenging the legality of the 2002 Motorola Disability Income Plan amendment limiting LTD benefits for MNAD conditions to a total of 24 months.  The case, titled *Michael Marrs et al. v. Motorola, Inc. et al.*, No. 1:05-cv-05463, is before Magistrate Judge

Susan E. Cox, and cross motions for summary judgment on the legality of the 2002 amendment are pending before the Court.  (*See, e.g.*, *Marrs*, No. 05-0563, docket entry nos. 71-101).

## ARGUMENT

I.     **PLAINTIFF'S CIVIL ACTION FOR LONG TERM DISABILITY BENEFITS UNDER THE MOTOROLA DISABILITY INCOME PLAN AND OTHER BENEFITS PLANS IS COMPLETELY PREEMPTED AND WAS PROPERLY REMOVED FROM STATE TO FEDERAL COURT.**

A.     **Civil Actions Within the Scope of ERISA's Civil Enforcement Provisions Are Completely Preempted and an Exception To The Well-Pleaded Complaint Rule.**

Plaintiff's claims for LTD benefits under the Motorola Disability Income Plan (an ERISA-governed plan) are "completely preempted" and form the basis for the federal jurisdiction upon which defendant may properly remove plaintiff's civil action to federal court. Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by a defendant to federal court if the federal court could have had original federal jurisdiction over the cause of action.  28 U.S.C. § 1441.[4]  A civil action which "arises under" federal law (referred to as "federal question" jurisdiction) is one over which the federal court has original jurisdiction, and which renders the civil action removable to federal court.  *See* 28 U.S.C. § 1331.

As plaintiff notes (Pl. Mot. ¶ 7), generally the federal question must be raised on the face of the plaintiff's "well-pleaded" complaint in order for the civil action to be removable. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Therefore, ordinarily a federal defense to a state civil action will not entitle the defendant to remove the case because the

---

[4] The Court need only find that one of plaintiff's claims is completely preempted to sustain defendant's removal of plaintiff's complaint, as the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims that, as would be here, "are so related to [the federal] claims . . . that they form part of the same case or controversy."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166-67 (1997).

defense, although rooted in federal law, does not appear on the face of the plaintiff's well-pleaded complaint.  This is referred to as the "well-pleaded complaint" rule.

There is, however, an exception to this rule, known as "complete" preemption.[5]  That is, "Congress may so completely pre-empt a particular area that *any* civil complaint raising this select group of claims is necessarily federal in character."  *Id.* at 63-64 (emphasis added).  The Seventh Circuit has held that claims which could have been brought pursuant to the civil enforcement provisions of ERISA § 502(a) are one such group of "necessarily federal" claims.  *Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995).  "[A]ny state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  Therefore, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."  *Davila*, 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 66).

> **B.    Plaintiff's Complaint Need Not Describe His Claims for Benefits As Federal In Order To Come Within the Complete Preemption Power of ERISA.**

It bears noting that a cause of action filed in state court that comes within the scope of the enforcement provisions of § 502(a) is removable to federal court even where (as here) the complaint does not on its face allege that it arises under ERISA.  "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Davila*, 542 U.S. at 209.  Therefore, even though plaintiff phrases his claims in state law terms, his claims are still "federal in character" and

---

[5] "Conflict" preemption, on the other hand, is not an exception to the "well-pleaded complaint" rule and does not provide the basis for a defendant to remove the state court civil action to federal court.  *See Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir. 1997).

removable to federal court. In short, "[a] plaintiff cannot avoid complete preemption, and thereby 'deny a defendant access to federal court if the actual nature of the complaint is federal.'" *Jass*, 88 F.3d at 1488; *see also Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) ("Because ERISA displaces all state law within its scope, such a case necessarily arises under federal law, namely under ERISA, and so is removable despite the complaint's reticence.").[6]

**C.    Under the Test Set Forth By the Seventh Circuit, Plaintiff's Claims Clearly Fall Within the Scope of ERISA § 502(a) and are Thus Completely Preempted and Properly Removed to This Federal Court.**

The Seventh Circuit has developed a three-factor test to determine whether a plaintiff's claims could have been brought pursuant to Section 502(a) of ERISA. "When all three factors are present, the state law claim is properly characterized as an ERISA claim under § 502(a)." *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000). First, the court must consider whether the plaintiff is eligible to bring a claim under Section 502(a). *Moran*, 230 F.3d at 967; *Jass*, 88 F.3d at 1486. Second, the court must determine "whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a)." *Moran*, 230 F.3d at 967. Third, the court must consider "whether the plaintiff's state law claim

---

[6] Plaintiff is incorrect in his assertion that "upholding the Notice of Removal would mean ruling in favor of Defendant's interpretation with regard to the proper interpretation of the ambiguous sentence in the paragraph no. 3 of the Settlement Agreement," and "would also mean that proper interpretation of the ambiguous sentence was decided by the Court in favor of Defendant without any trial by jury even though Plaintiff has demanded the trial of the Case by jury." (Pl. Mot. ¶ 6). Rather, denying plaintiff's motion for remand recognizes simply that this Court has jurisdiction to hear this civil action. *See Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co.*, 126 F.3d 61, 69 (2d Cir. 1997) (in holding that the plaintiff's state law claims were within the scope of § 502(a) because they aimed to redress, through other means, violations of rules that § 502(a) is designed to enforce, the Second Circuit noted that "[a] suit need not be a cognizable, winning claim under § 502(a) in order to fall 'within the scope' of the provision for purposes of the jurisdiction analysis"); *see also Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006) ("Although [plaintiffs] only describe a claim under ERISA in cursory fashion, they do invoke federal jurisdiction on this basis. Even if the complaint may fail to state a claim upon which relief may be granted, the court has subject matter jurisdiction over the disposition of the ERISA claim."); *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 517 (6th Cir. 2006) ("[A] federal court has subject-matter jurisdiction, even if the plaintiff is unable to state a claim upon which relief can be granted.").

cannot be resolved without an interpretation of the contract governed by federal law." *Id.* When put to this test, plaintiff's claims clearly fall within the scope of Section 502(a) of ERISA and are thus completely preempted and properly removed to federal court.

The civil enforcement provision which guides this analysis is ERISA § 502(a), which provides, in pertinent part:

> **§ 1132  Civil Enforcement**
>
> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
>> (1) by a participant or beneficiary—
>>
>>> . . .
>>>
>>> (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>>
>> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>>
>> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
>
>> . . .

29 U.S.C. § 1132(a).  We examine plaintiff's claims in light of the three factors in turn below.

1.    <u>Plaintiff is eligible to maintain a suit under ERISA § 502(a) as a "participant."</u>

Plaintiff, a former Motorola employee who, if he were to win his case, would receive LTD and other benefits under the Plans, is a "participant" eligible to maintain a suit under ERISA § 502(a).  The Seventh Circuit recently addressed the issue of whether a former employee who was no longer technically a participant in a plan could still maintain a suit against a fiduciary for benefits under ERISA, notwithstanding his status as a *former*, not current, participant.  The Seventh Circuit concluded that the plaintiff could maintain the suit, reasoning

that "the question comes down to whether, if the plaintiffs win their case by obtaining a money judgment against [the defendant], the receipt of that money will constitute the receipt of a plan benefit. . . . Because [the plaintiff] is a former employee eligible to receive a benefit, he can maintain the suit under section 502(a) of ERISA." *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007).

As noted, plaintiff is a former Motorola employee who is seeking LTD benefits and other benefits under the Plans. Specifically, his prayer for relief seeks "all lost employment benefits, retirement benefits and all other benefits Plaintiff would have received." (*Id.* ¶ at p. 70 ¶ (v), (vi)). Were he to win his case, plaintiff would be awarded a plan benefit—LTD and other benefits under the Plans—and therefore, meets the definition of a "participant" who may bring suit under ERISA § 502(a). The first prong of the test is met.

> 2.   Plaintiff's claims—for LTD and other benefits under ERISA-governed plans—fall within the scope of an ERISA provision that plaintiff could enforce via Section 502(a).

Plaintiff attempts to characterize his civil action as arising solely from the terms of the settlement agreement. At its core, however, his civil action seeks to recover LTD and other benefits under the Plans. (*See* Pl. Mot. ¶ 4). Indeed, the key provision plaintiff points to in support of both his breach of contract and fraud claims concerns "Coverage Under Motorola's Benefits Plans," and provides that he would "continue to be covered under Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans* and based upon his ability to demonstrate that he is disabled." (Cmplt. Exhibit 2 ¶ 3). Therefore, plaintiff's claim for benefits arises from the terms of the applicable plans—not the settlement agreement.

Similarly, in *Murphy v. Reliance Standard Life Insurance Company*, the plaintiff "couch[ed] his claims in terms of seeking enforcement of a settlement agreement," while

simultaneously seeking a declaration from the court that he was entitled to a certain amount of long term disability benefits.  No. 04 C 1751, 2004 WL 2191610, at *3 (N.D. Ill. Sept. 27, 2004) (unpublished cases attached hereto as Exhibit A).  The court concluded that the plaintiff's claims were completely preempted because the plaintiff "in essence, [sought] to recover the long term disability benefits that he believes are owed to him, or, at the very least, to clarify his rights to the amount of long term disability benefits to which he is entitled."  *Id.* at *4.

Here, just as in *Murphy*, "[a]t its most basic level," plaintiff's suit challenges the Plan's administration of long term disability benefits under an ERISA plan.  *Id.*  Plaintiff seeks LTD and other benefits, available only under Motorola's benefits plans.  At the very least, plaintiff seeks to clarify his rights to the amount of LTD benefits to which he is entitled, and/or to assert that he was promised additional benefits beyond what is outlined in the terms of the Plan.  Accordingly, plaintiff could bring a claim for benefits pursuant to Section 502(a)(1)(B).

        3.    <u>Plaintiff's claims are completely preempted because they cannot be decided without an interpretation of the governing contracts governed by federal law – the benefits plans.</u>

Moreover, because the settlement agreement itself indicates that plaintiff would be covered and paid benefits under the benefits plans "pursuant to the terms of the applicable plans"[7] (Cmplt. Exhibit 2 ¶ 3), the Court would necessarily be required to examine and interpret the plans in order to determine not only the benefits to which plaintiff is entitled, but whether he is entitled to benefits at all, because the settlement agreement would only be breached if the applicable plan terms would otherwise call for him to receive a benefit.  Such plan terms include

---

[7] Plaintiff attempts to argue that the resolution of his claims will not require interpretation of what he seemingly recognizes to be an ERISA plan by asserting that the settlement agreement provides that "Plaintiff's eligibility for LTD must not be inquired by Defendant forever after the Settlement was signed by Defendant.  In other words, no plan should govern Plaintiff's eligibility for LTD."  (Pl. Mot. ¶ 4).  Plaintiff misstates the settlement agreement, which actually provides that he would continue to be covered under Motorola's benefits plans "*pursuant to the terms of the applicable plans*," and, thus, the applicable plan clearly would govern plaintiff's eligibility for LTD and other benefits.

whether a participant meets the Plan's standard for "disability," which would require this Court to engage in the inquiry properly left to the Plan Administrator. The Court could not resolve plaintiff's state law claims "without an interpretation of the contract governed by federal law"— the relevant plan—so the third and final prong of the test is met. *Murphy.*, 2004 WL 2191610, at *3.

In *Murphy*, the court noted that the settlement agreement upon which the plaintiff based his common law claims did not define the amount of the benefit that the plaintiff was to receive. 2004 WL 2191610, at *4. Instead, it was necessary to consult the terms of the plan to determine the amount of LTD benefits to which the plaintiff was entitled. *Id.* The court reasoned that "[i]t is the plan, and not the agreement between the parties, that defines the manner in which [the plaintiff]'s monthly disability benefit is calculated." *Id.* The court concluded that the plaintiff's claims were "more properly characterized as a denial of benefits claims under Section 502(a), and removal of this action from state court was proper." *Id.*

Here, too, "it is the plan, and not the agreement between the parties, that defines the manner in which" plaintiff's benefits will be calculated. Thus, the complaint raises a federal question suitable for removal to federal court for federal court review.

**CONCLUSION**

Defendant respectfully requests that the Court deny plaintiff's motion to remand.

Respectfully submitted,

MOTOROLA, INC.


By:  _____s/Ada Dolph_____
                        One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000


January 9, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Memorandum of Law In Opposition To Plaintiff's Motion to Remand** was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **U.S. Mail** this 9th day of January, 2008.

s/Ada W. Dolph
Ada W. Dolph

CH1 11387913.3