# EXHIBIT A

Case 1:07-cv-06743   Document 17-2   Filed 01/09/2008   Page 1 of 12

**Westlaw.**

Slip Copy                                                                                                                        Page 1
Slip Copy, 2007 WL 1965598 (D.Or.)
**(Cite as: Slip Copy)**

Green v. Praxis Partners, LLC
D.Or.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Oregon.
Ava GREEN, Plaintiff,
v.
PRAXIS PARTNERS, LLC and Block 14 Limited Partnership doing business as The Sitka Apartments, and Bowen Property Management Co., Defendants.
**No. 07-CV-301-HU.**

July 2, 2007.

Sean Hartfield, Hartfield Law Offices PC, Portland, OR, for Plaintiff.
Roman Hernandez, Schwabe, Williamson & Wyatt, Portland, OR, for Defendants Praxis Partners, LLC and Block 14 Limited Partnership.
Richard J. Whittemore, Dain Paulson, Bullivant Houser Bailey, PC, Portland, OR, for Defendant Bowen Property Management Co.

**ORDER**
BROWN, Judge.
**\*1** Magistrate Judge Dennis J. Hubel issued Findings and Recommendation (# 15) on May 11, 2007, in which he recommended this Court deny Plaintiff's Motion to Remand (# 9). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo.* Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.1983).*See also* Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1206 (8th Cir.1983). Having reviewed the legal principles *de novo,* the Court does not find any error.

**CONCLUSION**

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (# 9) and, accordingly, **DENIES** Plaintiff's Motion to Remand (# 9).

IT IS SO ORDERED.

**FINDINGS & RECOMMENDATION**
HUBEL, Magistrate Judge.
Plaintiff Ava Green filed this discrimination action against defendants Praxis Partners, LLC, Block 14 Limited Partnership, and Bowen Property Management Company, in Multnomah County Circuit Court. Defendants timely removed the case to this Court.

Plaintiff moves to remand the case back to state court. I recommend that the motion be denied.

BACKGROUND

Defendants' Notice of Removal was filed in this Court on March 1, 2007. Dkt # 1. On that same date, defense counsel mailed a copy of the Notice of Removal and supporting documentation to plaintiff's counsel. Whittemore Declr. at ¶ 4; Exh. E to Whittemore Declr. (copy of cover letter). The inside address for plaintiff's counsel listed on the cover letter correctly showed "6021 NE MLK Jr. Blvd" as the mailing address. Exh. E to Whittemore Declr. Defense counsel previously had mailed correspondence to Hartfield at that address. Exh. A to Whittemore Declr. (February 1, 2007 letter from Whittemore to Hartfield).

The certificate of service accompanying the Notice of Removal shows that on March 1, 2007, it was served on plaintiff's counsel via regular United States mail at "6021 *NW* MLK Jr. Blvd." (emphasis added). Plaintiff's counsel contends that the materials were misaddressed by the mistaken use of "NW" instead of "NE" preceding "MLK Jr. Blvd." on the address label of the package. Plaintiff's counsel contends that the packet of material was not delivered to him until March 16, 2007.

This Court maintains an electronic docketing system referred to as "CM/ECF." Local Rule 100.2(a) requires lawyers admitted to the bar of this Court to be registered users of the CM/ECF system, and to maintain a current CM/ECF email account sufficient to receive service of electronic filings and court notices.

Although CM/ECF requires many court documents to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

be filed electronically, initiating case papers must be filed conventionally. L.R. 100.4(e)(1). The docket entry for the Notice of Removal shows that the papers were conventionally filed because the entry bears the initials "ecp" which are those of my Docket Clerk. Court filings electronically filed by counsel bear the filer's name in parentheses at the end of the docket entry.

**\*2** Because the initiating case papers, e.g. the Notice of Removal and its supporting documents, were conventionally filed, defense counsel was required to perfect conventional service in any manner permitted by the Federal Rules of Civil Procedure. L.R. 100.7(b). I assume this is what counsel did in mailing the materials to plaintiff's counsel via regular United States mail, albeit with an alleged error in the address.

Although conventional service was used in this case for the Notice of Removal, the CM/ECF system nonetheless generated a "Notice of Electronic Filing." *See* L.R. 100.7(a). The Notice of Electronic Filing generated by the system in this case was electronically sent to all counsel: Hartfield, Hernandez, Paulson, and Whittemore, on March 2, 2007 at 1:57 p.m. Exh. C to Whittemore Declr. The Notice included the case name and number, the party which did the filing, the document number that was filed, and the text of the docket entry which in this case reads: "Notice of Removal of Case Number 9701-00165 from Multnomah County Circuit Court. Filing Fee in amount of $350 collected. Receipt No. 14208 issued. Filed by Bowen Property Management Co. against Ava Green (ecp) [.]"*Id.*It also contains a message that viewing of the filed document is allowed once without charge and to avoid later charges, the viewer should download a copy of each document during first viewing. *Id.* The filed document is available for viewing and printing via a hyperlink provided in the Notice of Electronic filing. *Id.*

### STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed"). Furthermore, "[a]ny civil action of which the district courts have [federal question jurisdiction] shall be removable without regard to the citizenship or residence of the parties."28 U.S.C. § 1441(b).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."*Prize Frize, Inc. v. Matrix (U.S.), Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999), *overruled on other grounds, Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th Cir.2006). Additionally, the defendant has the burden of showing that it has complied with the procedural requirements for removal. *Schwartz v. FHP Int'l Corp.,* 947 F.Supp. 1354, 1360 (D.Ariz.1996).

Remand is governed by 28 U.S.C. § 1447(c) which provides, in pertinent part, that
[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

**\*3**28 U.S.C. § 1447(c).

### DISCUSSION

The issue raised by the motion to remand is whether defendant complied with its obligation to "promptly" give written notice of the removal to all adverse parties as established in 28 U.S.C. § 1446(d). Plaintiff argues that the Notice of Removal is "defective on its face" because of the alleged error of address on the mailing label of the packet sent on March 1, 2007 by defense counsel to plaintiff's counsel. Plaintiff further argues that the two-week delay caused by the allegedly defective notice was unreasonable. Thus, plaintiff argues, the case must be remanded to state court.

I disagree. First, plaintiff provides no independent factual support for the allegations contained in her counsel's memorandum that the address label

contained the "NW MLK Jr. Blvd" address error, or that plaintiff's counsel's office received the packet on March 16, 2007. While Federal Rule of Civil Procedure 11(b)(3) provides that by presenting factual allegations and contentions in a submission, the attorney certifies that to the best of the attorney's knowledge, information, and belief, those allegations and contentions have evidentiary support, plaintiff's counsel could have submitted as an exhibit to the motion, a copy of the address label from the packet and perhaps a date-stamped copy of the Notice of Removal received on March 16, 2007. Alternatively, plaintiff's counsel could have submitted an affidavit or declaration reciting the pertinent facts, based on personal knowledge.

Defendants dispute that the address label contained the error. Defendants, relying on declarations from staff at the Bullivant Houser Bailey law firm, describe the system maintained by Bullivant Houser Bailey for addresses of opposing counsel and how the legal assistant in this case accessed that system for the cover letter and the address label. No Lam Declr. at ¶¶ 3, 4; Amber Senger Declr. at ¶¶ 3, 4, 5. Because the cover letter contained the correct address for plaintiff's counsel, defendants maintain that the address label must have as well. Lam Declr. at ¶ 5; Senger Declr. at ¶¶ 5, 6. The legal assistant further describes that she manually typed the address for the certificate of service appended to the Notice of Removal filing, and she made an error in that address. Senger Declr. at ¶¶ 8, 9, 10. But, she states, the error was limited to the manually typed address in the certificate of service and was not contained in the cover letter or address label where the addresses were automatically populated into the documents from the firm's database.*Id.* at ¶¶ 5, 6, 8, 9, 11.

Given the disputed facts, it would have been prudent for plaintiff to have submitted evidentiary support for her motion. However, for the purposes of this motion, I accept her counsel's representation that the packet mailed to plaintiff's counsel on March 1, 2007, containing the written Notice of Removal and its attachments, was misaddressed and was not delivered to plaintiff's counsel until March 16, 2007.

**\*4** The question then is whether this can be considered "prompt" provision of written notice as required by section 1446(d).

The parties cite no relevant Ninth Circuit cases and I have found none. Recent cases suggest that the court should examine whether defendants made a good faith effort to give notice and whether the plaintiff suffered prejudice as a result of a failure of notice. For example, in Titan Finishes Corp. v. Spectrum Sales Group, 452 F.Supp.2d 692 (E.D.Mich.2006), the court found that the defendant complied with section 1446(d) when it filed its notice of removal on May 19, 2006, sent plaintiff's counsel an email and voice mail on May 22, 2006, and when plaintiff received written notice on May 23, 2006.*Id.* at 695-96.

The *Titan* court cited favorably from an earlier Eastern District of Michigan case which denied the plaintiff's motion to remand where the plaintiff received oral notice 10 calendar days after the filing of the notice of removal and written notice within 13 calendar days. *Id.* (citing Alpena Power Co. v. Utility Workers Un. of Am., Local 286, 674 F.Supp. 1286 (E.D.Mich.1987)).

In a 2006 Ohio case, the court denied a motion to remand when the defendants had mailed the notice of removal to the plaintiff's attorney at the address listed in the summons, which was different than the address listed in the complaint. Alston v. Sofa Express, Inc., No. 2:06-cv-491, 2006 WL 3331685 (S.D.Ohio 2006). The court rejected the plaintiff's argument for a strict reading of the statute and instead followed authority recognizing that when there is a good faith effort to give notice and when the plaintiff suffers no prejudice as a result of the failure to give notice, the requirements of section 1446(d) are met. *Id.* at \*2.

The court concluded that the defendants had made a good faith effort to provide notice because although a more careful review of the summons and complaint would have revealed the conflicting addresses for plaintiff's counsel, reliance on the summons accompanying the complaint was not unreasonable. *Id.* at \*3. Furthermore, it was plaintiff who had provided the inconsistent addresses. Additionally, as soon as the mistake was discovered, necessary steps were taken to cure the problem and provide the written notice required. *Id.* The court observed that plaintiff's counsel filed a *pro hac vice* motion just nine days after the notice of removal was filed and only sixteen days after the defendants were served with the summons and complaint.*Id.*

Other courts have reached similar conclusions. *E.g.,* Arnold v. CSX Hotels, Inc., 212 F.Supp.2d 634 (S.D.W.Va.2002) (motion to remand denied when

original mailing of Notice of Removal to plaintiff's counsel was inexplicably never delivered, but plaintiff's counsel learned of removal seven days later when it received a copy of defendant's answer showing the action was pending in federal court and defendant's counsel promptly mailed another copy of the notice of removal upon learning of the problem), *aff'd,* 112 Fed. Appx. 890 (4th Cir.2004); *Calderon v. Pathmark Stores, Inc.,* 101 F.Supp.2d 246 (S.D.N.Y.2000) (where the delay was relatively short and no action was taken by the state court between the time of removal and the giving of notice, the defect was harmless and created no basis for remand).

**\*5** The only contrary case of note is cited by plaintiff. In *Coletti v. Ovaltine Food Prods.,* 274 F.Supp. 719 (D.C.P.R.1967), the court held that a five-day delay in receiving the written notification required by the removal statute, justified remanding the action back to state court. *Id.* at 723. I agree with defendants that *Coletti* appears to be the most strict application of the "prompt notice" rule.

Unlike the more recent cases cited above, the *Coletti* court failed to provide any basis for its decision other than to say that because the plaintiff did not promptly receive the written notification required by law, the unnecessary five-day delay in notifying the plaintiff of the filing of the petition for removal was sufficient to order the case remanded to state court.*Id.* The court's discussion assumes, without discussion, that a five-day delay was, in fact, not prompt notice. It also fails to discuss what effect or prejudice was caused by the delay.

I reject *Coletti* as the most persuasive authority and instead rely on those cases which examine the good faith of the defendant and the prejudice caused to the plaintiff. Rather than the "strict liability" type of analysis in *Coletti,* the analysis adopted by the more recent cases allows for examination of the defendant's actions, the errors sometimes created by the postal service (e.g., *Arnold* ), the impact on the plaintiff, and other relevant factors.

Looking at the record in this case, I conclude that defendants acted in good faith by relying on the system described by the Bullivant Houser Bailey employees for addressing correspondence, certificates of service, and mailing labels. If there was in fact an error in the mailing label, it occurred as a result of an innocent typographical error.

There is also no evidence of any prejudice caused to plaintiff. It is relevant to note that while plaintiff's counsel did not allegedly receive the packet of written materials in the mail until March 16, 2007, plaintiff's counsel was electronically notified of the filing on March 2, 2007, by this Court's CM/ECF system. Importantly, that electronic notification allowed plaintiff's counsel to access the filed documents immediately.

Finally, even assuming plaintiff's counsel received no notice of any kind before receiving the packet of written materials on March 16, 2007, plaintiff still had more than two weeks to file a motion to remand based on any other defect.[FN1] Plaintiff's original motion to remand based on the failure of defendants to promptly notify plaintiff of the filing of the Notice of Removal, was not filed until April 5, 2007.[FN2] Plaintiff did not contend that it was untimely due to the alleged delayed receipt of the written notification of the Notice of Removal. Plaintiff offered no explanation whatsoever of why the original motion was untimely. Plaintiff still offers no evidence of any prejudice caused by any delay in receipt of the Notice of Removal. Accordingly, the motion to remand should be denied.

> [FN1]. Under 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). The filing here occurred on March 1, 2007. March 31, 2007, thirty days following March 1, 2007, was a Saturday, making the deadline for any motion to remand not attacking a lack of subject matter jurisdiction, due the following Monday, April 2, 2007. Fed.R.Civ.P. 6(a).

> [FN2]. I denied that motion *sua sponte* because plaintiff failed to support the motion with a memorandum as required by Local Rule 7.1(c). Plaintiff re-filed the motion, with a supporting memorandum, on April 17, 2007.

CONCLUSION

**\*6** Plaintiff's motion to remand (# 9) should be denied.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2007 WL 1965598 (D.Or.)  
**(Cite as: Slip Copy)**

Page 5

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 29, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due June 12, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

D.Or.,2007.
Green v. Praxis Partners, LLC
Slip Copy, 2007 WL 1965598 (D.Or.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                     Page 1
Not Reported in F.Supp.2d, 2004 WL 1941345 (D.Me.)
**(Cite as: Not Reported in F.Supp.2d)**

Whitney v. Wal-Mart Stores, Inc.
D.Me.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Maine.
Stanley WHITNEY, Plaintiff,
v.
WAL-MART STORES, INC., Defendant.
**No. Civ.04-38-P-H.**

Aug. 31, 2004.

Curtis Webber, Linnell, Choate & Webber, LLP, Auburn, ME, Lead Attorney, Attorney to be Noticed, for Stanley Whitney, Plaintiff.
Mark V Franco, Thompson & Bowie, Portland, ME, Lead Attorney, Attorney to be Noticed, Lisa Fitzgibbon Bendetson, Thompson & Bowie, Portland, ME, Attorney to be Noticed, for Wal-Mart Stores Incorporated, Defendant.
John P. Gause, Disability Rights Center, Augusta, ME, Attorney to be Noticed, for Disability Rights Center Inc, Disability Rights Center, Amicus.

RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION
KRAVCHUK, Magistrate J.
***1** Plaintiff Stanley Whitney sued Wal-Mart Stores in Maine Superior Court for alleged violations of the Maine Human Rights Act. Whitney filed his state court complaint in January 2004. Wal-Mart filed in this court a timely notice of removal based on diversity of citizenship. However, Wal-Mart failed to promptly file a copy of the notice in the Superior Court. On July 16, 2004, roughly contemporaneously with the close of discovery in this matter, the Superior Court entered a routine scheduling order, thereby alerting the parties to the fact that the Superior Court was not on notice of the removal petition. Realizing that the notice of removal had not been properly filed in the state court, Wal-Mart immediately filed a copy of the notice of removal in the Superior Court. (Docket No. 16, Attach. 2.) [FN1] Whitney, on the other hand, filed a motion to dismiss his case based on a lack of jurisdiction, evidently due to concern over his ability to contact or otherwise rely on one of his designated experts. (Docket No. 16, Attach. 5.) As of this date, the Superior Court's docket reflects the following "finding," dated July 20, 2004: "Removal to Federal Court Entered on 7/20/2004."

> FN1. According to Linda B. Benjamin, a paralegal at the lawfirm of Thompson & Bowie, LLP, she visited the Superior Court clerk's office on February 12, 2004, in order to obtain a certified copy of that court's docket and informed personnel at the office that the matter would be removed to federal court. (Aff. of Linda B. Benjamin, Docket No. 16, Attach. 4.)

There is no suggestion in Whitney's motion that jurisdiction would not be properly exercised in this court based on the parties' diversity and the amount in controversy. The only issue is whether Wal-Mart's failure to file a copy of the notice in the state court deprives this court of the power to proceed to a final disposition. Pursuant to 28 U.S.C. § 1446, a defendant desiring to remove a civil action from state court to federal court must timely file a notice of removal in the federal district court in which the state action is pending, together with a copy of all process, pleadings and papers served on the defendant in the state action. 28 U.S.C. § 1446(a) & (b). Thereafter, the defendant must "promptly" provide adverse parties with written notice of the removal and file in the state court a copy of the notice. *Id.*, § 1446(d). According to the removal statute, it is the provision of notice to adverse parties and the filing of a copy of the notice in the state court "which shall effect removal and the State court shall proceed no further unless and until the case is remanded."*Id.*

Although it cannot reasonably be said that Wal-Mart's roughly six-month delay in filing a copy of the notice of removal in the Superior Court was prompt, it is apparent that federal jurisdiction exists and that the purpose of the removal statute has not been thwarted in this case. None of the cases cited by the parties suggests that federal jurisdiction turns on 1446(d) as opposed to 1446(a).*See,e.g.,Mfrs. & Traders Trust Co. v. Hartford Accident & Indem. Co., 434 F.Supp. 1053, 1055 (W.D.N.Y.1977)* ("[T]he filing of a copy of the petition for removal is a procedural and ministerial act, failure of which does not defeat the federal court's jurisdiction."). To the contrary, federal jurisdiction arises upon the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2004 WL 1941345 (D.Me.)
**(Cite as: Not Reported in F.Supp.2d)**

defendant's compliance with 1446(a) & (b). *Berberian v. Gibney,* 514 F.2d 790, 792-93 (1st Cir.1975) ("[W]e are inclined to agree with Professor Moore, that the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed."). *See also Parker v. Malone,* 2004 WL 190430, *2, 2004 U.S. Dist. LEXIS 1096, *7 (W.D.Va. Jan. 15, 2004) ("[F]ederal jurisdiction commences when the defendant files the notice of removal with the district court, and filing the notice with the state clerk affects the state's jurisdiction rather than federal jurisdiction.") (citing cases); 14C Charles Alan Wright et al., Federal Practice & Procedure § 3736 (1998) ("The filing of a copy of the notice of removal in the state court is a procedural and ministerial act and a number of federal courts have held that a failure to do so will not defeat the district court's subject matter jurisdiction.").

**\*2** As for the statutory purpose, the requirement that defendants promptly file a copy of the notice with the state court is designed to avoid duplicative labor and possible inconsistent results by bringing an end to the state court's exercise of concurrent jurisdiction. *See Berberian,* 514 F.2d at 792-93; *Delavigne v. Delavigne,* 530 F.2d 598, 601 n. 5 (4th Cir.1976); *Hampton v. Union Pac. R.R.,* 81 F.Supp.2d 703, 705 (E.D.Tex.1999). It is apparent here that the Superior Court has not engaged in any proceedings and merely issued a preliminary scheduling order. Perhaps more importantly, the Superior Court's docket reflects a willingness to cede jurisdiction to the federal court. Thus, the purpose of the removal statute is not undermined in any way by this court's exercise of jurisdiction.[FN2] Under these circumstances, I RECOMMEND that the court DENY the plaintiff's motion and proceed to judgment in this matter.

> FN2. Theoretically, Wal-Mart's failure to promptly file a copy of the notice with the state court might permit that court to proceed with the case, given its concurrent jurisdiction, since the state court's jurisdiction was not properly extinguished, but any concerns that might arise under such circumstances are not present in light of the Superior Court's July 20, 2004, docket entry to the effect that it does not intend to proceed with the matter.

*NOTICE*

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.
Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

D.Me.,2004.
Whitney v. Wal-Mart Stores, Inc.
Not Reported in F.Supp.2d, 2004 WL 1941345 (D.Me.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw**

Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2004 WL 2191610 (N.D.Ill.), 34 Employee Benefits Cas. 1925
**(Cite as: Not Reported in F.Supp.2d)**

Murphy v. Reliance Standard Life Ins. Co.
N.D.Ill.,2004.

United States District Court,N.D. Illinois, Eastern Division.
Dennis B. MURPHY, M.D., Plaintiff,
v.
RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant.
**No. 04 C 1751.**

Sept. 27, 2004.

Daniel P. Albers, David T. Ballard, Barnes & Thornburg LLP, Chicago, IL, for Plaintiff.
Joseph Stalmack, Joseph Stalmack & Associates, P.C., Hammond, IN, for Defendant.

*MEMORANDUM OPINION AND ORDER*
LEFKOW, J.
**\*1** This case is before the court on two related motions. Plaintiff, Dennis B. Murphy, M.D. ("Murphy"), filed a motion to remand this matter to the Circuit Court of Kane County, Illinois ("the state court"), contending that his complaint states claims arising only under Illinois law, and, therefore, removal to this court was improper. Defendant, Reliance Standard Life Insurance Company ("Reliance"), filed a motion to dismiss Murphy's complaint on the ground that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, preempts Murphy's claims.

On February 25, 2004, Murphy filed a three-count complaint against Reliance in the state court. According to the complaint, Reliance breached a settlement agreement to which both parties had agreed in order to resolve an earlier lawsuit filed by Murphy against Reliance pursuant to ERISA. Reliance timely removed the case to this court on the basis of federal question jurisdiction and then moved to dismiss the complaint. Murphy subsequently moved to remand the action. For the reasons stated herein, the court denies Murphy's motion to remand [# 4] and grants Reliance's motion to dismiss [# 2] without prejudice to Murphy's filing an amended complaint.

BACKGROUND

After suffering a massive heart attack, Murphy filed a claim for long term disability benefits with Reliance. Reliance denied Murphy's claim and his subsequent administrative appeal, finding him ineligible because he was not totally disabled within the meaning of the insurance plan. Murphy then filed suit against Reliance in this court, Case Number 01 C 5149 ("the previous law suit"), contending that Reliance's denial of his claim for long term disability benefits violated ERISA. Neither party disputes that Murphy's claims in the previous lawsuit were governed by ERISA. (Pl. Exhibit B at ¶¶ 3, 22; Def. Memorandum in Opposition, P. 2).

The parties ultimately resolved the previous lawsuit by reaching an agreement that Reliance would pay Murphy a past total disability payment of $69,149.45, place Murphy on long term disability at a gross monthly benefit of $5,762.46, [FN1] starting immediately and with a waiver of disability insurance premiums going forward, and continue Murphy's long term disability payments unless Reliance made a determination pursuant to the terms of the policy that Murphy was no longer disabled. As part of the agreement, Murphy dismissed his complaint against Reliance with the parties bearing their own costs and attorney's fees. The parties, however, dispute whether this agreement is a "settlement agreement." In his complaint in the present matter, Murphy states that his settlement proposals of September 6, 2001 and November 6, 2001 to Reliance and Reliance's response of November 7, 2001 created a binding contract that constituted a settlement of his claims in the earlier lawsuit. (Pl. Complaint at ¶ 24). Reliance disputes that a settlement agreement was ever reached, contending that Reliance instead approved Murphy's claim for benefits and Murphy dismissed the lawsuit. (Def. Memorandum in Opposition, P. 2).

> FN1. Plaintiff's complaint and motion to remand refer to the gross monthly benefit amount as $5,760.46. However, the exhibits attached to Plaintiff's motion to remand show that the amount paid in gross monthly benefits was $5,762.46. (Pl. Exhibits H, I, J, K, L).

**\*2** In either event, from November 2001 until

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 2191610 (N.D.Ill.), 34 Employee Benefits Cas. 1925
**(Cite as: Not Reported in F.Supp.2d)**

November 2003, Reliance paid $5,762.46 in monthly long term disability benefits to Murphy. In November of 2003, however, Reliance claimed a "rehabilitation offset" of $2,564.31 from Murphy's $5,762.46 long term disability payment. Reliance also informed Murphy that he owed Reliance approximately $70,000 in previous rehabilitation offsets because Murphy had returned to work on a part-time basis in November of 2000. The parties continued to dispute the propriety of rehabilitative offsets and their amount, with Murphy contending that even if Reliance had an offset right under the terms of the disability insurance policy, which Murphy argues it did not by the terms of their agreement, Reliance improperly offset $62,224.00 from Murphy's long term disability payments. Murphy then sued in state court ("the pending law suit") for breach of contract and bad faith conduct, seeking a declaratory judgment that Reliance breached the agreement reached in the previous lawsuit and a preliminary injunction enjoining Reliance from continuing to breach the agreement.

*DISCUSSION*

The motions before the court raise two related issues: whether removal of Murphy's complaint was proper, and whether ERISA preempts Murphy's state law claims. Resolving one issue also resolves the other. If ERISA completely preempts Murphy's state law claims, then removal was proper. If Murphy's state law claims are not preempted by ERISA, then removal was improper and this court must remand the action to state court.

Under 28 U.S.C. § 1441(b), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." One type of civil action that is removable is a "federal question" case-that is, one "arising under the Constitution, laws, or treaties of the United States."28 U.S.C. § 1331.

Federal question jurisdiction is normally determined by reference to the plaintiff's well-pleaded complaint to see if it raises issues of federal law.*Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). The "well-pleaded complaint" rule allows the adjudication of cases in federal court only if the allegations in the plaintiff's complaint establish issues of federal law. Federal issues that arise solely as defenses to state law claims do not confer federal jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Instead, "[t]he issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation."*Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482 at 1486 (7th Cir.1996).

The Supreme Court has created an exception to the "well-pleaded complaint" rule called the "complete preemption" or "implied preemption" doctrine.[FN2]*Speciale v. Seybold,* 147 F.3d 612, 615 (7th Cir.1998)(citing *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). Complete preemption allows a plaintiff's state law claim to be recharacterized as a federal claim so that removal is proper. *Id.* (citing *Lister v. Stark,* 890 F.2d 941, 943 (7th Cir.1989)). The intent of Congress determines whether or not a cause of action has been completely preempted.*Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 at 66, 107 S.Ct. 1542 at 1547-48, 95 L.Ed.2d 55 (1987)). In *Taylor,* the Supreme Court extended the "complete preemption" exception to ERISA cases. *Jass,* 88 F.3d at 1487. Following *Taylor,* the Seventh Circuit held that cases within the scope of Section 502(a) of ERISA are completely preempted.[FN3]*Rice,* 65 F.3d at 639-40.

> FN2. Complete preemption, which is the issue here, is distinct from conflict preemption, on which the parties have relied for some of their authority. Conflict preemption, which is based on Section 514(a) of ERISA, "serves as a defense to state law action but does not confer federal question jurisdiction."*Id.* The Seventh Circuit has distinguished complete preemption from conflict preemption in that " '[c]omplete preemption' under § 502(a) encompasses all claims by a participant or beneficiary to enforce his rights under an ERISA plan whereas 'conflict preemption' under § 514(a) preempts any state law that may 'relate to' an ERISA plan, but is not a basis for federal jurisdiction."*Id.* (citing *Jass,* 88 F.3d at 1487-88.) In other words, complete preemption under Section 502(a) creates federal jurisdiction while conflict preemption under Section 514(a) does not.

> FN3. Section 502(a) provides, in part:
> (a) Persons empowered to bring a civil

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2004 WL 2191610 (N.D.Ill.), 34 Employee Benefits Cas. 1925
**(Cite as: Not Reported in F.Supp.2d)**

action
A civil action may be brought -
(1) by a participant or beneficiary -
(A) for the relief provided for under subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

***3** Although in his previous law suit Murphy acknowledged that he was a participant in an employee benefits plan under ERISA pursuant to 29 U.S.C. § 1002(7),[FN4] he contends that his claims in the pending law suit are not completely preempted under Section 502(a) of ERISA. In order to determine whether Murphy's claims fall under Section 502(a), the court must consider three factors: (1) whether the plaintiff is eligible to bring a claim under Section 502(a), (2) whether the plaintiff's "claims fall within the scope of an ERISA provision that the plaintiff can enforce via § 502(a)," and (3) whether the plaintiff's "state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass,* 88 F.3d at 1487 (citing *Rice,* 65 F.3d at 641, 644).

FN4. Pl. Exhibit B at ¶¶ 3, 21, 22.

If Murphy's state law claims fall within the scope of Section 502(a), they are completely preempted regardless of how he has characterized them. *Id.* at 1488. This is because "a plaintiff cannot avoid complete preemption, and thereby 'deny a defendant access to federal court if the actual nature of the complaint is federal,' " *id.* (quoting *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993), "by artfully pleading a complaint so as to omit facts that indicate federal jurisdiction." *Id.* (quoting *Franchise Tax Bd. of Dir. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1 at 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, the issue this court must resolve is whether Murphy's state law claims are best recharacterized as a Section 502(a) claim to recover benefits due under the terms of the plan. *Taylor,* 481 U.S. at 64 (question is whether complaint that only raises state law causes of action is recharacterized properly as an action arising under federal law); *Jass,* 88 F.3d at 1489 (question is whether plaintiff's claim against defendant is really based on ERISA); *Rice,* 65 F.3d at 641 (question is whether plaintiff's claim against defendant is within the scope of Section 502(a), even though the complaint alleged only state common law contract and tort claims). Applying the *Jass* factors to the instant matter, it is clear that Murphy's claims against Reliance are more properly characterized as a Section 502(a) claim for denial of benefits.

First, Murphy is a "participant" in the employee benefits plan administered by Reliance and is entitled to file suit under Section 502(a). While Murphy now contends that he is bringing this action merely as a party to an individual contract and not as a plan participant, his previous lawsuit against Reliance was based on his status as a participant in an employee benefit plan. (Pl. Exhibit B at ¶ 21)("As an employee physician, Dr. Murphy was a participant under ERISA pursuant to 29 U.S.C. § 1002(7) and eligible to receive benefits from Reliance's employee benefits plan as enjoyed by employee physicians similarly situated."). Clearly, Murphy has remained a participant in that plan as he receives long term disability benefits in accordance with that plan. Moreover, the fact that Murphy is eligible to receive long term disability benefits until Reliance makes a determination that he is no longer totally disabled under the policy further supports holding Murphy as a "participant" in the instant action. (Pl. Complaint at ¶ 23).

***4** Second, while couching his claims in terms of seeking enforcement of a settlement agreement, Murphy has sought a declaration from this court that "Dr. Murphy is entitled to $5,760.46 in monthly [long term disability] payments from Reliance, that Dr. Murphy is entitled to $10,257.24 in past [long term disability] payments from Reliance for the months of November 2003 through February of 2004, and that Dr. Murphy does not owe any offset or past amounts due to Reliance." (Pl. Complaint at ¶ 41). Murphy's claims, in essence, seek to recover the long term disability benefits that he believes are owed to him, or, at very least, to clarify his rights to the amount of long term disability benefits to which he is entitled. At its most basic level, this suit challenges Reliance's administration of Murphy's long term disability benefits under an ERISA plan.

Third, although the parties dispute the existence of a settlement agreement and the amount of the gross monthly benefit ($5,760.46 (Pl. Complaint at ¶¶ 20, 23-24, 29-32, 36) or $5,762.46 (Pl. Exhibits H, I, J, K, L)), both parties appear to agree that the understanding reached in resolving the previous

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 4
Not Reported in F.Supp.2d, 2004 WL 2191610 (N.D.Ill.), 34 Employee Benefits Cas. 1925
**(Cite as: Not Reported in F.Supp.2d)**

lawsuit included payment of a "gross monthly benefit" to Murphy. (Pl. Complaint at ¶¶ 20, 23). What Murphy *nets* from that gross monthly benefit is not defined, however. Instead, even if this court accepts as true Murphy's argument that the parties entered into a binding contract to settle the previous lawsuit, it remains necessary to look to the terms of the policy in order to determine whether Murphy is receiving the appropriate amount of long term disability benefits. It is the plan, and not the agreement between the parties, that defines the manner in which Murphy's monthly disability benefit is calculated. Consequently, Murphy's claims against Reliance are more properly characterized as a denial of benefits claim under Section 502(a), and removal of this action from state court was proper. In light of the court's finding that Murphy's claim is a denial of benefits claim under ERISA, it is not necessary to address Murphy's and Reliance's arguments concerning "conflict preemption." *See* Jass, 88 F.3d at 1491 ("because the claim against PruCare is a § 502(a) denial of benefits claim, "conflict preemption" under § 514 is irrelevant.").

## CONCLUSION AND ORDER

For the reasons stated above, Murphy's motion to remand [# 4] this action to state court is DENIED. Reliance's motion to dismiss [# 2] is GRANTED WITHOUT PREJUDICE to plaintiff's filing an amended complaint asserting his ERISA claim. Plaintiff is given to file an amended complaint in conformity with this opinion within 21 days. Reliance shall then have 21 days to answer or otherwise plead. This case shall be called for status on November 18, 2004 at 9:30 a.m.

N.D.Ill.,2004.
Murphy v. Reliance Standard Life Ins. Co.
Not Reported in F.Supp.2d, 2004 WL 2191610 (N.D.Ill.), 34 Employee Benefits Cas. 1925

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.