IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JN 1-24-2008
JAN 2 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMES C. HO, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 07 C 6743 |
| MOTOROLA, INC., | ) Judge Moran |
|         Defendant. | ) Magistrate Judge Ashman |

**PLAINTIFF'S VERIFIED REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND, AND IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR REMAND TO STATE COURT**

Plaintiff, JAMES C. HO ("Plaintiff"), hereby submits Plaintiff's Verified Reply Memorandum In Opposition To Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Remand, And In Support Of Plaintiff's Verified Motion For Remand To State Court. On January 9, 2008, defendant filed defendant's Opposition Memorandum. On January 12, 2008, Plaintiff received defendant's Opposition Memorandum. In response to defendant's Opposition Memorandum, and in support of Plaintiff's Motion For Remand To State Court, plaintiff states as follows:

1. On November 30, 2007, defendant, MOTOROLA, INC. ("Defendant"), by and through one of its attorneys Ada Dolph of Seyfarth Shaw LLP filed a Notice Of Removal to both the Law Division of the Cook County Circuit Court and to the United States District Court for the Northern District of Illinois Eastern Division, pursuant to 28 U.S.C. § 1441. Apparently, Defendant filed it's Exhibit 1 (Case 1:07-cv-99999 Document 258-2 through

Page 1 of 14

258-5 Filed 11/30/2007) without including Plaintiff's VERIFICATION page (page 72 of Plaintiff's Complaint). Therefore, a copy of Plaintiff's VERIFICATION page, which was included in the original State-Court filing of Plaintiff's Complaint, is attached hereto. (See EXHIBIT Of VERIFICATION.)

2. In Defendant's Notice of Removal and Defendant's Memorandum of Law In Opposition To Plaintiff's Motion For Remand, defendant misled the Court with inaccurate facts of Plaintiff's Complaint because defendant has not clarified that the crux of Plaintiff's causes of action is Defendant's Fraudulent Concealment of false statements and Defendant's Fraudulent Misrepresentations of false statements, particularly the fraudulent misrepresentation of false statement: "Motorola [defendant] agrees not to inquire into Ho's [plaintiff's] eligibility for past and continued disability benefits based upon the [discrimination and retaliation] allegations made in this [discrimination and retaliation] Lawsuit." (See Complaint Exhibit 2, the second sentence of paragraph 3 of the Settlement Agreement.) Defendant used **fraudulent** means to trick plaintiff to sign the Settlement Agreement for the purpose of infinitely and fraudulently depriving plaintiff of plaintiff's *many* legal rights under the terms of the Settlement Agreement.

3. In Plaintiff's Complaint, the elements of the cause of action for "Fraudulent Inducement" include: (1) Defendant made knowingly **false statements** to plaintiff, particularly: "Motorola [defendant] agrees not to inquire into Ho's [plaintiff's] eligibility for past and continued disability benefits based upon the [discrimination and retaliation] allegations made in this [discrimination and retaliation] Lawsuit." ("**Defendant's Fraudulent Misrepresentation #1**"); (2) Defendant's false statements particularly "Defendant's Fraudulent Misrepresentation #1" were made with the intent to deceive; (3) Defendant's

false statements particularly "Defendant's Fraudulent Misrepresentation #1" were material to plaintiff's decision to sign the Settlement Agreement and to give up **plaintiff's many other legal rights** as imposed by the terms of the Settlement Agreement; (4) At the time Defendant made the false statements particularly "Defendant's Fraudulent Misrepresentation #1", defendant knew that the statements particularly "Defendant's Fraudulent Misrepresentation #1" were false and misleading; (5) Defendant meant for plaintiff to rely on the false statements particularly "Defendant's Fraudulent Misrepresentation #1"; (6) Plaintiff did not know that the statements particularly "Defendant's Fraudulent Misrepresentation #1" were misleading or false; (7) Plaintiff reasonably relied on defendant's false statements particularly "Defendant's Fraudulent Misrepresentation #1"; (8) Plaintiff's reliance was justified; and (9) Plaintiff suffered economic damages from entering into the Settlement Agreement after being persuaded to do so by the Defendant's fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1". Hence, the crux of plaintiff's claims is that defendant used fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" to induce plaintiff to sign the Settlement Agreement so as to infinitely and continuously deprive plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement. (See Complaint Exhibit 2.)

4. **Part of the damages** that plaintiff suffered is **incidental** money damage due to losing plaintiff's long-term disability benefits. In addition, part of the damages that plaintiff suffered, has suffered and continues to suffer is the infinite and continuous exploitation

created by defendant on fraudulently depriving plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement, into which defendant used *fraudulent means* to induce plaintiff to enter. Furthermore, part of the damages that plaintiff suffered, has suffered and continues to suffer includes not only the damages that plaintiff suffered owing to settling the discrimination and retaliation lawsuit as a direct and proximate result of defendant's fraudulent inducement, but also the damages plaintiff suffered, has suffered and continues to suffer owing to being infinitely and continuously exploited by defendant on plaintiff to be legally bound by the terms of the Settlement Agreement, which defendant used *fraudulent means* to trick Plaintiff to sign. Hence, Plaintiff filed this lawsuit to respectfully request the Court with Jury Demand to clarify the proper interpretations on the terms of the Settlement Agreement, particularly "Defendant's Fraudulent Misrepresentation #1", and to seek money damages that plaintiff suffered, has suffered and continues to suffer as a direct and proximate result of harm caused by defendant through fraudulent inducement.

5. The items in relief sections of Plaintiff's Complaint are **rough estimates** that can be used to *approximate* plaintiff's economic damages that plaintiff suffered, has suffered and continues to suffer directly and proximately owing to *losing plaintiff's many legal rights imposed by the terms of the Settlement Agreement*, into which defendant used fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" to trick plaintiff to enter. (See Plaintiff's Complaint.)

6. Based on the facts that defendant used fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent

Misrepresentation #1" to induce plaintiff to sign the Settlement Agreement, and that defendant's fraudulent inducement also independently created defendant's infinite and continuous exploitation on depriving plaintiff of plaintiff's many legal rights *under the terms of the Settlement Agreement*, it is clear that there is other independent legal duty that is implicated by the defendant's actions of using fraudulent means to trick plaintiff to sign the Settlement Agreement, which is not regulated by ERISA §502(a)(1)(B), nor §502(a)(3). In essence, neither ERISA §502(a)(1)(B), nor §502(a)(3) is applicable to plaintiff's "fraudulent inducement" cause of action.

7. Furthermore, defendant uses the case titled "Michael Marrs et al. v.Motorola, Inc. et al., No. 1:05-cv-05463" to mislead the Court by completely omitting the important fact that the question of law and facts in Michael Marrs' case are distinctly different from that of plaintiff's causes of action in view of the fact that the crux of plaintiff's case is fraudulent inducement, which defendant used fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" to *fraudulently induce plaintiff to sign the Settlement Agreement so as to fraudulently deprive plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement*, which is not related to ERISA §502, nor ERISA §514. As a matter of fact, plaintiff is qualified to be a victim of fraud and is indeed a victim of fraud. In fact, plaintiff has no interest in the outcome of Michael Marrs' case.

8. In defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Remand, and in defendant's Notice Of Removal, defendant misapplied the cited cases to plaintiff's causes of actions in view of the fact that defendant used fraudulent means to trick plaintiff to sign the Settlement Agreement for the purpose of fraudulently depriving

plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement. Once the Settlement Agreement was signed, defendant did not clarify the purpose of creating defendant's fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" in the paragraph 3 of the Settlement Agreement, even though there are only two sentences in the paragraph 3 of the Settlement Agreement. Doubtlessly, defendant wished to *infinitely enjoy the fraudulent exploitation of depriving plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement* and to have defendant's other independent legal duty implicated by defendant's illegal actions to be completely preempted by ERISA §502.

9. In defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Remand, defendant used defendant's own version of story, which defendant had beforehand fabricated as a defense, to apply three requirements that a claim must meet in order to be subject to the "recharacterization" to entitle a defendant to remove the case: (1) the plaintiff must be eligible to bring a suit pursuant to ERISA §502(a), 29 U.S.C. §1132(a) ("Requirement #1"); (2) the claim must be kind of claim that can be brought pursuant to ERISA §502(a) (e.g., claims for wrongful denial of benefits) ("Requirement #2"); (3) the plaintiff's claim must not be able to be resolved without an interpretation of the applicable benefits plan, which is a contract governed by federal law ("Requirement #3"). By ignoring the actual facts and using **out-of-context and inaccurate** information about the claims in plaintiff's complaint, defendant's arguments are in fact defective and hence defendant has misapplied the three requirements to plaintiff's claims particularly "fraudulent inducement".

10. Let's apply the elements of the cause of action for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" to the "Requirement #3". Based on the previous explanation, the intent of "Defendant's Fraudulent Misrepresentation #1" was to fraudulently induce plaintiff to sign the Settlement Agreement. Plaintiff's claim for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" can certainly be resolved without an interpretation of the applicable benefits plan. (See the aforementioned paragraph 3 of this memorandum.) As stated before, defendant made a false statement with the intent of knowing plaintiff would rely on, in particular, "Motorola [defendant] agrees not to inquire into Ho's [plaintiff's] eligibility for past and continued disability benefits based upon the [discrimination and retaliation] allegations made in this [discrimination and retaliation] Lawsuit." ("**Defendant's Fraudulent Misrepresentation #1**") Plaintiff reasonably relied on the false statement. Plaintiff suffered significant damages of being infinitely and continuously exploited by defendant on depriving plaintiff of plaintiff's *many* legal rights under the terms of the Settlement Agreement, which is not regulated under ERISA. Plaintiff needs to use this case to clarify the terms of the Settlement Agreement, which defendant used fraudulent means to trick plaintiff to sign. The facts and evidences for plaintiff's "fraudulent inducement" cause of action are in plaintiff's complaint.

11. Let's apply the elements of the cause of action for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" to the "Requirement #2". Based on the previous explanation, the intent of "Defendant's Fraudulent Misrepresentation #1" was to fraudulently induce plaintiff to sign the Settlement Agreement for the purpose of infinitely and continuously depriving plaintiff of plaintiff's many legal rights under the

terms of the Settlement Agreement. Plaintiff's claim for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" qualifies that plaintiff is actually and indeed a victim of fraud because of the facts that only a small part of the damages that plaintiff suffered, has suffered and continues to suffer is *incidental money damage of losing benefits* and that plaintiff's "*small incidental money damage*" part of money damages does not qualify plaintiff to be classified as a participant. A victim of fraud, where a small part of the victim's [plaintiff's] damages is incidental money damage of losing benefits, will be utmost unjust to be classified as a participant because even though defendant had started to award benefits to the victim [plaintiff] regardless whether under the terms of the Settlement Agreement or under the terms of defendant's plans, there would still be many other significant damages caused by defendant due to the fact that defendant has fraudulently induced plaintiff to sign the Settlement Agreement for the purpose of infinitely and continuously exploiting plaintiff by fraudulently depriving plaintiff of plaintiff's many other legal rights under the terms of the Settlement Agreement. Hence plaintiff's claim for "fraudulent inducement" is not within the scope of ERISA and should not be eligible to bring a suit pursuant to ERISA §502(a) because Plaintiff's claim for "Fraudulent Inducement" is based on defendant's fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" the second sentence of Settlement Agreement paragraph 3, the terms of the Settlement Agreement and the Settlement Agreement, which is not regulated under ERISA §502(a).

12. Let's apply the elements of the cause of action for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" to the "<u>Requirement #1</u>". Based on the

previous explanation, the intent of "Defendant's Fraudulent Misrepresentation #1" was to fraudulently induce plaintiff to sign the Settlement Agreement in order to infinitely and continuously deprive plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement. Plaintiff's claim for "Fraudulent Inducement" based on defendant's fraudulent concealment of false statements and defendant's fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" qualifies plaintiff to be a victim of fraud instead of a participant because plaintiff suffered, has suffered and continues to suffer many economic damages caused by defendant's illegal action of fraudulently deceiving plaintiff to give up plaintiff's many legal rights under the terms of the Settlement Agreement, of which the terms are not governed by ERISA. A victim of fraud, where only a small part of the victim's [plaintiff's] damages is incidental money damage of losing benefits, will be utmost unjust to be classified as a participant because even though defendant had started to award benefits to the plaintiff regardless whether under the terms of the Settlement Agreement or under the terms of defendant's plans, there would still be other independent legal duty that is implicated by defendant's action of fraudulently inducing plaintiff to sign the Settlement Agreement, and as a direct and proximate result of defendant's illegal action of fraudulent inducement, there are many other significant damages that plaintiff suffered, has suffered and continues to suffer in view of the fact that defendant can infinitely and continuously exploit plaintiff by fraudulently depriving plaintiff of plaintiff's many other legal rights under the terms of the Settlement Agreement. Hence, plaintiff, whose incidental money damage due to losing benefits is only a small part of damages that plaintiff suffered, has suffered and continues to suffer as a direct and

proximate result of defendant's illegal action of fraudulent inducement to sign the Settlement Agreement to fraudulently deprive plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement, is not qualified to be a participant within the scope of ERISA §502(a), and should not be eligible to bring a suit pursuant to ERISA §502(a), 29 U.S.C. §1132(a) because Plaintiff's claim for "Fraudulent Inducement" is based on "Defendant's Fraudulent Misrepresentation #1" under the terms of the Settlement Agreement and the Settlement Agreement is not regulated under ERISA §502(a), 29 U.S.C. §1132(a).

13. As a matter of fact, even though defendant had started to award benefits to plaintiff under the terms of the Settlement Agreement instead of under defendant's plans, *plaintiff would still have to file a cause of action for "Fraudulent Inducement" based on "Defendant's Fraudulent Misrepresentation #1" in order to clarify the terms of the Settlement Agreement*, which defendant used fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" to trick plaintiff to sign. Clearly, defendant caused, has caused and continues to cause plaintiff to suffer many damages owing to defendant's actions of using fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" for the purpose of fraudulently inducing plaintiff to sign the Settlement Agreement so as to cheat plaintiff to give up plaintiff's many legal rights, which defendant can infinitely and continuously exploit under the terms of the Settlement Agreement. In view of the facts that defendant uses defendant's own story that defendant has beforehand fabricated as a defense, and that defendant ignores the crux of plaintiff's cause of action for "fraudulent inducement"

based on defendant's fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1", and that there is other independent legal duty implicated by defendant's actions of using fraudulent means to trick plaintiff to give up plaintiff many legal rights and to indefinitely and continuously exploit plaintiff under the terms of the Settlement Agreement, defendant has not only abused ERISA, 29 U.S.C. §1001 et seq. but also misapplied the cases cited in defendant's Memorandum of Law In Opposition To Plaintiff's Motion For Remand, and in defendant's Notice Of Removal.

14. Since the Settlement Agreement was written by Defendant and not by Plaintiff, upholding the Notice Of Removal would mean that the Court would have made judicial decision of ruling in favor of Defendant's interpretation with respect to the proper interpretation on the ambiguity of the first sentence in the paragraph 3 of the Settlement Agreement, and that the Court would have made judicial decision of ruling against plaintiff on plaintiff's cause of action for "fraudulent inducement" even though defendant's arguments were in fact defective by completely ignoring the crux of plaintiff's "fraudulent inducement" and were entirely based on defendant's own story, which defendant had fabricated as a defense. Upholding the Notice Of Removal would also mean that the points of facts and the disputes on the proper interpretation on the ambiguous sentence of paragraph 3 of the Settlement Agreement and the factual disputes on plaintiff's causes of actions including "fraudulent inducement" would have been decided by judicial decision of the Court in favor of Defendant instead of having the trial of plaintiff's case by jury even though Plaintiff has respectfully demanded the trial of the Case by jury. Most importantly, upholding the Notice Of Removal would also mean that

the Court would have acted against the fundamental maxims of the common law by allowing defendant to use fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1" to trick plaintiff to sign the Settlement Agreement for the purpose of infinitely and continuously exploiting plaintiff by fraudulently depriving plaintiff of plaintiff's many legal rights under the terms of the Settlement Agreement. One of the general and fundamental maxims of the common law, which control laws as well as contracts, states: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are adopted by public policy, and have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes."

15. In conclusion, defendant only continued to mislead the Court by utilizing out-of-context and inaccurate information about plaintiff's claims and by using defendant's own version of story, which defendant had beforehand fabricated to use as a defense. Defendant failed to truthfully base defendant's arguments on the actual facts and claims written by plaintiff and hence defendant's arguments are in fact defective. Furthermore, by ignoring the crux of plaintiff's "fraudulent inducement" cause of actions due to defendant's fraudulent concealment of false statements and fraudulent misrepresentations of false statements particularly "Defendant's Fraudulent Misrepresentation #1", defendant has not only abused the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et seq. but also misapplied the cited cases to plaintiff's claims in plaintiff's complaint because plaintiff is

in fact a victim of fraud, which is not within the scope of the civil enforcement provisions of ERISA §502(a) and because there is other independent legal duty that is implicated by defendant's actions of fraudulently inducing plaintiff to sign the Settlement Agreement, under the terms of which defendant can infinitely and continuously exploit plaintiff by fraudulently depriving plaintiff of plaintiff's many legal rights. Defendant did not meet, has not met and does not meet the burden of proving that plaintiff's claims can be re-characterized under ERISA. Hence, plaintiff respectfully requests that Plaintiff's Motion For Remand To State Court be granted.

**WHEREFORE,** Plaintiff respectfully requests the Court to grant Plaintiff's Motion For Remand To State Court.

Respectfully submitted,

_/s/ James_
**JAMES C. HO, pro se**

Dated: 1-24-08

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Plaintiff's Verified Reply Memorandum In Response To Defendant's Opposition Memorandum filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant

## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Reply Memorandum In Response To Defendant's Opposition Memorandum, was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **US Mail** this 24th day of January, 2008.

_____
JAMES C. HO, pro se

SWORN TO and subscribed before me on this _24_ day of _Jan._, 2008.

_____
Notary Public
    My commission expires:

> Official Seal
> Charlotte R Keane
> Notary Public State of Illinois
> My Commission Expires 09/14/2009

Page 14 of 14

## EXHIBIT OF VERIFICATION

Page 72 of 72 in Plaintiff's Complaint

## VERIFICATION

**STATE OF ILLINOIS**
**COUNTY OF COOK**

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant

SWORN TO and subscribed before me on this 29th day of October 2007.

_____
Notary Public
My commission expires: