IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

File Number _____

JAMES C. HO, )
)
    Plaintiff-Petitioner, )
)
v. ) Case No. 07 C 6743
)
MOTOROLA, INC., ) Judge Moran
)
    Defendant-Respondent. )
)

## VERIFIED PETITION FOR CERTIFICATION UNDER 28 U.S.C. §1292(b)

    Pursuant to 28 U.S.C. §1292(b), Petitioner, JAMES C. HO ("Plaintiff- Petitioner"), in the above named case, respectfully petitions this Court for permission to certify Plaintiff's 28 U.S.C. §1292(b) Immediate Interlocutory Appeal from the <u>Memorandum Opinion And Order</u> entered on the 25th day of March, 2008. On April 4, 2008 the petitioner filed to the United States Court of Appeals for the Seventh Circuit plaintiff's **Verified Petition For Permission To Appeal Under 28 U.S.C. §1292(b)**, which is attached hereto as Exhibit AA. Petitioner has timely filed to this Court plaintiff's petition for 28 U.S.C. §1292(b) certification within a reasonable time after Plaintiff received the Order on March 28, 2008. In support of this verified petition for section 1292(b) certification, petitioner states as follows:

### FACTUAL BACKGROUND

1. Back in 2001 Ho ("petitioner" and "plaintiff") was no longer a Motorola ("respondent" and "defendant") employee. (See paragraph 79 of plaintiff's complaint.)
2. Before terminating his employment at Motorola in or about June 2001, Ho had worked at Motorola for about ten years. Plaintiff neither suffered disability nor received disability

Page 1 of 6

benefits during the initial many years of discrimination at Motorola. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

3. Plaintiff's discrimination and retaliation lawsuit does not pertain to either disability discrimination or Motorola's benefit plans. The discrimination claim of the lawsuit is only based on national origin discrimination whereas the retaliation claim is caused by limiting plaintiff's employment opportunities and by relegating him to non-management positions. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

4. Plaintiff's discrimination and retaliation lawsuit is related to neither plaintiff's disability benefits nor the ERISA plans. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

5. Back in 2001 plaintiff's claims of the discrimination and retaliation lawsuit were not ERISA claims. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

6. Back in 2001 plaintiff's rights flowed from the discrimination and retaliation lawsuit. Hence, back in 2001 plaintiff's rights did not flow from the ERISA plan and the then rights were not the stuff of ERISA. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

7. Defendant used illegal means (fraud in inducement) and trickeries to cheat plaintiff to sign the settlement agreement. (See plaintiff's complaint.)

8. Defendant used illegal means (fraud in inducement) and trickeries to defraud plaintiff to give up plaintiff's many legal rights under the terms of the Settlement Agreement. (See plaintiff's complaint, and complaint exhibit 2: the settlement agreement.)

9. Defendant used illegal means (fraud in inducement) and trickeries to deceive plaintiff to receive the benefits under the settlement agreement. Hence, plaintiff's then rights were illegally affected by the settlement agreement. (See plaintiff's complaint as well as the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.)

10. Back in 2001 defendant used illegal means (fraud in inducement) and trickeries to allude ERISA under the settlement agreement. Hence, defendant can fabricate ERISA with the notice of removal. (See plaintiff's support and reply memorandums.)

11. Hence, plaintiff's then rights and how they were illegally affected by the settlement agreement are not legally alluded to ERISA. (See plaintiff's complaint.)

12. Page 72 of plaintiff's complaint is the verification page of the complaint, which plaintiff has included in his state-court filing. (See the exhibit of plaintiff's rely memorandum.)

13. Defendant did not and does not meet the onus for the notice of removal because defendant fabricated federal question particularly ERISA, which does not exist in plaintiff's complaint. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandums.)

14. Back in 2001 plaintiff's claims were not ERISA claims, nor are plaintiff's current claims. (See plaintiff's complaint exhibit 1, and plaintiff's complaint.)

15. Back in 2001 plaintiff was fraudulently induced by defendant with trickeries to enter into the settlement agreement, and therefore, plaintiff's then and current rights were neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandums.)

## QUESTION OF LAW INVOLVED

Does the Pre-emption of ERISA allow an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement?

## THE QUESTION OF LAW IS CONTROLLING

In order for a question to be *controlling*, all that must be shown is that the resolution of the issue on appeal could materially affect the outcome of litigation in the district court. The plaintiff has petitioned the United States Court of Appeals for the Seventh Court so that the propriety of defendant's Notice Of Removal can be reviewed by an interlocutory appeal under 28 U.S.C. §1292(b). The relief that plaintiff has sought is that plaintiff's Verified Motion For Remand To State Court be granted. Hence, the Order, which was signed by Hon. Judge JAMES B. MORAN on the 20th day of March 2008 and was entered on the 25th day of March 2008, involves a controlling question of law.

## THE QUESTION IS CONTESTABLE

Plaintiff has contended whether the Pre-emption of ERISA allows the terms of an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. Clearly, there is a substantial ground for difference of opinion with respect to the question of law

Page 3 of 6

presented. Hence, the question of law being involved on plaintiff's interlocutory appeal from the Order is contestable.

### RESOLUTION OF THE QUESTION WILL SPEED UP THE TERMINATION OF THE LITIGATION IN DISTRICT COURT

Defendant's Notice Of Removal has been logically derived from an inaccurate principle that the Pre-emption of ERISA allows the terms of an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. It can be understood that defendant's notice of removal is manifestly erroneous, and therefore plaintiff's Verified Motion For Remand To State Court will be granted. As a result, the resolution of the question involved on plaintiff's interlocutory appeal from the Order will materially advance the ultimate termination of the litigation in the United States District Court for the Northern District of Illinois Eastern Division.

### CONCLUSION

For the reasons stated above, petitioner James C. Ho respectfully requests that this Court permit a 28 U.S.C. §1292(b) certification for plaintiff's interlocutory appeal from this Court's Order dated March 20, 2008.

Respectfully submitted,

_____
**JAMES C. HO, pro se**

Dated: 4-14-08

James C. Ho ("Plaintiff-Petitioner")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

### PETITIONER

Petitioner: James C. Ho, Plaintiff
Address: 2136 Briar Hill Drive, Schaumburg, Illinois 60194
Phone: (847) 885-1893

## RESPONDENT

Respondent: Motorola, Inc., Defendant
one of Defendant's attorneys:

>Ian H. Morrison
>SEYFARTH SHAW LLP
>131 S. Dearborn St., Ste. 2400
>Chicago, Illinois 60603-5577
>(312) 460-5000

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Verified Petition For 28 U.S.C. §1292(b) Certification filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant


## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Verified Petition For 28 U.S.C. §1292(b) Certification was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **U.S. Mail** this 14th day of April, 2008.

_____
JAMES C. HO, pro se


SWORN TO and subscribed before me on this ___ day of April 2008.

_____
Notary Public
My commission expires:

"OFFICIAL SEAL"
Janai Scott
Notary Public, State of Illinois
My Commission Exp. 05/06/2008

## EXHIBIT AA

**VERIFIED PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. §1292(b)**

Case 1:07-cv-06743   Document 27   Filed 04/14/2008   Page 7 of 15

PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. §1292(b)

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

File Number _____

| | |
|---|---|
| JAMES C. HO, | ) |
|       Plaintiff-Petitioner, | ) |
| v. | )   Trial Case No. 07 C 6743 |
| MOTOROLA, INC., | ) |
|       Defendant-Respondent. | ) |

### VERIFIED PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. §1292(b)

Pursuant to 28 U.S.C. §1292(b), Rule 5 of the Federal Rules of Appellate Procedure and Circuit Rule 5.1, Petitioner, JAMES C. HO ("Plaintiff- Petitioner"), in the above named case, respectfully petitions this Court for permission to appeal the Memorandum Opinion And Order: "Plaintiff's verified motion to remand is denied." entered on the 25th day of March, 2008. The order is attached hereto as Exhibit A. Petitioner has timely filed this petition for permission to an interlocutory appeal under 28 U.S.C. §1292(b) within ten days after the entry of the order of the United States District Court for the Northern District of Illinois Eastern Division. In support of this verified petition for permission to appeal, petitioner states as follows:

1. Back in 2001 Ho ("petitioner" and "plaintiff") was no longer a Motorola ("respondent" and "defendant") employee. (See paragraph 79 of plaintiff's complaint.)

2. Before terminating his employment at Motorola in or about June 2001, Ho had worked at Motorola for about ten years. Plaintiff neither suffered disability nor received disability benefits during the initial many years of discrimination at Motorola. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

U.S.C.A. – 7th Circuit
R E C E I V E D
APR - 4 2008   JIR
GINO J. AGNELLO
CLERK

Page 1 of 5

3. Plaintiff's discrimination and retaliation lawsuit does not pertain to either disability discrimination or Motorola's benefit plans. The discrimination claim of the lawsuit is only based on national origin discrimination whereas the retaliation claim is caused by limiting plaintiff's employment opportunities and by relegating him to non-management positions. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

4. Plaintiff's discrimination and retaliation lawsuit is related to neither plaintiff's disability benefits nor the ERISA plans. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

5. Back in 2001 plaintiff's claims of the discrimination and retaliation lawsuit were not ERISA claims. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

6. Back in 2001 plaintiff's rights flowed from the discrimination and retaliation lawsuit. Hence, back in 2001 plaintiff's rights did not flow from the ERISA plan and the then rights were not the stuff of ERISA. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

7. Defendant used illegal means (fraud in inducement) and trickeries to cheat plaintiff to sign the settlement agreement. (See plaintiff's complaint.)

8. Defendant used illegal means (fraud in inducement) and trickeries to defraud plaintiff to give up plaintiff's many legal rights under the terms of the Settlement Agreement. (See plaintiff's complaint, and complaint exhibit 2: the settlement agreement.)

9. Defendant used illegal means (fraud in inducement) and trickeries to deceive plaintiff to receive the benefits under the settlement agreement. Hence, plaintiff's then rights were illegally affected by the settlement agreement. (See plaintiff's complaint as well as the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.)

10. Back in 2001 defendant used illegal means (fraud in inducement) and trickeries to allude ERISA under the settlement agreement. Hence, defendant can fabricate ERISA with the notice of removal. (See plaintiff's support and reply memorandums.)

11. Hence, plaintiff's then rights and how they were illegally affected by the settlement agreement are not legally alluded to ERISA. (See plaintiff's complaint.)

12. Page 72 of plaintiff's complaint is the verification page of the complaint, which plaintiff has included in his state-court filing. (See the exhibit of plaintiff's rely memorandum.)

13. Defendant did not and does not meet the onus for the notice of removal because defendant fabricated federal question particularly ERISA, which does not exist in plaintiff's complaint. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandums.)

14. Back in 2001 plaintiff's claims were not ERISA claims, nor are plaintiff's current claims. (See plaintiff's complaint exhibit 1, and plaintiff's complaint.)

15. Back in 2001 plaintiff was fraudulently induced by defendant with trickeries to enter into the settlement agreement, and therefore, plaintiff's then and current rights were neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandums.)

## QUESTION PRESENTED

Does the Pre-emption of ERISA allow an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement?

## RELIEF SOUGHT

The absence of federal question in plaintiff's complaint justifies remand. **Wherefore,** plaintiff respectfully requests that plaintiff's motion for remand to state court be granted.

## REASONS WHY AN APPEAL SHOULD BE PERMITTED

If a motion to remand is denied, the propriety of removal can be reviewed by an interlocutory appeal under 28 U.S.C. §1292(b). It is a long-settled understanding that the Court of Appeals have jurisdiction of an appeal of the denial of motion to remand. Pursuant to 28 U.S.C. §1292(b), the Court may, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. Also, all that must be shown in order for a question to be *controlling* is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.

The appeal should be allowed partly because there are significant material discrepancies between the Opinion and the aforementioned facts, and partly because the Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and partly because an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

For the reasons stated above, petitioner James C. Ho respectfully requests that this Court permit an appeal under 28 U.S.C. §1292(b).

Respectfully submitted,

*James Ho*
JAMES C. HO, pro se

Dated: 4-4-08

James C. Ho ("Plaintiff-Petitioner")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

### PETITIONER

Petitioner: James C. Ho, Plaintiff
Address: 2136 Briar Hill Drive, Schaumburg, Illinois 60194
Phone: (847) 885-1893

### RESPONDENT

Respondent: Motorola, Inc., Defendant
one of Defendant's attorneys:
        Ian H. Morrison
        SEYFARTH SHAW LLP
        131 S. Dearborn St., Ste. 2400
        Chicago, Illinois 60603-5577
        (312) 460-5000

### ATTACHMENT

Memorandum Opinion And Order ----------------------------------------------- 2 pages

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Verified Petition For Permission To Appeal filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

*James Ho*
JAMES C. HO, Affiant

## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Verified Petition For Permission To Appeal was served upon one of Defendant's attorneys:

    Ian H. Morrison
    SEYFARTH SHAW LLP
    131 S. Dearborn St., Ste. 2400
    Chicago, Illinois 60603-5577
    (312) 460-5000

by having the same sent via **U.S. Mail** this 4th day of April, 2008.

*James Ho*
JAMES C. HO, pro se

SWORN TO and subscribed before me on this 4th day of April, 2008.

_____
Notary Public
My commission expires: 07/29/08

OFFICIAL SEAL
PREMA TANGUTOORI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/08

## **EXHIBIT A**

**Memorandum Opinion And Order: "Plaintiff's verified motion to remand is denied."**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES C. HO,                )
                            )
       Plaintiff,           )
                            )
vs.                         )   No. 07 C 6743
                            )
MOTOROLA, INC.,             )
                            )
       Defendant.           )

### MEMORANDUM OPINION AND ORDER

Plaintiff was a Motorola employee and a participant in its disability and other benefit plans. In 2007, he sued defendant in state court, claiming common law claims for breach of contract and fraud. Those claims apparently relate to a settlement agreement entered into in 2001, which pertains to plaintiff's disability benefits. Plaintiff moves to remand, contending that his claims are not ERISA claims but are for fraudulent inducement and misrepresentation relating to the settlement agreement.

Pre-emption cannot be so easily avoided. Back in 2001 plaintiff's rights flowed from the ERISA plan. Perhaps the settlement agreement did not affect those rights to the extent defendant indicates, but the then rights and how they were affected by the settlement agreement must still be determined -- and that is the stuff of ERISA. The motion to remand is denied.

Defendant moves to stay, pending ruling on a related case motion before Magistrate Judge Cox. We do not know what ruling there has been on the motion before her, if any, but that is up to her, and in the meantime this case should go forward, although we may wish to consider defendant's Rule 8 motion

JAMES B. MORAN
Senior Judge, U. S. District Court

March 20, 2008.

Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6743 | DATE | 3/20/2008 |
| CASE TITLE | JAMES C. HO vs. MOTOROLA, INC. | | |

**DOCKET ENTRY TEXT**

Enter Memorandum Opinion And Order. Plaintiff's verified motion to remand [8] is denied.

■ [ For further detail see separate order(s).]   Docketing to mail notices.

| | | Courtroom Deputy Initials: | LG |
|---|---|---|---|

07C6743 JAMES C. HO vs. MOTOROLA, INC.   Page 1 of 1