**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES C. HO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6743 |
| | ) | |
| v. | ) | Judge Moran |
| | ) | |
| MOTOROLA, INC., | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S VERIFIED
PETITION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Defendant Motorola, Inc., by its attorneys, hereby submits its response in opposition to

Plaintiff James Ho's Verified Petition for Certification Under 28 U.S.C. § 1292(b).

## INTRODUCTION

This Court should deny Plaintiff's petition for certification of an interlocutory appeal

pursuant to 28 U.S.C. § 1292(b) because this is not the "exceptional case" which would "justify

departure from the final judgment rule." *Happel v. Wal-Mart Stores, Inc.*, No. 02 C 7771, 2006

U.S. Dist. LEXIS 52288, at **5-6 (N.D. Ill. June 29, 2006) (Moran, J.). Rather, this Court's

denial of Plaintiff's motion to remand on the basis that his claims were preempted by the

Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), was a routine

decision soundly supported by well-settled federal law. Plaintiff's assertion that there is some

debate over the terms of the settlement agreement at issue is insufficient as a matter of law to

turn this run-of-the-mill case into an "exceptional" one. *See Ahrenholz v. Bd. of Trustees of

Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("the question of the meaning of a contract . .

. is not what the framers of section 1292(b) had in mind."). Accordingly, Plaintiff's petition for

certification pursuant to 28 U.S.C. § 1292(b) should be denied.

## PROCEDURAL BACKGROUND

On March 20, 2008, this Court entered an Order denying Plaintiff's motion to remand this matter to state court.  (Dckt. Entry 20.)  This Court found that Plaintiff's common law claims for breach of contract and fraud were preempted by ERISA and, on that basis, held that Plaintiff's claims were properly before this Court.  (*See id.*)  Notwithstanding the fact that the March 20 Order was not a final order, on April 1, 2008, Plaintiff filed a notice of appeal.[1] Plaintiff did not request this Court's permission before seeking review by the Seventh Circuit.[2] Three days later, Plaintiff filed a Verified Petition for Permission to Appeal Under 28 U.S.C. § 1292(b) with the Seventh Circuit.[3]  Plaintiff's petition was summarily dismissed by the Seventh Circuit "for lack of jurisdiction because the district court has not certified in writing that its order dated March 20, 2008 is appropriate for immediate interlocutory appeal."  (Seventh Cir. Dckt. Entry 2.)  Thereafter, on April 14, 2008, Plaintiff filed his Verified Petition for Certification Under 28 U.S.C. § 1292(b) with this Court.  (Dckt. Entry 27.)

## ARGUMENT

### PLAINTIFF'S PETITION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL DOES NOT SATISFY THE REQUIREMENTS OF 28 U.S.C. § 1292(b).

Plaintiff's petition for certification of an interlocutory appeal should be denied because the denial of his motion to remand is not so controversial, disputed or unique so as to require the extraordinary remedy of an immediate appeal to the Seventh Circuit.  Rather, the denial of his motion to remand is routine, grounded in well-settled ERISA preemption principles, and not at all likely to be reversed.

---

[1]     The appeal was docketed by the Court of Appeals as Case No. 08-1796.

[2]     In a docketing statement filed with the Court of Appeals on April 17, 2008, Motorola notified the Court of Appeals of its position that appellate jurisdiction was lacking because the denial of the remand motion was not a final order and had not been certified for interlocutory appeal by this Court.

[3]     The petition was docketed by the Court of Appeals as Case No. 08-8004.

Interlocutory appeals under 28 U.S.C. § 1292(b) are reserved for "exceptional cases" that "justify departure from the final judgment rule." *Happel*, 2006 U.S. Dist. LEXIS 52288, at *5-6. In order to make this showing, the petitioning party must demonstrate: (1) that the issue involves a "controlling question of law;" (2) that there is "substantial ground for difference of opinion" as to the application of the question of law; and (3) that the immediate appeal of the issue "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1433 (7th Cir. 1992). Failure to satisfy even one of these requirements defeats the certification request. 28 U.S.C. § 1292(b); *Happel*, 2006 U.S. Dist. LEXIS 52288, at *5; *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F. Supp. 2d 903, 906 (S.D. Ind. 2002).

Although Plaintiff fails to address whether any part of this test has been satisfied, Defendant assumes *arguendo* that whether there exists federal jurisdiction over this matter could be "serious to the conduct of the litigation" and therefore, may constitute a "controlling question of law," as required to establish the first prong of the test. *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991).

Plaintiff's petition still fails, however, because he cannot even come close to showing that this case meets the second and third prongs of the test. Plaintiff cannot satisfy the second prong of the analysis because his claim is, at its core, one for benefits under an ERISA plan and thus squarely preempted by ERISA and properly subject to this Court's federal jurisdiction. In order to demonstrate that there is "substantial ground for difference of opinion," Plaintiff must show one of the following: (a) that there are conflicting decisions as to the controlling issue of law; or (b) that because the controlling issue of law is not well settled, there is a substantial

likelihood that the district court's ruling will be reversed.  *See Amoroso v. Crescent Private Capital, L.P.*, 02 C 1453, 2003 U.S. Dist. LEXIS 21368, at *2 (N.D. Ill. Nov. 26, 2003).

As set forth in Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, this case is straight-forward:  It is a claim for benefits under an ERISA plan, preempted by ERISA and thus within the original jurisdiction of the federal courts.  In a case as clear-cut as this one, there are no conflicting decisions as to the controlling issue of law, nor is there any likelihood (let alone a "substantial" one) that the Court's ruling would be reversed.  (*See* Dckt. Entry 17 at pp. 8-12, adopted and incorporated herein).

Indeed, this Court's denial of Plaintiff's motion to remand is supported by the following uncontroverted facts: (1) Plaintiff is a former Motorola employee who stands to be awarded benefits under the plans if he prevails, and thus is eligible to bring a claim pursuant to § 502(a); (2) Plaintiff's state law claims seek benefits, which fall squarely within the ambit of § 502(a)(1)(B), one of ERISA's civil enforcement provisions; and (3) Plaintiff's state law claims cannot be resolved without interpreting the applicable ERISA-governed plans.  *See Moran*, 230 F.3d at 967; *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007); *Murphy v. Reliance Standard Life Ins. Co.*, No. 04 C 1751, 2004 WL 2191610, at *3 (N.D. Ill. Sept. 27, 2004).  Thus, there is no question that this Court correctly concluded that Plaintiff's claims are preempted by federal law.  *See Moran*, 230 F.3d at 967.[4]

Plaintiff has not identified any authority to suggest that the preemptive scope of § 502(a) of ERISA is an unsettled question or that it is likely that this Court's decision would be reversed on appeal.  Instead, he asserts that this decision presents a "contestable" question.  This is not a

---

[4] Even if this Court were to determine that only one of Plaintiff's claims is preempted, the Court still could exercise supplemental jurisdiction over that claim because the remaining claim would be "so related to [the federal] claims  . . . that they form part of the same case or controversy."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166-67 (1997).

sufficient basis on which to be permitted an extraordinary interlocutory appeal. *See Walker v. The Northern Trust Co.*, 06 C 4901, 2008 U.S. Dist. LEXIS 31632, at **6-7 (N.D. Ill. April 17, 2008) (denying plaintiff's petition for certification of interlocutory appeal and holding that plaintiff "presented nothing beyond her own disagreement with our rulings. If all that were needed to permit an interlocutory appeal was the difference of opinion displayed between a party whose position does not prevail and the court that is not persuaded, interlocutory appeals would be the norm rather than an exceptional procedure."); *see also Amoroso*, 2003 U.S. Dist. LEXIS 21368, at *2; *see also Happel*, 2006 U.S. Dist. LEXIS 52288, at *5; *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F. Supp. 2d at 906. Accordingly, Plaintiff's Petition should be denied.

Plaintiff similarly cannot meet the third prong of the test, which requires that he show that such an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As a practical matter, it is exceedingly unlikely that Plaintiff will prevail on appeal, because, as noted, this area of law is well-settled and this is a clear-cut case of ERISA preemption. Even if Plaintiff were to somehow prevail, however, the termination of this litigation would not be "materially advance[d]" by an interlocutory appeal. To the contrary, the merits of Plaintiff's case will still need to be evaluated at either the state or federal level and this litigation could not be said to have been "materially advance[d]" in any way. If anything, it will have been materially delayed by an interlocutory appeal on an issue that is so well settled. Therefore, the Court should deny Plaintiff's petition.

## **CONCLUSION**

For the reasons set forth above, Motorola requests that this Court deny Plaintiff's

Verified Petition for Certification Under 28 U.S.C. § 1292(b).

Respectfully submitted,

MOTOROLA, INC.

By: _____s/Ada Dolph_____
                           One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

May 1, 2008

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of ***Defendant's***

***Opposition To Plaintiff's Verified Petition For Certification Under 28 U.S.C. § 1292(b)*** was

served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **U.S. Mail** this 1st of May, 2008.

_____s/Ada W. Dolph_____
Ada W. Dolph

CH1 11468876.1 / 11726-000706