

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.  07 C 6743 |
| MOTOROLA, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On October 29, 2007, plaintiff James Ho, acting *pro se*, filed a complaint against defendant Motorola, Inc. in the Circuit Court of Cook County, Illinois, alleging a breach of contract and fraud in the inducement arising out of defendant's alleged breach of the parties' settlement agreement from an earlier case. The alleged breach involved the continuation of plaintiff's disability benefits under defendant's employee disability plan, as outlined by the terms of the settlement agreement. On November 30, 2007, defendant removed the case to this court, claiming that plaintiff's common law claims were preempted by ERISA, 29 U.S.C. § 1001 *et seq.*. On December 7, 2007, defendant moved to stay the proceedings pending the outcome of a related case. It also moved to dismiss plaintiff's 370-paragraph complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure, or in the alternative, to strike redundant portions of the complaint. Plaintiff responded, seeking remand of the case to state court. On March 20, 2008, we denied plaintiff's motion for remand and also denied defendant's motion to stay (for the time being) (dkt. 21). We did not address the portion of defendant's motion seeking to dismiss plaintiff's complaint. *Id.* We take up that issue now, and for the following reasons grant defendant's motion to dismiss and allow plaintiff to re-

plead.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This is intended to give defendant fair notice of what the claim is and the grounds upon which it rests. Though "specific facts are not necessary" (Erickson v. Pardus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Limestone Dev. Corp. v. Vill. of Lemont, 2008 U.S. App. LEXIS 6891 (7th Cir. Apr. 1, 2008) *quoting* Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). *Pro se* complaints are construed liberally and held to less exacting standards than those drafted by counsel. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Defendant takes issue with the redundant nature of plaintiff's complaint stretching well over 300 paragraphs. We understand that plaintiff initially filed his complaint in state court, and Illinois being a fact-pleading jurisdiction, plaintiff needed to plead more there than he would have had he initially filed in this court. However, plaintiff's complaint is much more verbose than even an Illinois state court would require. It is extremely redundant and terribly difficult to wade through. Instead of striking portions of the complaint, we shall dismiss the complaint entirely and allow plaintiff to re-plead, following this court's suggestions.

Plaintiff need not allege in detail every fact and legal conclusion he deems relevant, nor need he set out every allegation in separate paragraphs. He need only state, in the plainest of words, his case, and why he is entitled to relief. He can combine a number of his paragraphs and eliminate others that are simply repetitive and superfluous. Furthermore, he need not attempt to fit his allegations into the framework of ERISA, even though this court has determined that ERISA preempts his common law claims. He simply needs to condense his

70-page complaint into something readable, and this court will aid him in translating his allegations into cognizable ERISA claims. We suggest that plaintiff review the complaint filed by his counsel in the earlier case, from which the settlement agreement arose, for an example of a well-pleaded federal complaint.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and plaintiff is granted leave to re-plead his complaint within 30 days.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 2, 2008.

---

[1] A copy of which is in plaintiff's possession, since he attached it as an exhibit to his present complaint.