MAY 1 2 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

FILED

J N

MAY 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **JAMES C. HO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 07 C 6743** |
| | ) | |
| **MOTOROLA, INC.,** | ) | **Judge Moran** |
| | ) | |
| Defendant. | ) | **Magistrate Judge Ashman** |
| | ) | |

### PLAINTIFF'S VERIFIED MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) OF FED. R. CIV. P. AND CIRCUIT RULE 8, AND MOTION TO STAY PROCEEDINGS DURING PENDENCY OF APPEAL UNDER RULE 60(b) OF FED. R. CIV. P. AND CIRCUIT RULE 8, AND MOTION FOR RECONSIDERATION TO REMAND TO STATE COURT PURSUANT TO §1447(c) OF 28 U.S.C. AND FED. R. CIV. P. 60(b) AND CIRCUIT RULE 57

On 5/10/2008 plaintiff received by U.S. Mail from this court "Enter Memorandum

Opinion And Order. Defendant's motion to dismiss is granted, and plaintiff is granted leave to

re-plead his complaint within 30 days.", which is hereto attached as EXHIBIT #1.This court's

order is dated 5/2/2008. On 5/12/2008 plaintiff hereby respectfully filed to this court the

following plaintiff's verified motions:

### I.   VERIFIED MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) OF FED. R. CIV. P. AND CIRCUIT RULE 8

Plaintiff, JAMES C. HO ("Plaintiff") hereby respectfully moves that this court's 5/2/2008

order be declared null and void pursuant to rule 59(e) of Federal Rules Of Civil Procedure

because (reason #1) this district court *lacks federal court jurisdiction* over plaintiff's common

law claims pursuant to 28 U.S.C. §1447(c) based upon the undisputed material facts that plaintiff

has honestly asserted in plaintiff's Verified Motion For Remand To State Court, and Plaintiff's

Support And Reply Memorandum, and Verified Petition For Permission To Appeal Under 28

U.S.C. §1292(b), and Plaintiff's Verified Reply To Defendant's Opposition To Plaintiff's

Verified Petition For 28 U.S.C. §1292(b) Certification, and (reason #2) filing plaintiff's notice of

appeal on 4/1/2008 divests the district court of jurisdiction over those aspects of the case

involved in the appeal: namely, *the most important aspect of the matters in the case involved in*

*the appeal is whether the district court lacks jurisdiction over plaintiff's common law claims*, and

this court's 5/2/2008 order definitely involves this most important aspect of the case in the

appeal, and there is no discretion for the district court to ignore that lack of jurisdiction, and

therefore the district court lacks jurisdiction to proceed with this court's 5/2/2008 order until the

threshold issue of this district court jurisdiction is resolved on the appeal. Alternatively, pursuant

to Circuit Rule 8, plaintiff respectfully requests that this court stay this court's 5/2/2008 order

during pendency of plaintiff's notice of appeal dated 4/1/2008. Plaintiff hereby respectfully files

to this court within 10 days of the judgment this Verified Motion to Alter or Amend Judgment

pursuant to rule 59(e) of Federal Rules Of Civil Procedure and Circuit Rule 8.

## II.     VERIFIED MOTION TO STAY PROCEEDINGS DURING PENDENCY OF APPEAL UNDER RULE 60(b) OF FED. R. CIV. P. AND CIRCUIT RULE 8

Also, pursuant to rule 60(b) of Federal Rules Of Civil Procedure and Circuit Rule 8,

plaintiff hereby respectfully moves that proceedings in this case be stayed during pendency of

plaintiff's 4/1/2008 Notice of Appeal under Collateral Order Doctrine, an exception to the final

judgment rule, pursuant to 28 U.S.C. §1291 because this district court *lacks subject matter*

*jurisdiction* over plaintiff's common law claims pursuant to 28 U.S.C. §1447(c) based upon the

undisputed material facts: (fact #1) defendant has deliberately fabricated inexcusable inaccuracy

about plaintiff's common law claims in order to apply the pre-emption of ERISA to plaintiff's

common law claims so that plaintiff as a victim of fraud must remain forever to be legally bound

by the terms of the illegally entered settlement agreement, and (fact #2) defendant's notice of

removal is incongruous with both the intent of Congress and the Supreme Court's rulings with

respect to the application of complete preemption of ERISA, (See plaintiff's Verified Reply To

Defendant's Opposition To Plaintiff's Verified Petition For 28 U.S.C. §1292(b).) and (fact #3)

this court's 3/20/2008 order will likely be reversed on appeal due to the undisputed material facts

that defendant has wrongfully and improperly alleged "original federal question jurisdiction"

from one particular ambiguous sentence of the illegally entered settlement agreement, and that

plaintiff complaint has neither federal question nor diversity. Plaintiff hereby respectfully files to

this court this Verified Motion to Stay Proceedings During Pendency of Appeal pursuant to rule

60(b) of Federal Rules Of Civil Procedure and Circuit Rule 8.

## III.    VERIFIED MOTION FOR RECONSIDERATION TO REMAND TO STATE COURT PURSUANT TO §1447(c) OF 28 U.S.C. AND FED. R. CIV. P. 60(b) AND CIRCUIT RULE 57

In addition, pursuant to rule 60(b) of Federal Rules Of Civil Procedure, plaintiff hereby

respectfully moves that this court's 3/20/2008 order of denying Plaintiff's Verified Motion For

Remand To State Court be re-considered pursuant to 28 U.S.C. §1447(c) because of the

following undisputed material facts:

**Undisputed Material Fact #1:** With respect to the application of complete preemption

of ERISA, defendant's notice of removal is incongruous with both the intent of Congress and the

Supreme Court's rulings. In order for a claim to be preempted, federal law must so completely

preempt a field of state law that the plaintiff's complaint must be re-characterized as stating a

federal cause of action. This complete preemption occurs only when Congress intends not merely

to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject

matter from state to federal courts. In determining whether complete preemption exists, the court must look to Congressional intent. Does the Congress intend to transfer jurisdiction of the common law "Fraud In the Inducement" claim to federal courts? No, the Congress does not indicate this intention.

The Supreme Court has held that state law claims are completely preempted only in very limited circumstances. The principle is that complete preemption serves as an exception to the well-pleaded complaint rule. By bending the Supreme Court's rulings on the application of complete preemption of ERISA, defendant has deceitfully fabricated an inexcusable inaccuracy about plaintiff's claims and dishonestly omitted the following material facts such as: (Material Fact #1) Defendant has improperly and dishonestly replaced "Fraud In the Inducement" with "Fraud" in plaintiff's common law claims so as to undermine the important facts that (1) the settlement agreement has been illegally entered due to *Fraud In the Inducement* and that (2) plaintiff's then and current rights are neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. (Material Fact #2) As a matter of fact, the settlement agreement consists of six pages and approximately many hundreds of sentences. Defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the illegally entered settlement agreement. (See plaintiff's complaint, especially paragraphs 354-364 of plaintiff's complaint.) Furthermore, the defendant has used the remaining hundreds of sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. (See complaint exhibit 2: the settlement agreement.) Defendant has deliberately used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the terms of the illegally entered settlement agreement. (See the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.) Hence, plaintiff's then

rights were illegally affected by the settlement agreement. (Material Fact #3) Defendant has deceitfully and improperly omitted the material facts that plaintiff's "incidental money damage due to losing benefits, which defendant has fraudulently induced plaintiff to receive, is only a small part of money damages that plaintiff suffered and has suffered and continues to suffer due to the terms of the illegally entered settlement agreement. With respect to Supreme Court's rulings on complete preemption of ERISA, it is a well-settled understanding that state law claims, where a small part of money damages involves "incidental money damage due to losing benefits", are not properly preempted by ERISA. Since the illegally entered settlement agreement is "only incidentally related" to benefits, defendant has wrongfully and improperly alleged "original federal question jurisdiction" from one particular ambiguous sentence of the illegally entered settlement agreement. Based on the aforementioned facts, defendant has wrongfully and improperly invoked the notice of removal pursuant to 28 U.S.C. § 1441. Therefore, it is erroneous to deny plaintiff's Verified Motion For Remand to State Court pursuant to 28 U.S.C. §1447(c).

     **Undisputed Material Fact #2:** Defendant's Notice Of Removal results in an improper legal principle that the Pre-emption of ERISA allows the terms of an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. This kind of error results from the undisputed fact that defendant has wrongfully bent the Supreme Court's principle of complete preemption, which serves as an exception to the well-pleaded complaint rule. Defendant has deliberately used deceitful tactics to mislead the court: (firstly) by fabricating inexcusable inaccuracy about plaintiff's common law claims and (secondly) by dishonestly omitting the aforementioned material facts: Material Fact #1, Material Fact #2 and Material Fact

<u>#3</u>. Hence, defendant has wrongfully and improperly alleged "original federal question jurisdiction" from plaintiff's common law claims. Therefore, it is likely that the Seventh Circuit will reverse this court's 3/20/2008 order of denying plaintiff's Verified Motion For Remand to State Court pursuant to 28 U.S.C. §1447(c).

**Undisputed Material Fact #3:** Defendant has deliberately asserted inexcusable inaccuracy about plaintiff's common law claims by fabricating disputable out-of-context information about plaintiff's common law claims whereas plaintiff has honestly provided the undisputed material facts, which are directly derived from plaintiff's complaint and the complaint exhibits namely: the discrimination and retaliation lawsuit and the settlement agreement. In essence, defendant has improperly applied the cited cases to plaintiff's common law claims by not only fabricating disputable out-of-context information about plaintiff's common law claims but also deceitfully omitting the material facts such as <u>Material Fact #1</u>, <u>Material Fact #2</u> and <u>Material Fact #3</u>. As a result, defendant has knowingly used deceitful material to wrongfully file the notice of removal pursuant to 28 U.S.C. § 1441. In addition, the court's 3/20/2008 Memorandum Opinion and Order is incongruous with the undisputed material facts: <u>Material Fact #1</u>, <u>Material Fact #2</u> and <u>Material Fact #3</u>. Hence, denial of plaintiff's Verified Motion For Remand To State Court pursuant to 28 U.S.C. §1447(c) will likely be reversed on appeal.

With the reasons stated above, plaintiff hereby respectfully requests that this court's 3/20/2008 order of denying Plaintiff's Verified Motion For Remand To State Court be reversed pursuant to rule 60(b) of Federal Rules Of Civil Procedure. Pursuant to Circuit Rule 57, plaintiff respectfully requests this court to indicate whether the district court is inclined to grant Plaintiff's Verified Motion For Reconsideration To Remand To State Court pursuant to 28 U.S.C.

§1447(c). Plaintiff hereby respectfully files to this court this Verified Motion For

Reconsideration To Remand To State Court pursuant to §1447(c) of 28 U.S.C. and rule 60(b) of

Federal Rules Of Civil Procedure and Circuit Rule 57.

**WHEREFORE**, plaintiff, JAMES C. HO hereby respectfully moves that this court's

5/2/2008 Order be declared null and void pursuant to rule 59(e) of Federal Rules Of Civil

Procedure for lack of federal court jurisdiction over plaintiff's common law claims.

Alternatively, pursuant to Circuit Rule 8, plaintiff respectfully requests that this court stay this

court's 5/2/2008 order during pendency of plaintiff's notice of appeal dated 4/1/2008. Also,

pursuant to rule 60(b) of Federal Rules Of Civil Procedure and Circuit Rule 8, plaintiff hereby

respectfully moves that proceedings in this case be stayed during pendency of plaintiff's

4/1/2008 Notice of Appeal under Collateral Order Doctrine, an exception to the final judgment

rule, pursuant to 28 U.S.C. §1291 because this district court *lacks subject matter jurisdiction*

over plaintiff's common law claims pursuant to 28 U.S.C. §1447(c) based upon the

aforementioned material facts. Last but not the least, pursuant to rule 60(b) of Federal Rules Of

Civil Procedure, plaintiff hereby respectfully moves that this court's 3/20/2008 order of denying

Plaintiff's Verified Motion For Remand To State Court be re-considered pursuant to 28 U.S.C.

§1447(c) because of the aforementioned undisputed material facts: Undisputed Material Fact #1,

Undisputed Material Fact #2 and Undisputed Material Fact #3.

Respectfully submitted,

_Jamho_

**JAMES C. HO, pro se**

Dated: 5-12-08

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## **VERIFICATION**

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing plaintiff's three verified motions filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_James Ho_
JAMES C. HO, Affiant

## **AFFIDAVIT OF SERVICE**

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing plaintiff's three verified motions was served upon one of Defendant's attorneys:

Ian H. Morrison
SEYFARTH SHAW LLP
131 S. Dearborn St., Ste. 2400
Chicago, Illinois 60603-5577
(312) 460-5000

by having the same sent via **U.S. mail** this 12th day of May, 2008.

_James Ho_
JAMES C. HO, pro se

SWORN TO and subscribed before me on this _12th_ day of _May_ 2008.

_Richetta Frances Kruzel_
Notary Public
My commission expires: _12-04-2008_

"OFFICIAL SEAL"
Richetta Frances Kruzel
Notary Public, State of Illinois
My Commission Exp. 12/04/2008

## <u>EXHIBIT #1</u>

**Enter Memorandum Opinion And Order dated 5/2/2008**

Order Form (01/2005)



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6743 | **DATE** | 5/2/2008 |
| **CASE TITLE** | JAMES HO vs. MOTOROLA, INC. | | |

DOCKET ENTRY TEXT

Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted [6], and plaintiff is granted leave to re-plead his complaint within 30 days.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | **Courtroom Deputy Initials:** | LG |
|---|---|---|