

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

**FILED**
J.N
MAY 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
MAY 1 2 2008

| | |
|---|---|
| JAMES C. HO, | ) |
|     Plaintiff-Petitioner, | ) |
| v. | ) Case No. 07 C 6743 |
| MOTOROLA, INC., | ) Judge Moran |
|     Defendant-Respondent. | ) |

**PLAINTIFF'S VERIFIED REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S VERIFIED PETITION FOR CERTIFICATION UNDER 28 U.S.C. §1292(b)**

Per Honorable Judge JAMES B. MORAN's permission at the status hearing held on 4/24/2008, plaintiff, JAMES C. HO ("Plaintiff-Petitioner") hereby respectfully files to this court Plaintiff's Verified Reply To Defendant's Opposition To Plaintiff's Verified Petition For 28 U.S.C. §1292(b) Certification.

On April 1, 2008 plaintiff respectfully filed to this court a notice of appeal because the United States Court of Appeals has jurisdiction to permit an immediate appeal under Collateral Order Doctrine, an exception to the final judgment rule, pursuant to 28 U.S.C. §1291 of an interlocutory decision if the decision (1) conclusively determines an important issue, (2) collateral to the merits of the action, (3) which would be effectively unreviewable if immediate appeal were not available, and (4) which threatens the appellant with irreparable harm if no appeal is permitted.

On April 4, 2008 in addition to plaintiff's notice of appeal under Collateral Order Doctrine pursuant to 28 U.S.C. §1291, plaintiff respectfully filed to the Seventh Circuit *another*

*separate appeal*, namely: plaintiff's Verified Petition For Permission To Appeal Under 28 U.S.C. §1292(b) because plaintiff has to file the petition to the court of appeals within ten days and plaintiff did not have enough time to write another petition for the district court due to the fact that it is the 28th day of March 2008 when plaintiff received this court's order dated March 20, 2008. On that day plaintiff also respectfully filed to the Seventh Circuit the docket statement, where plaintiff has inadvertently completed only the partial appellate jurisdiction instead of the entire appellate jurisdiction of the Seventh Circuit.

On April 14, 2008 plaintiff promptly corrected the inadvertently made error in the docket statement by having properly and timely filed to the Seventh Circuit plaintiff's Verified Brief Memorandum In Support Of Jurisdiction in response to the court of appeals' order dated April 4, 2008 and a few other legal documents. On the same day plaintiff also promptly and timely and properly served defendant by U.S. Mail plaintiff's Verified Brief Memorandum In Support Of Jurisdiction together with a few other legal documents that were submitted to the Seventh Circuit at the same time. Therefore, on April 14, 2008 defendant was properly and timely informed by plaintiff of plaintiff's Memorandum In Support Of Jurisdiction that plaintiff's notice of appeal was properly and timely submitted under Collateral Order Doctrine pursuant to 28 U.S.C. §1291. On the same day plaintiff also respectfully filed within reasonable time to this court Plaintiff's Verified Petition For Certification Under 28 U.S.C. §1292(b) as well as Seventh Circuit Transcript Information Sheet.

On April 17, 2008 defendant filed to the Seventh Circuit "defendant-appellee's docketing statement" with fabricated inaccuracy about plaintiff's claims, district court jurisdiction and appellate jurisdiction.

On April 24, 2008 defendant filed to the Seventh Circuit "defendant-appellee's response to plaintiff-appellant's verified brief memorandum in support of jurisdiction" with fabricated inaccuracy about plaintiff's claims, district court jurisdiction and appellate jurisdiction.

In response to Plaintiff's Verified Petition For Certification Under 28 U.S.C. §1292(b), defendant deliberately continues to use deceitful tactics to mislead the court by asserting inexcusable inaccuracy about plaintiff's common law claims as well as plaintiff's notice of appeal. Respectfully, in reply to defendant's opposition to plaintiff's verified petition for section 1292(b) certification, plaintiff states as follows:

### FACTUAL BACKGROUND

1. Plaintiff terminated his employment at Motorola in or about June 2001. (See paragraph 79 of plaintiff's complaint.) Also, plaintiff's complaint, which was filed in the Law Division of the Circuit Court of Cook County on the 29th of October 2007, is definitely not an employee litigation.
2. Plaintiff's discrimination and retaliation lawsuit does not pertain to either disability discrimination or Motorola's benefit plans. The discrimination claim of the lawsuit is only based on national origin discrimination whereas the retaliation claim is caused by limiting plaintiff's employment opportunities and by relegating him to non-management positions. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)
3. Plaintiff's discrimination and retaliation lawsuit is related to neither plaintiff's disability benefits nor the ERISA plans. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)
4. Back in 2001 plaintiff's claims of the discrimination and retaliation lawsuit were not ERISA claims. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)
5. Back in 2001 plaintiff's rights flowed from the discrimination and retaliation lawsuit. Hence, back in 2001 plaintiff's rights did not flow from the ERISA plan and the then rights were not the stuff of ERISA. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

6. In 2001, Defendant used illegal means (Fraud In the Inducement) and trickeries to cheat plaintiff to sign the settlement agreement. (See plaintiff's complaint.)

7. In 2001, Defendant used illegal means (Fraud In the Inducement) and trickeries to defraud plaintiff to give up plaintiff's many legal rights under the terms of the Settlement Agreement. (See plaintiff's complaint, and complaint exhibit 2: the settlement agreement.)

8. In 2001, Defendant used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the settlement agreement. Hence, plaintiff's then rights were illegally affected by the settlement agreement. (See plaintiff's complaint as well as the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.)

9. Back in 2001 defendant used illegal means (Fraud In the Inducement) and trickeries to allude ERISA under the settlement agreement. Hence, defendant can fabricate ERISA with the notice of removal. (See plaintiff's verified motion for remand to state court, and plaintiff's support and reply memorandum.)

10. Hence, plaintiff's then rights and how they were illegally affected by the settlement agreement are not legally alluded to ERISA because the settlement agreement was illegally entered by means of Fraud In the Inducement. (See plaintiff's complaint.)

11. Page 72 of plaintiff's complaint is the verification page of the complaint, which plaintiff has included in his state-court filing. (See the exhibit of plaintiff's rely memorandum.)

12. Defendant has wrongfully invoked the notice of removal because defendant cannot legally allude federal question particularly ERISA under the terms of the illegally entered settlement agreement. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandum.)

13. The settlement agreement consists of six pages and approximately many hundreds of sentences. Defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the settlement agreement. (See paragraphs 354-364 of plaintiff's complaint.) Furthermore, the defendant used the remaining hundreds of sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. (See complaint exhibit 2: the settlement agreement.)

14. Hence, plaintiff is a victim of fraud because of the facts that only a small part of the damages that plaintiff suffered, has suffered and continues to suffer is incidental money damage of losing benefits, and that plaintiff's "small incidental money damage" part of money damages does not qualify plaintiff to be classified as a participant. (See plaintiff's support and reply memorandum for plaintiff's motion for remand to state court.)

15. As a matter of fact, in 2001 plaintiff's claims were not ERISA claims, nor are plaintiff's current claims. (See plaintiff's complaint exhibit 1, and plaintiff's complaint.)

16. Back in 2001 plaintiff was fraudulently induced by defendant with trickeries to enter into the settlement agreement, and therefore, plaintiff's then and current rights were neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. (See plaintiff's complaint, motion for remand, and plaintiff's support and reply memorandums.)

## QUESTION OF LAW INVOLVED

Does the Pre-emption of ERISA allow an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement?

## DEFENDANT HAS WRONGFULLY FABRICATED INEXCUSABLE INACCURACY ABOUT PLAINTIFF'S COMMON LAW CLAIMS PARTICULARLY "FRUAD IN THE INDUCEMENT"

In defendant's opposition to plaintiff's verified petition for certification under 28 U.S.C. §1292(b), defendant has knowingly and improperly replaced "fraud in the inducement" with "fraud" in plaintiff's common law claims so as to undermine the material facts that (1) the settlement agreement has been illegally entered and that (2) plaintiff's then and current rights are neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. In addition, defendant has used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the illegally entered settlement agreement. (See plaintiff's complaint as well as the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.) Therefore, defendant cannot legally allude ERISA in one particular ambiguous sentence of the illegally entered settlement agreement. Hence, defendant has knowingly and wrongfully and improperly invoked the notice of removal due to the facts that defendant has wrongfully and improperly alleged "original federal question jurisdiction" from

Page 5 of 11

one particular ambiguous sentence of the illegally entered settlement agreement, and that plaintiff complaint has neither federal question nor diversity.

### DEFENDANT HAS DELIBERATELY MISAPPLIED THE PRE-EMPTION OF ERISA AND CITED CASES TO PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF'S COMPLAINT IS ABOUT DEFENDANT USING ILLEGAL MEANS (FRAUD IN THE INDUCEMENT) TO TRICK PLAINTIFF TO SIGN THE SETTLEMENT AGREEMENT SO THAT PLAINTIFF AS A VICTIM OF FRAUD MUST REMAIN FOREVER TO BE LEGALLY BOUND BY THE TERMS OF THE ILLEGALLY ENTERED SETTLEMENT AGREEMENT

As a matter of fact, the settlement agreement consists of six pages and approximately many hundreds of sentences. Defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the illegally entered settlement agreement. (See paragraphs 354-364 of plaintiff's complaint.) Furthermore, the defendant has used the remaining hundreds of sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. (See complaint exhibit 2: the settlement agreement.) Defendant has deliberately used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the terms of the illegally entered settlement agreement. As a result, plaintiff's then rights were illegally affected by the illegally entered settlement agreement. (See plaintiff's complaint as well as the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.) Based on the aforementioned reasons, defendant should have already known that plaintiff is a victim of fraud because of the undisputed material facts that (1) defendant has used Fraud In the Inducement to trick plaintiff to enter into the settlement agreement, (See plaintiff's complaint.) and that (2) defendant has also deceived plaintiff to receive benefits under the terms of the illegally entered settlement agreement, (See the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.) and that (3) only a small part of the damages that plaintiff suffered and has suffered and continues to suffer is incidental money damage of losing benefits, and that (4) plaintiff's "small incidental money damage" part of money damages does not qualify plaintiff to be classified as a participant. (See plaintiff's complaint and plaintiff's complaint exhibit 2: the settlement agreement.) In essence, the settlement agreement is "only incidentally related" to benefits. (See plaintiff's complaint exhibit 2: the settlement agreement.) Hence, defendant has knowingly misapplied the cited cases and also improperly applied the pre-emption of ERISA to plaintiff's common law claims.

## THE QUESTION OF LAW IS CONTROLLING

In order for a question to be *controlling*, all that must be shown is that the resolution of the issue on appeal could materially affect the outcome of litigation in the district court. The issue on appeal is that defendant has deliberately fabricated inexcusable inaccuracy about plaintiff's common law claims in order to apply the pre-emption of ERISA to plaintiff's common law claims so that plaintiff as a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. Based on the aforementioned facts, the district court's order dated the 20th day of March 2008 will likely be reversed on appeal. Hence, the resolution of the issue on appeal could materially affect the outcome of litigation in the district court. As a result, the Order, which was signed by Honorable Judge JAMES B. MORAN on the 20th day of March 2008 and was entered on the 25th day of March 2008, involves a controlling question of law.

## THE QUESTION IS CONTESTABLE AND THE COURT'S 3/20/2008 ORDER WILL LIKELY BE REVERSED ON APPEAL

Plaintiff has contended whether the Pre-emption of ERISA allows the terms of an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. In order for a claim to be preempted, federal law must so completely preempt a field of state law that the plaintiff's complaint must be re-characterized as stating a federal cause of action. This complete preemption occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts. In determining whether complete preemption exists, the court must look to Congressional intent. Does the Congress intend to transfer jurisdiction of the common law "Fraud In the Inducement" claim to federal courts? No, the Congress does not indicate this intention.

The Supreme Court has held that state law claims are completely preempted only in very limited circumstances. The principle is that complete preemption serves as an exception to the well-pleaded complaint rule. By bending the principle, defendant has deceitfully fabricated an inexcusable inaccuracy about plaintiff's claims and dishonestly omitted the undisputed material facts such as: (1) defendant has improperly and dishonestly replaced "Fraud In the Inducement"

with "Fraud" in plaintiff's common law claims, and (2) defendant has deliberately used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the terms of the illegally entered settlement agreement, and (3) defendant has deceitfully and improperly omitted the material facts that plaintiff's "incidental money damage due to losing benefits, which defendant has fraudulently induced plaintiff to receive, is only a small part of money damages that plaintiff suffered and has suffered and continues to suffer due to the terms of the illegally entered settlement agreement. With respect to Supreme Court's rulings on complete preemption of ERISA, it is a well-settled understanding that state law claims, where a small part of money damages involves "incidental money damage due to losing benefits", are not properly preempted by ERISA. Since the illegally entered settlement agreement is "only incidentally related" to benefits, defendant has wrongfully and improperly alleged "original federal question jurisdiction" from one particular ambiguous sentence of the illegally entered settlement agreement. Based on the aforementioned reasons, defendant has wrongfully and improperly invoked the notice of removal pursuant to 28 U.S.C. § 1441. Therefore, it is erroneous to deny plaintiff's Verified Motion For Remand to State Court.

Clearly, defendant has deliberately fabricated inexcusable inaccuracy about plaintiff's common law claims whereas plaintiff has honestly provided the undisputed material facts, which are directly derived from plaintiff's complaint and the complaint exhibits namely: the discrimination and retaliation lawsuit and the settlement agreement. Therefore, the question of law being involved on plaintiff's interlocutory appeal from the Order is contestable. Based on the above-mentioned reasons, the court's 3/20/2008 order will likely be reversed on appeal.

### RESOLUTION OF THE QUESTION WILL SPEED UP THE TERMINATION OF THE LITIGATION IN DISTRICT COURT

Defendant's Notice Of Removal results in an improper legal principle that the Pre-emption of ERISA allows the terms of an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement. Furthermore, defendant's notice of removal is against both the intent of Congress and the Supreme Court's rulings with respect to the application of complete preemption of ERISA. This kind of error results from the undisputed fact that defendant has wrongfully bent the Supreme Court's principle of complete preemption (one)

by fabricating inexcusable inaccuracy about plaintiff's common law claims and (two) by dishonestly omitting the material facts that (1) the settlement agreement has been illegally entered due to Fraud In The Inducement, and that (2) defendant has deliberately used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the terms of the illegally entered settlement agreement, and that (3) defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the settlement agreement, and then used the remaining hundreds of sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. (See paragraphs 354-364 of plaintiff's complaint.) It can be understood that defendant's notice of removal is manifestly erroneous, and therefore the denial of plaintiff's Verified Motion For Remand To State Court will likely be reversed on appeal. As a result, the resolution of the question involved on plaintiff's interlocutory appeal from this court's 3/20/2008 order will materially advance the ultimate termination of the litigation in the United States District Court for the Northern District of Illinois, Eastern Division.

## CONCLUSION

As a matter of fact, the settlement agreement has been illegally entered due to Fraud In The Inducement, and therefore the terms of the illegally entered settlement agreement cannot be legally enforced. Defendant has also used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive benefits under the terms of the illegally entered settlement agreement, which is "only incidentally related" to benefits. Therefore, the defendant has, in its notice of removal, improperly and wrongfully alleged "original federal question jurisdiction" from one particular ambiguous sentence of the illegally entered settlement agreement. (See paragraphs 354-364 of plaintiff's complaint.) Defendant has dishonestly and wrongfully omitted the material facts that defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the settlement agreement, and then used the remaining hundreds of sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. Besides, plaintiff complaint has neither federal question nor diversity. For the reasons stated above, defendant has wrongfully and improperly invoked the notice of removal pursuant to 28 U.S.C. § 1441 because Pre-emption of ERISA does not legally allow an illegally entered settlement agreement to become legally enforceable so that a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement

agreement. Hence, plaintiff respectfully requests that this court use its inherent power to reverse this court's 3/20/2008 order of denying plaintiff's Verified Motion For Remand to State Court pursuant to 28 U.S.C. § 1447. In addition, petitioner James C. Ho respectfully requests that this Court permit a 28 U.S.C. §1292(b) certification for plaintiff's interlocutory appeal from this Court's Order dated March 20, 2008.

Respectfully submitted,

*/s/ James Ho*
JAMES C. HO, pro se
Dated: 5-12-08

James C. Ho ("Plaintiff-Petitioner")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Plaintiff's Verified Reply To Defendant's Opposition to Plaintiff's Verified Petition For 28 U.S.C. §1292(b) Certification filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant


## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Reply To Defendant's Opposition to Plaintiff's Verified Petition For 28 U.S.C. §1292(b) Certification was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **U.S. Mail** this 12th day of May, 2008.

_____
JAMES C. HO, pro se

SWORN TO and subscribed before me on this 12th day of May 2008.

_____
Notary Public
My commission expires: 12-04-2008

"OFFICIAL SEAL"
Richetta Frances Kruzel
Notary Public, State of Illinois
My Commission Exp. 12/04/2008