IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, | ) |
|     Plaintiff, | ) Case No. 07 C 6743 |
| v. | ) Judge Moran |
| MOTOROLA, INC., | ) Magistrate Judge Ashman |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MAY 12, 2008 MOTION [Docket #36]**

Defendant Motorola, Inc. ("Motorola"), by its attorneys, hereby submits its memorandum of law in opposition to Plaintiff James Ho's Verified Motion to Alter or Amend Judgment Under Rule 59(e) of Fed. R. Civ. P. and Circuit Rule 8, and Motion to Stay Proceedings During Pendency of Appeal Under Rule 60(b) of Fed. R. Civ. P. and Circuit Rule 8, and Motion for Reconsideration to Remand to State Court Pursuant to § 1447(c) of 28 U.S.C. and Fed. R. Civ. P. 60(b) and Circuit Rule 57 [Docket #36].

**INTRODUCTION**

Plaintiff's May 12, 2008 motion contains three requests: 1) it asks the Court to reconsider its May 2 dismissal of Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 because Plaintiff claims this Court lacked jurisdiction and should have remanded the case to state court; 2) it asks the Court to stay these proceedings pursuant to Fed. R. Civ. P. 60(b) and Seventh Circuit Rule 8 while Plaintiff's appeal is pending; and 3) it seeks reconsideration of the Court's March 20, 2008 denial of Plaintiff's motion to remand. None of these requests has any merit.

Instead, as stated in Motorola's accompanying motion, the Court should certify Plaintiff's appeal as "frivolous" and then reissue its order dismissing Plaintiff's complaint. As discussed in more detail in that motion, there is no jurisdictional basis for Plaintiff's appeal and there is no sense in delaying these proceedings to await the inevitable dismissal of his appeal by the Seventh Circuit. (That court has suspended briefing and ordered the parties to file jurisdictional memoranda, suggesting that it is aware of the jurisdictional problems with Plaintiff's appeal).

Plaintiff's own motion ought to be denied. He requests relief pursuant to Rules 59 and 60 but those Rules provide relief only from *judgments*—not interlocutory orders. In any event, there is no merit to Plaintiff's requests pursuant to Rules 59 and 60, or if his motion is construed as a motion for reconsideration of an interlocutory order. Plaintiff's requests simply rehash arguments that Plaintiff made—and the Court rejected—in his motion to remand. The Court correctly ruled that it has federal question jurisdiction over Plaintiff's claims and there is no reason to revisit that conclusion. Accordingly, the Court should deny Plaintiff's May 12, 2008 motion in its entirety.

**I.      PROCEDURAL HISTORY**

    **A.      Removal from Cook County Circuit Court to the U.S. District Court for the Northern District of Illinois**

On October 29, 2007, Plaintiff filed a 72-page, 370-paragraph complaint against Motorola in Cook County Circuit Court. Motorola timely removed the case to federal court on November 30, 2007. [Docket #1]. On December 7, 2007, Motorola filed a motion to stay proceedings or in the alternative, to dismiss Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8. [Docket ## 6, 7].

On December 10, 2007, Plaintiff moved for remand. [Docket ## 8, 9]. On March 20, 2008, the Court denied Plaintiff's motion to remand, finding that Plaintiff's common law claims

for breach of contract and fraud were preempted by the Employee Retiree Income Security Act ("ERISA"), 29 U.S.C. 1000 *et seq.*, and therefore, were properly before the Court. [*See* Docket # 20].

### B.    Plaintiff's Two Purported Appeals of the Denial of His Motion to Remand

Even though the March 20, 2008 order was not a final order and Plaintiff had not obtained this Court's permission to appeal, on April 1, 2008 Plaintiff filed a notice of appeal with the Seventh Circuit, which was docketed as Case No. 08-1796.

Three days later, Plaintiff also filed with the Seventh Circuit a Verified Petition for Permission to Appeal Under 28 U.S.C. § 1292(b), which was docketed as Case No. 08-8004. The Seventh Circuit summarily dismissed this later appeal "for lack of jurisdiction because the district court has not certified in writing that its order dated March 20, 2008 is appropriate for immediate interlocutory appeal." [No. 08-8004, 7th Cir. Docket #2].

On April 4, 2008, the Seventh Circuit stayed briefing in the first appeal and ordered Plaintiff to file a "jurisdictional memorandum," which Plaintiff did on April 14, 2008. [*Id.* Docket ##3, 4]. On April 17, 2006, the Seventh Circuit ordered Motorola to file a response to Plaintiff's jurisdictional memorandum. [*Id.* Docket #6]. Motorola filed its response on April 21, 2008, arguing that there was no appellate jurisdiction. [*Id.* Docket #9].

On April 14, 2008, Plaintiff filed with this court a Verified Petition for Certification Under 28 U.S.C. § 1292(b). [Docket #27] Motorola filed its opposition to that petition on May 1, 2008, and Plaintiff filed his reply on May 12, 2008. [Docket ##33, 38].

### C.    The Court's Ruling On Motorola's Motion to Dismiss

On May 2, 2008, the Court granted Motorola's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 8 and "granted [Plaintiff] leave to re-plead his complaint within 30

3

days." [Docket #35]. On May 12, 2008, Plaintiff filed his current motion. [Docket ##36, 37]. Plaintiff did not file an amended complaint.

## ARGUMENT

**II. THE COURT SHOULD CERTIFY PLAINTIFF'S REMAINING APPEAL AS FRIVOLOUS AND REISSUE ITS MAY 2, 2008 ORDER DISMISSING THE COMPLAINT FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8.**

To ensure there is no uncertainty as to whether this Court continues to have jurisdiction despite Plaintiff's appeals, Motorola submits that the Court should withdraw its May 2, 2008 dismissal of Plaintiff's complaint, certify Plaintiff's pending notice of appeal (No. 08-1796) as frivolous and then reissue its order dismissing Plaintiff's 72-page, 370-paragraph complaint for failure to comply with Fed. R. Civ. P. 8. Motorola is simultaneously filing a separate motion to this effect. Granting Motorola's motion will render moot portions of Plaintiff's motion directed at this Court's May 2, 2008 order.

**III. THE COURT SHOULD DENY PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 59 AND CIRCUIT RULE 8 TO "ALTER OR AMEND" ITS DISMISSAL OF PLAINTIFF'S COMPLAINT.**

In Part I of his motion, Plaintiff asserts that this Court's May 2, 2008 order dismissing his complaint should be "declared null and void pursuant to rule 59(e) . . . for lack of federal court jurisdiction over plaintiff's common law claims." (Pl. Mot. at 7). Alternatively, in part II of his motion, Plaintiff asks this Court to stay its May 2, 2008 order while his appeal is pending. (*Id.*).[1]

Neither of these requests should be granted. First, this Court plainly has jurisdiction over Plaintiff's claims for disability benefits under Motorola's benefits plan, and there is no reason to delay these proceedings because Plaintiff has filed an utterly improper notice of appeal.[2]

---

[1] Plaintiff also petitioned this Court to stay proceedings pursuant to "Circuit Rule 8." (Pl. Mot. at 2). Circuit Rule 8 governs motions made to the Seventh Circuit and has no applicability here. *See* Circuit Rule 8.

[2] Although not for the reasons cited by Plaintiff, the Court may not have had jurisdiction (procedurally) to enter its May 2, 2002 order, as discussed further in Defendant's simultaneously-filed motion to certify

4

Moreover, Rule 59 may only be used to alter or amend a *judgment*, which this Court's May 2, 2008 order is not. In addition, Plaintiff's motion fails to meet even the most basic requirements of Rule 7 and may be denied for that reason as well. Finally, even if Plaintiff's motion is construed as a motion for reconsideration of an interlocutory order, motions for reconsideration are disfavored and appropriate only in limited situations. *See Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). This is not one of those limited situations; there is no reason to revisit the issue of whether this Court has federal jurisdiction over Plaintiff's claims. [*See* Docket #17, Def. Opp. to Pl. Mot. to Remand].

### A.    This Court Has Federal Jurisdiction Over Plaintiff's Claims.

This Court has already determined that it has federal court jurisdiction over Plaintiff's common law claims. [Docket #20; *see also* Def. Opp. to Pl. Mot. to Remand, Docket #17]. Plaintiff's complaint was properly removed even though Plaintiff does not specifically cite ERISA in his complaint because it seeks disability benefits from the Motorola Disability Income Plan, an employee benefit plan as defined by 29 U.S.C. § 1002(2), and thus a plan regulated by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (ERISA is one of the federal statutes which "completely pre-empts the state-law cause of action . . . even if pleaded in terms of state law, [because it] is in reality based on federal law") (citation omitted); *see also* 29 U.S.C. § 1331.

Additionally, resolving Plaintiff's claims for long term disability benefits will necessarily require reference to and interpretation of an employee benefit plan, namely, the Motorola Disability Income Plan, providing another basis for removal to federal court. *See Boggs v. Boggs*, 520 U.S. 833 (1997); *Sembos v. Philips Components,* 376 F.3d 696, 703 (7th Cir. 2004);

---

Plaintiff's appeal as frivolous and reissue its dismissal of Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8.

*Anderson v. Chrysler* Corp., 99 F.3d 846, 856 (7th Cir. 1996); *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762, 767 (7th Cir. 1993). Thus, there is no question that this Court correctly concluded that Plaintiff's claims are preempted by federal law and properly before this Court.[3]

      **B.**    **There is No Appellate Jurisdiction and Thus No Reason to Delay This Case Pending Plaintiff's Notice of Appeal.**

There is no reason to stay these proceedings. As discussed in more detail in Motorola's accompanying motion, the Court need only certify Plaintiff's appeal as frivolous and proceed. As the Seventh Circuit has recognized, it would not be just or appropriate for such a frivolous appeal to "block the normal progress of litigation." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). This Court should deny Plaintiff's request to stay proceedings because it is only a matter of time before the Seventh Circuit dismisses his notice of appeal for lack of jurisdiction.

      **C.**    **Rule 59 Cannot Be Used to Alter or Amend This Court's Non-Final, Unappealable May 2, 2008 Order.**

          1.    <u>Fed. R. Civ. P. 59 applies only to final judgments.</u>

Plaintiff moves pursuant to Rule 59, but that rule is inapplicable because this Court has not entered judgment. Rule 59 refers expressly to "altering or amending a *judgment*." *See* Fed. R. Civ. P. 59 (emphasis added). "Judgment" is defined as: "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Accordingly, Rule 59 may only be used to amend or alter a final, appealable decision. *See Schmude v. Sheahan*, No. 00 C 4580, 2004 WL 887387, at *3 (N.D. Ill. April 23, 2004) ("The opinion and order of March 29, 2004 is not a judgment as

---

[3] Even if this Court were to determine that only one of Plaintiff's claims is preempted, the Court still could exercise supplemental jurisdiction over that claim because the remaining claim would be "so related to [the federal] claims . . . that they form part of the same case or controversy." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166-67 (1997).

6

defined by Federal Rule of Civil Procedure 54(a), and as such outside the purview of Rule 59(e).").

        2.      <u>The Court's May 2, 2008 order, dismissing Plaintiff's complaint (but not his case) is not a final, appealable judgment.</u>

The Court's May 2, 2008 order dismissed Plaintiff's *complaint*, but not his case. Moreover, the Court *sua sponte* granted Plaintiff leave to file an amended complaint within 30 days. Therefore, the May 2, 2008 order was not a final judgment and Rule 59(e) cannot apply. "To determine whether a judgment is final, the language of the judgment itself is controlling," *Paganis v. Blonstein*, 3 F.3d 1067, 1069 (7th Cir. 1993), and it is well established that "the simple dismissal of a complaint does not terminate the litigation," *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987); *accord Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993) ("if a judgment entry dismisses only the complaint, it is not a final judgment"); *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 676 (7th Cir. 1988) ("We have jurisdiction . . . only if the district court has terminated the litigation in its entirety. The mere fact that the court below may have dismissed the complaint is insufficient. . . . An order dismissing a complaint is not final because a plaintiff may file an amended complaint, resurrecting the lawsuit."). "[U]nder 'special circumstances,' dismissal of the complaint could constitute adequate finality." *Principal Mutual*, 845 F.2d at 676. But this exception applies only when the district court has in some way made it "clear" that the action could not be resurrected by any amendment of the complaint that the plaintiff could reasonably be expected to make. *Id.*

Here, the Court's May 2, 2008 order specifically states: "defendant's motion to dismiss is granted, and plaintiff is granted leave to re-plead his complaint within 30 days." [Docket #35 at 2]. The Court clearly contemplated that Plaintiff would "resurrect" his complaint; therefore, the

7

May 2 order was not a final judgment and Rule 59 provides no basis for relief. The Court should deny Plaintiff's motion to alter or amend judgment pursuant to Rule 59.

> **D.  Even If The May 2, 2008 Order Could Be Construed As A Final Judgment, Plaintiff's Motion Does Not Contain The Required Specificity To Prevail On A Rule 59(e) Motion.**

The Court should also deny Plaintiff's motion pursuant to Rule 59 because it lacks the specificity required by Rule 7. In *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001), the Seventh Circuit affirmed the denial of a plaintiff's Rule 59(e) motion "because it lacked sufficient specificity to satisfy the particularity requirement of Federal Rule of Civil Procedure 7(b)(1)." In *Talano*, the plaintiff had argued in his motion that there were "several reasons" which should have caused the Court to reconsider its decision to dismiss his case, namely that the Court had "misapplied fundamental principles of contract law, failed to apply other well-recognized principles, and is in conflict with precedent of the Seventh Circuit construing Illinois state contract law." *Id.* at 760-761. The Seventh Circuit concluded that the plaintiff's argument was "devoid of specificity" and noted that the plaintiff had failed to supply any citations in support of his assertions. *Id.* Accordingly, the court affirmed the district court's denial of the plaintiff's Rule 59 motion, concluding that "[w]ithout more, these assertions do not satisfy Rule 7(b)(1)." *Id.* at 761. Similarly, Plaintiff has supplied but one paragraph and no legal authority in support of his motion for relief pursuant to Rule 59(e). (*See* Pl. Mot. at 1-2). The Court should deny Plaintiff's motion to alter or amend this Court's May 2, 2008 ruling pursuant to Rule 59(e) for failure to comply with Fed. R. Civ. P. 7.

**IV.  THE COURT SHOULD DENY PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 60 AND CIRCUIT RULE 8 TO STAY PROCEEDINGS.**

The Court should also deny Plaintiff's motion to stay proceedings pursuant to Rule 60(b) while his appeal is pending with the Seventh Circuit because, just as with Rule 59, Rule 60

applies only to final judgments, but none has been issued. Moreover, Plaintiff has identified no valid ground for a stay, under either Rule 59 or 60 or if Plaintiff's motion is construed as a simple motion for reconsideration of an interlocutory order.

### A. Rule 60 Applies Only to Final Judgments.

Like Rule 59, discussed in Part III, *supra*, Rule 60(b)'s reference to "Grounds for Relief from a Final Judgment, Order or Proceeding" means that it may only be used to obtain relief from a final judgment. "Rule 60(b) must be limited to review of orders that are independently 'final decisions' under 28 U.S.C. § 1291." *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 773 F.2d 151, 153-54 (7th Cir. 1985). For the reasons outlined in Part III.C.2., *supra*, the May 2, 2008 Order is not a final decision and Plaintiff's effort to obtain relief pursuant to Rule 60(b) must be denied. To the extent Plaintiff is attempting to use the Court's March 20, 2008 order as the basis for relief pursuant to Rule 60 his motion must be denied because the Court's March 20, 2008 order also was not a final judgment. (*See* Def. Mot. To Certify Pl. Appeal as Frivolous, filed herewith).

### B. In Any Event, There Is No Merit to Plaintiff's Rule 60(b) Request.

#### 1. Rule 60(b) is reserved for use as an "extraordinary remedy" for "exceptional circumstances."

Plaintiff moves that the Court stay these proceedings pursuant to Fed. R. Civ. P. 60. (*Compare* Pl. Mot. at 1-2 *with* Pl. Mot. at 2-3). As courts have often noted, however, "the grounds for relief under Rule 60(b) are more limited than those for relief under 59(e)." *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). Indeed, "relief under Rule 60(b) is an extraordinary remedy granted only in six exceptional circumstances." *Burris v. Shaw*, 124 Fed. Appx. 431, 432, 2004 WL 2924182, at *1 (7th Cir. Dec. 7, 2004). These exceptional circumstances are:

9

> (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic of extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); *see also Barksdale v. Walker*, No. 07-CV-3059, 2008 WL 907431, at *1 (C.D. Ill. April 1, 2008).

Accordingly, relief pursuant to Rule 60(b) is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)). "The Seventh Circuit has emphasized that Rule 60(b) imposes an 'exacting standard' under which the movant must demonstrate exceptional circumstances to prevail." *Neuman v. U.S.*, No. 07-CV-0362-MJR, 2008 WL 117859, at *1 (S.D. Ill. Jan. 10, 2008).

"Though 'pro se plaintiffs are entitled to have their pleadings liberally construed,' all litigants must satisfy the minimum pleading requirements necessary to show that any of the grounds listed in Rule 60(b) applies." *Id.* at *2 (quoting *Vukadinovich v. McCarthy*, 901 F.2d 1429, 1445 (7th Cir. 1990)). If a plaintiff's motion "fails to conform to any of the grounds specified in 60(b)" it should be denied. *Talano*, 273 F.3d at 760.

      2.    <u>Plaintiff's motion for relief pursuant to Rule 60(b) is without merit.</u>

Plaintiff argues that the Court should stay proceedings pursuant to Rule 60(b) because this Court allegedly lacks subject matter jurisdiction over his claims. In doing so, he repeatedly refers to Motorola's removal of his case to federal court and this Court's subsequent denial of his motion to remand. (Pl. Mot. at 2). Plaintiff cites three "undisputed" facts in support of his request: (1) "defendant has deliberately fabricated inexcusable inaccuracy [sic] about plaintiff's

10

common-law claims in order to apply the pre-emption of ERISA to plaintiff's common law claims so that plaintiff as a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement," (Pl. Mot. at 3); (2) "defendant's notice of removal is incongruous with both the intent of Congress and the Supreme Court's rulings with respect to the application of complete preemption of ERISA" (*Id.*), and (3) "this court's 3/20/2008 order will likely be reversed on appeal due to the undisputed material facts that defendant has wrongfully and improperly alleged 'original federal question jurisdiction' . . . " (*Id.*).

The only two grounds for relief pursuant to Rule 60(b) which can be gleaned from Plaintiff's motion are an alleged error of law (as to preemption) and fraud. An error of law is a basis for relief pursuant to Rule 59(e), not Rule 60. *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence."). Plaintiff cannot move at this late date for relief pursuant to Rule 59(e) regarding the Court's denial of his motion to remand, because a Rule 59 motion must be filed within 10 days of the entry of the judgment in question. *See* Fed. R. Civ. P. 59(e). Therefore, to the extent Plaintiff is now moving for reconsideration of the Court's March 20, 2008 judgment based on an error of law, his motion is untimely.

A Rule 60 motion (but not a Rule 59 motion) may be made based upon fraud. But a plaintiff asking for relief pursuant to Rule 60(b)(3) based on fraud must prove by "clear and convincing evidence" that "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Here, Plaintiff does nothing more than make bald accusations of fraud, accusing

11

Motorola of "fabricating inexcusable inaccuracy [sic]" about the facts of the case "so that plaintiff as a victim of fraud must remain forever to be legally bound by the terms of the illegally entered settlement agreement" and that Motorola "wrongfully and improperly alleged 'original federal question jurisdiction . . . .'" (*See* Pl. Mot. at 2-3).  These non-specific, unsubstantiated allegations are far from the "exceptional circumstances" required by Rule 60(b) motion.  *See Harris v. County of Cook*, 202 F.3d 273, 1999 WL 809719, at *1 (7th Cir. Oct. 7, 1999) (unpublished) (finding plaintiff failed to prove she was entitled relief pursuant to Rule 60(b) where in her brief she provided only "vague and unsubstantiated" and "undetailed and unfounded" allegations which consisted of "describ[ing] defendants' deposition testimony as 'orchestrated' and 'false' and characteriz[ing] the defendants' statement of facts as 'artful and deceptive' . . . and 'actively misleading'"); *see also Di Vito v. Fidelity and Deposit Co.*, 361 F.2d 936, 939 (7th Cir. 1966) ("Conclusory averments of the existence of fraud . . . unaccompanied by a statement of clear and convincing probative facts . . . do not serve to raise the issue of the existence of fraud, much less to carry the burden of resolving that issue.").  Therefore, the Court should deny Plaintiff's motion to stay proceedings pursuant to Rule 60(b).

**V.      THE COURT SHOULD DENY PLAINTIFF'S MOTION PURSUANT TO RULE 60(b) FOR RECONSIDERATION OF ITS DENIAL OF PLAINTIFF'S MOTION TO REMAND.**

In Part III of his motion, Plaintiff seeks to have the Court reconsider its March 20, 2008 denial of his motion to remand.  As set forth in Part IV above, Plaintiff's motion cannot be brought under Rule 60(b).  Moreover, even if construed as a motion for reconsideration of an interlocutory order, Plaintiff does nothing more than rehash arguments as to federal jurisdiction that the Court has already rejected.  Plaintiff offers nothing new (besides possibly his vague and

unsubstantiated allegations as described in Part IV above). Accordingly, the Court should deny Part III of Plaintiff's motion.[4]

Additionally, the Court should deny Part III of Plaintiff's motion because although Plaintiff urges this Court to reconsider its March 20, 2008 denial of his motion to remand, there has been no change in circumstances which warrants a reexamination of this Court's ruling. As discussed in Part III.A., *supra*, Plaintiff's common law claims for benefits under an ERISA plan are federal claims and thus are properly before this Court. (*See also* Def. Opp. to Pl. Mot. to Remand [Docket #17], adopted and incorporated herein). Plaintiff's request that this Court reconsider its March 20, 2008 order is inconsistent with his argument in Part I of his motion that his notice of appeal "divests the district court of jurisdiction over those aspects of the case *involved in the appeal*." (Pl. Mot. at 2) (emphasis added). The Court should deny Plaintiff's motion to reconsider its March 20, 2008 order.

---

[4] Plaintiff again referred to a circuit rule, here Circuit Rule 57, as a basis for relief, but circuit rules do not provide a basis for the relief he requests in this forum. (Pl. Mot. at 3).

## **CONCLUSION**

The Court should deny Plaintiff's May 12, 2008 motion in its entirety.

                                        Respectfully submitted,

                                        MOTOROLA, INC.

                                        By: _____s/Ada Dolph_____
                                                     One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

June 11, 2008

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of ***Defendant's Opposition To Plaintiff's To Plaintiff's May 12, 2008 Motion For Relief Pursuant To Fed. R. Civ. P. 59 And 60 And For Reconsideration Of The Court's March 20, 2008 Order Denying His Motion To Remand*** was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **U.S. Mail** this 11th of June, 2008.

s/Ada W. Dolph<br>
Ada W. Dolph

CH1 11496106.4