IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, | ) |
| | ) |
| Plaintiff, | ) Case No. 07 C 6743 |
| | ) |
| v. | ) Judge Moran |
| | ) |
| MOTOROLA, INC., | ) Magistrate Judge Ashman |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
THAT THE COURT CERTIFY PLAINTIFF'S REMAINING APPEAL
AS FRIVOLOUS AND REISSUE ITS DISMISSAL OF PLAINTIFF'S
<u>COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 8</u>**

Defendant Motorola, Inc. ("Motorola"), submits this memorandum of law in support of its motion that the Court certify Plaintiff's remaining appeal (Seventh Circuit Docket No. 08-1796) as frivolous and reissue its dismissal of Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8.

## <u>INTRODUCTION</u>

Plaintiff still has pending one of his two appeals from the Court's March 20, 2008 denial of his motion to remand pending in the Seventh Circuit. (His second was summarily dismissed "for lack of jurisdiction."). However, there is no basis for appellate jurisdiction over the Court's March 20 order under either 28 U.S.C. § 1291, the collateral order exception to 28 U.S.C. § 1291, or 28 U.S.C. § 1292(b). Therefore, in order to avoid any uncertainty as to this Court's continuing jurisdiction over the case, the Court should certify that Plaintiff's remaining appeal is "frivolous." The Court should then reissue its May 2, 2008 dismissal of Plaintiff's complaint because his 370-paragraph, 72-page complaint clearly fails to comply with Fed. R. Civ. P. 8.

## I. PROCEDURAL HISTORY

### A. Removal from Cook County Circuit Court to the U.S. District Court for the Northern District of Illinois

On October 29, 2007, Plaintiff filed a 72-page, 370-paragraph complaint against Motorola in Cook County Circuit Court. Motorola timely removed the case to federal court on November 30, 2007. [Docket #1]. On December 7, 2007, Motorola filed a motion to stay proceedings or in the alternative, to dismiss Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8. [Docket ## 6, 7].

On December 10, 2007, Plaintiff moved for remand. [Docket ## 8, 9]. On March 20, 2008, the Court denied Plaintiff's motion to remand, finding that Plaintiff's common law claims for breach of contract and fraud were preempted by the Employee Retiree Income Security Act ("ERISA"), 29 U.S.C. 1000 *et seq.*, and therefore, were properly before the Court. [*See* Docket # 20].

### B. Plaintiff's Two Purported Appeals of the Denial of His Motion to Remand

Even though the March 20, 2008 order was not a final order and Plaintiff had not obtained this Court's permission to appeal, on April 1, 2008 Plaintiff filed a notice of appeal with the Seventh Circuit, which was docketed as Case No. 08-1796.

Three days later, Plaintiff also filed with the Seventh Circuit a Verified Petition for Permission to Appeal Under 28 U.S.C. § 1292(b), which was docketed as Case No. 08-8004. The Seventh Circuit summarily dismissed this later appeal "for lack of jurisdiction because the district court has not certified in writing that its order dated March 20, 2008 is appropriate for immediate interlocutory appeal." [No. 08-8004, 7th Cir. Docket #2].

On April 4, 2008, the Seventh Circuit stayed briefing in the first appeal and ordered Plaintiff to file a "jurisdictional memorandum," which Plaintiff did on April 14, 2008. [*Id.*

Docket ##3, 4]. On April 17, 2006, the Seventh Circuit ordered Motorola to file a response to Plaintiff's jurisdictional memorandum. [*Id.* Docket #6]. Motorola filed its response on April 21, 2008, arguing that there was no appellate jurisdiction. [*Id.* Docket #9].

On April 14, 2008, Plaintiff filed with this court a Verified Petition for Certification Under 28 U.S.C. § 1292(b). [Docket #27] Motorola filed its opposition to that petition on May 1, 2008, and Plaintiff filed his reply on May 12, 2008. [Docket ##33, 38].

## II.     ARGUMENT

As noted, Plaintiff filed not one, but two appeals of the Court's March 20 order denying his motion to remand. The second, styled as a petition for 29 U.S.C. § 1292 certification, was summarily dismissed. The first remains pending with the Seventh Circuit, but the Seventh Circuit has stayed briefing and ordered the parties to submit "jurisdictional" memoranda.

While "[a] baseless notice of appeal does not divest the district court of its jurisdiction," Seventh Circuit authority suggests that a notice of appeal, even a frivolous one, may temporarily deprive the district court of jurisdiction over the issues presented on the appeal. *Blue Cross & Blue Shield Assoc. v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). However, a district court need only certify that the appeal is "frivolous" in order to proceed. *Id.*; *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (holding that if "a notice of appeal from an interlocutory order is a frivolous effort to block the normal progress of litigation, the district court may so certify and continue with the case"). That said, after certifying an appeal as "frivolous" but before proceeding with the case, a court may wish to give the plaintiff time to seek a stay from the appellate court. *See Blue Cross & Blue Shield Assoc.*, 467 F.3d at 637. In sum, an "appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision." *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006).

3

Plaintiff's notice of appeal is completely without merit and should be certified as frivolous because there is absolutely no basis for appellate jurisdiction over the order he wishes to appeal, the denial of his motion to remand. Plaintiff has nonetheless asserted in his various motions that there is appellate jurisdiction over the order, pursuant to 28 U.S.C. § 1291, the collateral order exception to 28 U.S.C. § 1291, and 28 U.S.C. § 1292(b). However, it is clear that none of these confers appellate jurisdiction over the March 20, 2008 interlocutory order issued by this Court.

### A. There Is No Final Judgment And Thus, No 28 U.S.C. § 1291 Jurisdiction Over The Court's Order Denying Plaintiff's Motion For Remand.

The general rule is that a case must be completely terminated and a final judgment entered before a party may appeal. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); *see also Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 676 (7th Cir. 1988) ("We have jurisdiction . . . only if the district court has terminated the litigation in its entirety.); *Rohrer, Hibler & Replogle, Inc. v. Perkins*, 728 F.2d 860, 861 (7th Cir. 1984) ("This court's jurisdiction under § 1291 normally 'depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

The Seventh Circuit has examined precisely the situation presented by this case and concluded that "[a]n order denying a motion to remand a case to state court cannot, by any stretch of the imagination, be considered 'final' within the meaning of § 1291." *Perkins*, 728 F.2d at 861.

B.   **The Seventh Circuit Has Held That The Collateral Order Exception to § 1291 Does Not Apply to a Denial of a Motion to Remand.**

There is one judicially-created exception to 28 U.S.C. § 1291's limit on appellate jurisdiction to final decisions, referred to as the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949) (creating the collateral order exception to the general rule that an order must be final to be reviewed on appeal). To fall within this exception, the order must do each of these three things: (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468. This exception to § 1291 is "construed narrowly." *Perkins*, 728 F.2d at 862.

The Seventh Circuit has held that the denial of a motion to remand cannot be a collateral order because it will be reviewable on appeal from a final judgment and thus, fails to satisfy the third element of the collateral order exception. *Id.; cf. McCullough v. Hall*, No. 05-3090, 154 Fed. Appx. 538, 539-40 (7th Cir. 2005) (unpublished) (citing *Perkins* and reiterating that "the propriety of the removal or the ruling on their motion to remand could have been raised in an appeal once the case was litigated to a final judgment," and was therefore not a basis for relief pursuant to Rule 60(b), which is available only as to final judgments); *see also Bishop v. Bechtel Power Corp.*, 905 F.2d 1272 (9th Cir. 1990) ("it is clear that the 'collateral order' exception to § 1291's finality requirement does not apply to orders denying remand); *Neal v. Brown*, 980 F.2d 747, 748 (D.C. App. 1992) (same).

### C. No Court Has Certified the March 20, 2008 Order Pursuant to 28 U.S.C. § 1292, Nor is This the Exceptional Case Meriting Such Certification.

Finally, Plaintiff asserts that there is appellate jurisdiction over the March 20, 2008 order pursuant to 28 U.S.C. § 1292(b).[1] As an initial matter, this Court did not certify its March 20, 2008 order as the "exceptional case" which would "justify departure from the final judgment rule." *Happel v. Wal-Mart Stores, Inc.*, No. 02 C 7771, 2006 WL 1840382, at *2 (N.D. Ill. June 29, 2006) (Moran, J.). Therefore, the Seventh Circuit immediately dismissed Plaintiff's attempt to appeal the March 20, 2008 order pursuant to 1292(b). (*See* No. 08-8004, 7th Cir. Dckt. Docket # 2) (summarily dismissing Plaintiff's petition for appellate review pursuant to 28 U.S.C. § 1292(b) "for lack of jurisdiction because the district court has not certified in writing that its order dated March 20, 2008 is appropriate for immediate interlocutory appeal").

As discussed in more detail in Motorola's opposition to Plaintiff's petition to this Court for certification pursuant to 28 U.S.C. § 1292(b) ([Docket #33], adopted and incorporated herein), the March 20, 2008 order denying Plaintiff's motion to remand is also not an "exceptional" one deserving of immediate appellate review. In addition, as the Seventh Circuit has recognized, "[t]he district court order denying the motion to remand will be reviewable on appeal from a final judgment." *Perkins*, 728 F.2d at 862.

---

[1] Section 1292(b) provides in relevant part as follows:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: . . . .

## **CONCLUSION**

The Court should certify Plaintiff's remaining appeal (Seventh Circuit Docket No. 08-1796) as frivolous and reissue its dismissal of Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8.

        Respectfully submitted,

        MOTOROLA, INC.

        By: _____s/Ada Dolph_____
                One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

June 11, 2008

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of *Defendant's Memorandum Of Law In Support Of Its Motion That The Court Certify Plaintiff's Remaining Appeal As Frivolous And Reissue Its Dismissal Of Plaintiff's Complaint For Failure To Comply With FRCP 8* was served upon:

>James C. Ho
>2136 Briar Hill Drive
>Schaumburg, Illinois 60194
>(847) 885-1893

by having the same sent via **U.S. Mail** this 11th of June, 2008.

s/Ada W. Dolph
Ada W. Dolph

8

CH1 11497075.3