IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 17 2008 TC
Jun 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMES C. HO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07 C 6743 |
| MOTOROLA, INC., | ) Judge Moran |
| Defendant. | ) Magistrate Judge Ashman |

**PLAINTIFF'S VERIFIED MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND VERIFIED MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1447(c)**

At this time when it becomes evident that defendant's notice of removal is incongruous with the intent of Congress and the Supreme Court's rulings with respect to complete preemption of ERISA, plaintiff, JAMES C. HO ("Plaintiff"), pursuant to 28 U.S.C. § 1447(c), hereby respectfully submits Plaintiff's Verified Memorandum In Support Of Plaintiff's Second Verified Motion To Remand For Lack Of Subject Matter Jurisdiction with respect to Case 2007 L 012185, which was commenced in the Law Division of the Circuit Court of Cook County, Illinois.

**STATEMENT OF FACTS**

1. Plaintiff terminated his employment at Motorola in or about June 2001. (See paragraph 79 of plaintiff's complaint.) Also, plaintiff's complaint, which was filed in the Law Division of the Circuit Court of Cook County on the 29th of October 2007, is definitely not employee litigation.

2. Plaintiff's discrimination and retaliation lawsuit does not pertain to either disability discrimination or Motorola's benefit plans. The discrimination claim of the lawsuit is only based on national origin discrimination whereas the retaliation claim is caused by limiting plaintiff's employment opportunities and by relegating him to non-management positions. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

3. Plaintiff's discrimination and retaliation lawsuit is related to neither plaintiff's disability benefits nor the ERISA plans. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

4. Back in 2001 plaintiff's claims in the discrimination and retaliation lawsuit were not ERISA claims. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

5. Back in 2001 plaintiff's rights flowed from the discrimination and retaliation lawsuit. Hence, back in 2001 plaintiff's rights did not flow from the ERISA plan and the then rights were not the stuff of ERISA. (See plaintiff's complaint exhibit 1: the discrimination and retaliation lawsuit.)

6. Back in 2001 plaintiff was fraudulently induced by defendant with trickeries to enter into the settlement agreement, and therefore, plaintiff's then and current rights were neither legally bound nor legally affected by the terms of the illegally entered settlement agreement. (See plaintiff's complaint.)

7. In 2001, Defendant used illegal means (Fraud In the Inducement) and trickeries to defraud plaintiff to give up plaintiff's many legal rights under the terms of the Settlement Agreement. (See plaintiff's complaint, and complaint exhibit 2: the settlement agreement.)

8. In 2001, Defendant used illegal means (Fraud In the Inducement) and trickeries to deceive plaintiff to receive the benefits under the settlement agreement. (See plaintiff's complaint, and the last sentence in paragraph 6 of complaint exhibit 2: the settlement agreement.)

9. Back in 2001 defendant used illegal means (Fraud In the Inducement) and trickeries to allude ERISA under one particular ambiguous sentence of the settlement agreement. Hence, defendant can fabricate ERISA with the notice of removal. (See paragraphs 58-64 of plaintiff's complaint.)

10. Hence, plaintiff's then rights and how they were illegally affected by the settlement agreement are not legally alluded to ERISA because the settlement agreement was illegally entered by means of Fraud In the Inducement. (See plaintiff's complaint.)

11. Page 72 of plaintiff's complaint is the verification page of the complaint, which plaintiff has included in his state-court filing. (See the exhibit of plaintiff's rely memorandum [Docket #18].)

12. Defendant has wrongfully and improperly removed plaintiff's complaint because defendant cannot legally allude federal question particularly ERISA under the terms of the illegally entered settlement agreement of which the legal duties (rights and obligations) are independent of ERISA. (See plaintiff's complaint.)

13. The settlement agreement consists of six pages and approximately many hundreds of sentences. Defendant designed and wrote the settlement agreement and fabricated ERISA in one particular ambiguous sentence of the settlement agreement. (See paragraphs 354-364 of plaintiff's complaint.) Furthermore, the defendant used the remaining hundreds of

sentences of the illegally entered settlement agreement to defraud plaintiff of plaintiff's many legal rights. (See complaint exhibit 2: the settlement agreement.)

14. Hence, plaintiff is a victim of fraud due to "Breach of the Settlement Agreement" and "Fraud In the Inducement" because of the facts that (**material fact #1**) only a small part of the damages that plaintiff suffered and has suffered and continues to suffer *forever* under the terms of the illegally entered settlement agreement is incidental money damage of losing benefits, and that (**material fact #2**) plaintiff's "small *incidental* money damage" part of money damages does not qualify plaintiff to be classified as a participant, and that (**material fact #3**) the legal duties[1] (rights and obligations) of the *illegally entered* settlement agreement are independent of ERISA.

15. As a matter of fact, in 2001 plaintiff's claims were not ERISA claims, nor are plaintiff's current claims. In plaintiff's complaint, there is neither diversity of citizenship nor question of federal law. (See plaintiff's complaint exhibit 1: discrimination and retaliation lawsuit, and plaintiff's complaint.)

16. In plaintiff's complaint, plaintiff only seeks for money damages[2]. *The items in the relief section are rough estimates that can be used to approximate plaintiff's economic damages that plaintiff suffered and has suffered and continues to suffer as a direct and proximate result of plaintiff's common law claims supported by the legal duties that are entirely derived from the terms of the illegally entered settlement agreement.* (See paragraphs 4, 78-80, 204, 234, 366 and 370 of plaintiff's complaint.)

---

[1] A legal duty is not independent of ERISA if it "derives entirely from the particular rights and obligations established by ERISA benefit plans." *Davila*, 542 U.S.

[2] In plaintiff's causes of action, the harm arose because plaintiff must remain forever to be legally bound by the legal duties (rights and obligations) imposed by the terms of the illegally entered settlement agreement.

17. The settlement agreement is independent of either ERISA or the ERISA plan terms. (See plaintiff's complaint exhibit 2: the settlement agreement.)

## LEGAL STANDARDS GOVERNING REMOVAL

As a general rule, an action is removable to a federal court only if it might have been brought there originally, 28 U.S.C. § 1441(a). Because removal ousts a state court of jurisdiction, "due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the (removal) statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), cert. Denied, 522 U.S. 1075 (1998).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it was removed. 28 U.S.C. § 1447(c).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant

may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987)), cert. Denied, 532 U.S. 921 (2001).

A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pacific Railroad Co.*, 80 F.3D 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)).

"Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpiller*, 482 U.S. at 399. "Thus, a case may not be removed to federal court on the basis of a defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotations and alterations omitted).

There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). Under this doctrine, "[o]nce an area of state law is considered, from its inception, a federal claim, and there arises under federal law." *Caterpiller*, 482 U.S. at 393. The artful pleading doctrine, which provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions, Rivet, 522 U.S. at 475, is limited to federal statutes which "so

completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal." *Metropolitan Life,* at 481 U.S. at 63.

"Whether federal law pre-empts a state-law cause of action is a question of congressional intent." *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252 (1994). Courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit." *Magee v. Exxon Corp.,* 135 F.3d 599, 602 (8th Cir. 1988) (internal citation omitted) "[T]he prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Metropolitan Life* at 69 (J. Brennan, concurring).

Under 28 U.S.C. § 1331, the federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. An action "arises under" federal law within the meaning of Section 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28, (1983). A state-law claim may be treated as one "arising under" federal law only where the vindication of the state law right necessarily turns on some construction of federal law. *Id.* at 9.

## ANALYSIS AND ARGUMENT

Plaintiff's complaint raises only well established state law claims and it cannot plausibly be construed as artful pleading that omits any necessary federal question related to plaintiff's state law claims, namely "Breach of Contract [the Settlement Agreement]" and "Fraud in the

Inducement [of the Settlement Agreement]" under the state common law. In no instance, does plaintiff's complaint rely upon federal law.

ERISA provides no relief <u>if the loss of an employee's benefits was incidental to, and not the reason for</u>, the adverse employment action. Were this not so, every discharged employee who had been a member of a benefit plan would have a potential cause of action against his or her former employer under ERISA. *Lehman,* 74 F.3d at 330-331 (emphasis supplied).

For example, in a wrongful discharge claim where plaintiff's incidental damages award merely includes a loss of benefits under an ERISA-based plan, the state claim is not preempted. In such a case, all that is needed is a simple mathematical calculation of benefits. The claimed damages, thus, related only peripherally to the ERISA plan. *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 469 (6th Cir. 2002). See also *Sears,* 884 F. Supp. At 1131 (citing several cases for the proposition that "[n]umerous courts have held that a request for wrongful termination damages derived in part from the value of loss benefits does not bring a claim within ERISA's preemptive force.").

In *Smith v. Texas Children's Hospital,* the court held that preemption did not apply to a plaintiff's fraudulent inducement claim because the claim was not necessarily dependent upon plaintiff's rights under the ERISA plan. 84 F.3d 152, 155 (5th Cir. 1996). The plaintiff alleged that she relinquished her accrued benefits with her previous employer in reliance upon Texas Children's alleged misrepresentations. *Id.* at 153 Because her claim was not based solely on Texas Children's denial of benefits, the court concluded that she could have a claim based on the benefits she lost as a result of being induced to leave her former employer. *Id.* at 154-155.

Although "ERISA's preemptive scope may be broad,... it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the

claim relies on the details of the plan." *Hook*, 38 F.3d at 778. Here, the release reflects that Stiles bargained for a distinct and independent promise from Memorial to pay her medical bills in consideration of her release of any claims against Memorial arising from the incident. We conclude that the underlying conduct complained about in this case, breach of contract and fraud, "can be divorced from its connection to the employee benefit plan." [5] *Hook*, 38 F.3d at 783 (quoting *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992)); see also *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996). See *Mem'l Hosp. Sys.*, 904 F.2d at 245.

The doctrine of complete preemption applies only when two circumstances are present: (1) when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and (2) when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *Railway Labor*, 858 F.2d at 942-943.

### I. Congressional Intent

In order for a claim to be preempted, federal law must "so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)). "This 'complete preemption' occurs only when Congress intends not only merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997) (citing *Taylor*, 481 U.S. at 65-66). In determining whether complete preemption exists, the courts must look to Congressional intent. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990).

Does the Congress intend to transfer jurisdiction of the state common law "Breach of Contract" and "Fraud In the Inducement" claims to federal courts? No, the Congress does not indicate this intention.

**II. U.S. Supreme Court**

Jurisdiction defects, unlike defects in the removal procedures, are never waived. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69 (1996) See 28 U.S.C. § 1447(c)[3].

The complete preemption doctrine only applies where a statutory scheme has "extraordinary preemptive power." *State ex rel. Nixon v. Coeur D' Alene Tribe,* 164 F.3d 1102, 1108 (8th Cir.), cert. Denied, 527 U.S. 1039 (1999). The Supreme Court has approved its use only in very limited circumstances, such as claims under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, by a participant or beneficiary, See *Metropolitan Life,* 481 U.S. at 66-67.

The Supreme Court recently further refined the doctrine of complete preemption under ERISA in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 217, 124 S. Ct. 2488 (2004), where it phrased <u>the test</u> as follows:

> [W]here the individual is entitled to such [claimed] coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

---

[3] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)

As stated in the aforementioned paragraph 14 of **STATEMENT OF FACTS**, plaintiff is a victim of fraud due to "Breach of the Settlement Agreement" and "Fraud In the Inducement" because of **material fact #1** and **material fact #2** and **material fact #3**. *In plaintiff's causes of action, the harm arose because plaintiff must remain forever to be legally bound by the legal duties (rights and obligations) imposed by the terms of the illegally entered settlement agreement. The terms of the illegally entered settlement agreement are independent of ERISA.* It becomes clear that plaintiff could not have brought his causes of action under ERISA § 502(a)(1)(B) because the harm was caused by the legal duties (rights and obligations) independent of ERISA.

The second condition of **the test**, namely *"where there is no other independent legal duty that is implicated by a defendant's actions"* is definitely false because in plaintiff's complaint, many legal duties (rights and obligations) imposed by the terms of the illegally entered settlement agreement evidently arose independent of ERISA.[4] (See the aforementioned paragraph 13 of **STATEMENT OF FACTS**.)

In order for the conclusion of **the test** to be positively true, none of the two conditions of **the test** can be false. In other words, if one of the two conditions of **the test** is false, then the conclusion of **the test** must be false.

Since one of the two conditions of **the test**, namely *"where there is no other independent legal duty that is implicated by a defendant's actions"* has been proved to be false in plaintiff's case[5], the conclusion of **the test** is therefore false. In other words, according to the Supreme

---

[4] In this case, the legal duties (rights and obligations) imposed by the terms of the illegally entered settlement agreement are the legal duties that are implicated by Motorola-defendant's actions as declared in plaintiff's verified complaint. (See paragraphs 78-80 of plaintiff's complaint and plaintiff's complaint exhibit 2: settlement agreement.)

[5] See **material fact #3** in paragraph 14 of **STATEMENT OF FACTS**. See paragraphs 16-17 of **STATEMENT OF FACTS**. (See paragraphs 78-80 of plaintiff's complaint and plaintiff's complaint exhibit 2: settlement agreement.)

Page 11 of 13

Court ruling on the doctrine of complete preemption under ERISA in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217, 124 S. Ct. 2488 (2004), plaintiff's causes of action are not completely pre-empted by ERISA § 502(a)(1)(B).

It becomes evident that according to the Supreme Court ruling on the doctrine of complete preemption under ERISA in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217, 124 S. Ct. 2488 (2004), defendant has improperly invoked federal question removal jurisdiction over plaintiff's state common law claims.

Now, it should be very clear that defendant's notice of removal is incongruous with the intent of Congress and the Supreme Court's rulings with respect to complete preemption of ERISA. Consequently, plaintiff's complaint is not subject to complete preemption of ERISA. Since subject matter jurisdiction in this court is dependent on complete preemption of ERISA, this court therefore lacks subject matter jurisdiction over plaintiff's causes of action. Wherefore, plaintiff respectfully requests that this court remand plaintiff's case to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiff James C. Ho respectfully requests that Plaintiff's Second Verified Motion To Remand For Lack Of Subject Matter Jurisdiction be granted pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

_____
JAMES C. HO, pro se

Dated: 6-17-08

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Plaintiff's Verified Memorandum In Support Of Plaintiff's Second Verified Motion To Remand filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant


## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Memorandum In Support Of Plaintiff's Second Verified Motion To Remand was served upon one of Defendant's attorneys:

> Ian H. Morrison
> SEYFARTH SHAW LLP
> 131 S. Dearborn St., Ste. 2400
> Chicago, Illinois 60603-5577
> (312) 460-5000

by having the same sent via **U.S. mail** this 17th day of June, 2008.

_____
JAMES C. HO, pro se


SWORN TO and subscribed before me on this _17_ day of _June_ 2008.

_____
Notary Public
  My commission expires:

> OFFICIAL SEAL
> EDWARD JOSEPH KILL
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES 03-10-09

Page 13 of 13