IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 6743 |
| ) | |
| MOTOROLA, INC., ) | Judge Moran |
| ) | |
| Defendant. ) | Magistrate Judge Ashman |
| ) | |
| ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR REMAND**

Defendant Motorola, Inc. ("Motorola"), by and through its attorneys, hereby submits its memorandum of law in opposition to Plaintiff's second motion for remand.

**INTRODUCTION**

For a third time in the space of approximately six months—in a motion to remand, motion for reconsideration of the denial of the motion to remand and now this second motion to remand—Plaintiff asks the Court to remand this case to state court. In support of his latest motion, he cites only arguments already tried and rejected. As with his first motion to remand, the Court should deny Plaintiff's latest motion to remand because the claims he raises in his complaint are in actuality claims for benefits under Motorola's Disability Income Plan and other benefits plans. Accordingly, Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq. and were properly removed to this Court.

Importantly, there have been no changes in the circumstances of this case and, therefore, a second motion to remand is completely unwarranted. In effect, it amounts to yet another motion for reconsideration (filed while a motion for reconsideration is already pending). Plaintiff merely rehashes arguments he made in his first two efforts to secure remand of this case to the circuit court. To the extent Defendant has now been required to respond to two separate motions to remand (in addition to Plaintiff's motion for reconsideration and two appeals of the Court's first denial of his motion to remand, not to mention his petition for certification for an interlocutory appeal), Defendant requests that it be awarded its costs and fees incurred in preparing its opposition to this redundant and frivolous motion. See *Bacon v. American Fed'n of State, County, & Mun. Employees Council, #13*, 795 F.2d 33, 35 (7th Cir. 1986) ("[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed . . . .").

## SUMMARY OF ARGUMENT

Plaintiff's two-count complaint alleges common law claims for breach of contract and fraud against Motorola. Both claims assert Plaintiff's entitlement to benefits under Motorola's Disability Income Plan and other benefits plans, and, for support, point to a paragraph in a settlement agreement entered into by the parties in 2001. Instead of supporting Plaintiff's claims, however, the paragraph illustrates why this case was properly removed to this federal court. Titled "Coverage Under Motorola's Benefits Plans," it states that as part of the settlement agreement, Plaintiff would continue to be covered under "Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans*." (Cmplt.

Exhibit 3 ¶ 3) (emphasis added). The Motorola plans at issue are all subject to ERISA. Thus, in essence, Plaintiff's claims are for benefits under several ERISA plans.

The Seventh Circuit has held that a claim which is, at its core, one for benefits under an ERISA plan falls exclusively within the purview of federal law, notwithstanding the plaintiff's framing of his claim in state, common-law terms. These claims, the Seventh Circuit has held, are so "completely preempted" by ERISA, that they may be recharacterized as federal claims and subject to removal to federal courts. There are three requirements that a claim must meet in order to be subject to this "recharacterization" to entitle a Defendant to remove the case: (1) the plaintiff must be eligible to bring a suit pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a); (2) the claim must the kind of claim that can be brought pursuant to § 502(a) (*e.g.*, claims for wrongful denial of benefits); and (3) the plaintiff's claim must not be capable of resolution without an interpretation of the applicable benefits plan, which is a contract governed by federal law.

Plaintiff's breach of contract and fraud claims satisfy all three requirements. Plaintiff is a former employee of Motorola who stands to be awarded benefits under the plans if he prevails, and thus is eligible to bring a claim pursuant to § 502(a). In addition, Plaintiff's claims (seeking benefits) fall squarely under ERISA's civil enforcement provision for claims for benefits, Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Lastly, Plaintiff's claims cannot be resolved without interpreting the governing ERISA plans, as even the provision of the settlement agreement upon which Plaintiff relies states that he is entitled to be covered under the plans only "pursuant to the terms of the applicable plans."

For these reasons, discussed in more detail below, Plaintiff's complaint was properly removed to federal court as it alleges claims which are inherently federal in nature. Accordingly, the Court should deny Plaintiff's second motion to remand.

## PROCEDURAL HISTORY

On October 29, 2007, Plaintiff James C. Ho, a former Motorola employee and participant in Motorola's Disability Income Plan and other benefits plans (collectively, the "Plans"), filed a two-count complaint titled *James C. Ho v. Motorola, Inc.* in the Law Division of the Circuit Court of Cook County, Illinois, alleging common law claims for breach of contract (Count I) and "fraud in the inducement" (Count II). Motorola was served with the complaint and summons on November 1, 2007. Defendant filed its Notice of Removal with the U.S. District Court for the Northern District of Illinois and Cook County Circuit Court on November 30, 2007, and the same day, served Plaintiff with a copy of the Notice via U.S. Mail.

On December 10, 2007, Plaintiff moved for remand. [Docket ## 8, 9]. On March 20, 2008, the Court denied Plaintiff's motion to remand, finding that Plaintiff's common law claims for breach of contract and fraud were preempted by ERISA and therefore, were properly before the Court. [*See* Docket # 20]. Plaintiff subsequently filed two appeals of the denial of his motion to remand with the Seventh Circuit, docketed as Case Nos. Case No. 08-1796 and 08-8004. Both appeals have been dismissed by the Seventh Circuit for lack of jurisdiction.

Meanwhile, on April 14, 2008, Plaintiff filed with this court a Verified Petition for Certification Under 28 U.S.C. § 1292(b). [Docket #27] Motorola filed its opposition to that petition on May 1, 2008, and Plaintiff filed his reply on May 12, 2008. [Docket ##33, 38].

On May 12, 2008, Plaintiff filed his Verified Motion to Alter or Amend Judgment Under Rule 59(e) of Fed. R. Civ. P. and Circuit Rule 8, and Motion to Stay Proceedings During Pendency of Appeal Under Rule 60(b) of Fed. R. Civ. P. and Circuit Rule 8, and Motion for Reconsideration to Remand to State Court Pursuant to § 1447(c) of 28 U.S.C. and Fed. R. Civ. P.

60(b) and Circuit Rule 57 [Docket #36], which in part asked the Court to reconsider its March 20, 2008 denial of Plaintiff's motion to remand.

On June 17, 2008, Plaintiff filed his second motion to remand, asserting again that his state common-law claims were not preempted by ERISA. [Docket # 46].

### UNDERLYING FACTS AND BASIS OF PLAINTIFF'S COMPLAINT[1]

On May 31, 2001, Plaintiff entered into a settlement agreement with Motorola to settle a complaint for discrimination and retaliation that Plaintiff had filed against Motorola in the Northern District of Illinois on May 16, 2000 (*James C. Ho v. Motorola, Inc.*, No. 00 C 2942, Manning, J.). Throughout that litigation and settlement, Plaintiff was represented by counsel. In the instant complaint, Plaintiff focuses on the interpretation of paragraph 3 of the settlement agreement:

> Coverage Under Motorola's Benefits Plans. Ho will continue to be covered under Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans* and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits based upon the allegations made in this Lawsuit.

(Cmplt. Exhibit 2, General Release and Settlement Agreement, ¶ 3) (emphasis added).[2]

In 2002, the Motorola Disability Income Plan in which Plaintiff was a participant was amended to limit long-term disability ("LTD") benefits based on mental, nervous, alcohol or drug-related ("MNAD") conditions to a total of 24 months, effective January 1, 2003. (Cmplt.

---

[1] These facts are taken in the light most favorable to the plaintiff only for the purposes of this motion.

[2] Defendant reiterates that attaching the full settlement agreement as an exhibit to his complaint and filing it in state court, Plaintiff is arguably in violation of paragraph 11 of the settlement agreement, in which he acknowledged that, "as a condition of the Agreement," he would not disclose, publish or otherwise communicate the terms of the settlement agreement to any person other than his tax advisor, immediate family, or if ordered by law or a court. (Cmplt. Exhibit 2 ¶ 11). Defendant reserves the right to address this issue in its answer to Plaintiff's complaint, should one be required.

5

Exhibit 13, April 4, 2005 Letter).  Accordingly, and pursuant to the Motorola Disability Income Plan terms, on December 10, 2002 Plaintiff was informed that his LTD benefits would terminate on December 31, 2005.  (Cmplt. Exhibit 3, December 10, 2002 Letter).

Plaintiff appealed the limitation of his LTD benefits to the Motorola Disability Income Plan.  (*See* Cmplt. Exhibits 4-12).  After a thorough review of Plaintiff's claim, including at his urging, a review of the settlement agreement, the Benefits Review Committee affirmed the denial of Plaintiff's claim for extended LTD benefits.  (*Id.*).  In the letter informing Plaintiff that the denial of his LTD benefits had been affirmed, the Plan Benefits Review Committee explained to Plaintiff that if he "disagree[d] with the Committee's decision, [he could] bring a civil lawsuit against the Plan in Federal Court under Section 502(a) of the Employee Retirement Income Security Act."  (Cmplt. Exhibit 13).

Instead, Plaintiff brought suit in state court.  In Count I of his state court complaint, Plaintiff alleges that he is entitled to LTD benefits under the Plan and that the termination of LTD benefits pursuant to the terms of the Plan was a breach of the settlement agreement.  In Count II, Plaintiff alleges that Motorola fraudulently induced him to enter into the settlement agreement (*id.* ¶ 9) by making representations during the settlement negotiations regarding the continuation of benefits under the Motorola Disability Income Plan.  (*See, e.g., id.* ¶¶ 27, 28, 43-46).  Plaintiff alleges that a Motorola employee represented to him that under the settlement agreement he "would continue to be covered under other health and benefits plans pursuant to the terms of the applicable plans and based upon Plaintiff's ability to demonstrate that Plaintiff was disabled," (*id.* ¶ 27), and that the Motorola employee also allegedly failed to "disclose to Plaintiff the terms of Motorola Defendant's Disability Income Plan."  (*Id.* ¶ 30; *see also id.* ¶ 29).

6

In Plaintiff's prayer for relief he seeks, among other relief, "all lost employment benefits, retirement benefits and all other benefits Plaintiff would have received." (*Id.* ¶ at p. 70 ¶ (v), (vi)).

Michael Marrs, on behalf of a class of Plaintiffs (which includes Plaintiff James Ho), filed a lawsuit in 2005 challenging the legality of the 2002 Motorola Disability Income Plan amendment limiting LTD benefits for MNAD conditions to a total of 24 months. The case, titled *Michael Marrs et al. v. Motorola, Inc. et al.*, No. 1:05-cv-05463, was assigned to Magistrate Judge Susan E. Cox, who recently ruled that the 2002 amendment was lawful under ERISA. (*See, e.g.*, *Marrs*, No. 05-0563, docket entry no. 112, copy of decision attached hereto as Exhibit A).

## ARGUMENT

**PLAINTIFF'S CIVIL ACTION FOR LONG TERM DISABILITY BENEFITS UNDER THE MOTOROLA DISABILITY INCOME PLAN AND OTHER BENEFIT PLANS IS COMPLETELY PREEMPTED AND WAS PROPERLY REMOVED FROM STATE TO FEDERAL COURT.**

    **A.    Civil Actions Within the Scope of ERISA's Civil Enforcement Provisions Are Completely Preempted and an Exception To The Well-Pleaded Complaint Rule.**

Plaintiff's claims for LTD benefits under the Motorola Disability Income Plan (an ERISA-governed plan) are "completely preempted" and form the basis for the federal jurisdiction upon which Defendant may properly remove Plaintiff's civil action to federal court. Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by a Defendant to federal court if the federal court could have had original federal jurisdiction over the cause of action. 28 U.S.C. § 1441.[3] A civil action which "arises under" federal law (referred to as

---

[3] The Court need only find that one of Plaintiff's claims is completely preempted to sustain Defendant's removal of Plaintiff's complaint, as the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims that, as would be here, "are so related to [the federal] claims . . . that

7

"federal question" jurisdiction) is one over which the federal court has original jurisdiction, and which renders the civil action removable to federal court. *See* 28 U.S.C. § 1331.

As Plaintiff recognizes in his motion, (Pl. Mot. at 6), generally the federal question must be raised on the face of the plaintiff's "well-pleaded" complaint in order for the civil action to be removable. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Therefore, ordinarily a federal defense to a state civil action will not entitle the defendant to remove the case because the defense, although rooted in federal law, does not appear on the face of the plaintiff's well-pleaded complaint. This is referred to as the "well-pleaded complaint" rule.

There is, however, an exception to this rule, known as "complete" preemption.[4] That is, "Congress may so completely pre-empt a particular area that *any* civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-64 (emphasis added). The Seventh Circuit has held that claims which could have been brought pursuant to the civil enforcement provisions of ERISA § 502(a) are one such group of "necessarily federal" claims. *Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995). "[A]ny state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Therefore, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Davila*, 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 66).

---

they form part of the same case or controversy." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166-67 (1997).

[4] "Conflict" preemption, on the other hand, is not an exception to the "well-pleaded complaint" rule and does not provide the basis for a Defendant to remove the state court civil action to federal court. *See Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir. 1997).

8

### B. Plaintiff's Complaint Need Not Describe His Claims for Benefits As Federal In Order To Come Within the Complete Preemption Power of ERISA.

It bears noting that a cause of action filed in state court that comes within the scope of the enforcement provisions of § 502(a) is removable to federal court even where (as here) the complaint does not on its face allege that it arises under ERISA.  "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Davila*, 542 U.S. at 209.  Therefore, even though Plaintiff phrases his claims in state law terms, his claims are still "federal in character" and removable to federal court.  In short, "[a] Plaintiff cannot avoid complete preemption, and thereby 'deny a Defendant access to federal court if the actual nature of the complaint is federal.'"  *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488 (7th Cir. 1996); *see also Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) ("Because ERISA displaces all state law within its scope, such a case necessarily arises under federal law, namely under ERISA, and so is removable despite the complaint's reticence.").

### C. Under the Test Set Forth By the Seventh Circuit, Plaintiff's Claims Clearly Fall Within the Scope of ERISA § 502(a) and are Thus Completely Preempted and Properly Removed to This Federal Court.

The Seventh Circuit has developed a three-factor test to determine whether a Plaintiff's claims could have been brought pursuant to Section 502(a) of ERISA.  "When all three factors are present, the state law claim is properly characterized as an ERISA claim under § 502(a)."  *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000).  First, the court must consider whether the plaintiff is eligible to bring a claim under Section 502(a).  *Moran*, 230 F.3d at 967; *Jass*, 88 F.3d at 1486.  Second, the court must determine "whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a)."

9

*Moran*, 230 F.3d at 967. Third, the court must consider "whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Id.* When put to this test, Plaintiff's claims clearly fall within the scope of Section 502(a) of ERISA and are thus completely preempted and properly removed to federal court.

The civil enforcement provision which guides this analysis is ERISA § 502(a), which provides, in pertinent part:

> **§ 1132  Civil Enforcement**
>
> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
>   (1) by a participant or beneficiary—
>
>   . . .
>
>   (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
>   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
>   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
>
>   . . .

29 U.S.C. § 1132(a). We examine Plaintiff's claims in light of the three factors in turn below.

### 1. Plaintiff is eligible to maintain a suit under ERISA § 502(a) as a "participant."

Plaintiff is a former Motorola employee. If he were to win his case, he would receive LTD and other benefits under the Plans. Accordingly, he is a "participant" eligible to maintain a suit under ERISA § 502(a). The Seventh Circuit recently addressed the issue of whether a former employee who was no longer technically a participant in a plan could still maintain a suit against a fiduciary for benefits under ERISA, notwithstanding his status as a *former*, not current,

10

participant. The Seventh Circuit concluded that the plaintiff could maintain the suit, reasoning that "the question comes down to whether, if the plaintiffs win their case by obtaining a money judgment against [the defendant], the receipt of that money will constitute the receipt of a plan benefit. . . . Because [the plaintiff] is a former employee eligible to receive a benefit, he can maintain the suit under section 502(a) of ERISA." *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007).

As noted, Plaintiff is a former Motorola employee who is seeking LTD benefits and other benefits under the Plans. Specifically, his prayer for relief seeks "all lost employment benefits, retirement benefits and all other benefits Plaintiff would have received." (*Id.* ¶ at p. 70 ¶ (v), (vi)). Were he to win his case, Plaintiff would be awarded a plan benefit—LTD and other benefits under the Plans—and therefore, meets the definition of a "participant" who may bring suit under ERISA § 502(a). The first prong of the test is met.

        **2.**        **Plaintiff's claims—for LTD and other benefits under ERISA-governed plans—fall within the scope of an ERISA provision that Plaintiff could enforce via Section 502(a).**

Plaintiff attempts to characterize his civil action as arising solely from the terms of the settlement agreement. At its core, however, his civil action seeks to recover LTD and other benefits under the Plans. (*See* Pl. Mot. ¶ 4). Indeed, the key provision Plaintiff points to in support of both his breach of contract and fraud claims concerns "Coverage Under Motorola's Benefits Plans," and provides that he would "continue to be covered under Motorola's long-term disability plan and other health and benefits plans *pursuant to the terms of the applicable plans* and based upon his ability to demonstrate that he is disabled." (Cmplt. Exhibit 2 ¶ 3). Therefore, Plaintiff's claim for benefits arises from the terms of the applicable plans—not the settlement agreement.

11

Similarly, in *Murphy v. Reliance Standard Life Insurance Company*, the plaintiff "couch[ed] his claims in terms of seeking enforcement of a settlement agreement," while simultaneously seeking a declaration from the court that he was entitled to a certain amount of long term disability benefits. No. 04 C 1751, 2004 WL 2191610, at *3 (N.D. Ill. Sept. 27, 2004). The court concluded that the plaintiff's claims were completely preempted because the plaintiff "in essence, [sought] to recover the long term disability benefits that he believes are owed to him, or, at the very least, to clarify his rights to the amount of long term disability benefits to which he is entitled." *Id.* at *4.

Here, just as in *Murphy*, "[a]t its most basic level," Plaintiff's suit challenges the Plan's administration of long term disability benefits under an ERISA plan. *Id.* Plaintiff seeks LTD and other benefits, available only under Motorola's benefits plans. At the very least, Plaintiff seeks to clarify his rights to the amount of LTD benefits to which he alleges he is entitled. Accordingly, Plaintiff could bring a claim for benefits pursuant to Section 502(a)(1)(B).

> **3.    Plaintiff's claims are completely preempted because they cannot be decided without an interpretation of contracts governed exclusively by federal law – the benefits plans.**

Moreover, because the settlement agreement itself indicates that Plaintiff would be covered and paid benefits under the benefits plans "pursuant to the terms of the applicable plans"[5] (Cmplt. Exhibit 2 ¶ 3), the Court would necessarily be required to examine and interpret the plans in order to determine not only the benefits to which Plaintiff is entitled, but whether he is entitled to benefits at all, because the settlement agreement would only be breached if the

---

[5] Plaintiff now asserts that Defendant purposefully included the phrase "pursuant to the terms of the applicable plans" in the settlement agreement in order to later have a basis for removal to federal court. (Pl. Mot. ¶¶ 9, 13). This is preposterous. Motorola clearly intended that Plaintiff would be paid benefits from its benefits plans like any other participant and in accordance with the terms of the respective benefits plans. Moreover, Plaintiff has nothing other than his conclusory assertions to support his conspiracy theory.

applicable plan terms would otherwise call for him to receive a benefit. Such plan terms include whether a participant meets the Plan's standard for "disability," which would require this Court to engage in the inquiry properly left to the Plan Administrator. The Court could not resolve Plaintiff's state law claims "without an interpretation of the contract governed by federal law"—the relevant plan—so the third and final prong of the test is met. *Murphy*, 2004 WL 2191610, at *3.

In *Murphy*, the court noted that the settlement agreement upon which the plaintiff based his common law claims did not define the amount of the benefit that the plaintiff was to receive. 2004 WL 2191610, at *4. Instead, it was necessary to consult the terms of the plan to determine the amount of LTD benefits to which the plaintiff was entitled. *Id.* The court reasoned that "[i]t is the plan, and not the agreement between the parties, that defines the manner in which [the plaintiff]'s monthly disability benefit is calculated." *Id.* The court concluded that the plaintiff's claims were "more properly characterized as a denial of benefits claims under Section 502(a), and removal of this action from state court was proper." *Id.*

In a similar vein, Plaintiff asserts in his most recent motion to remand that that his complaint is "supported by the legal duties that are entirely derived from the terms of the illegally entered settlement agreement" and independent of ERISA. (Pl. Mot. ¶ 16, pp. 11-12). This argument fails because the settlement agreement (according to Plaintiff, the sole source of the legal duties at issue) itself plainly references the LTD plan and other benefits plans and states that the benefits must be paid "pursuant to the terms of the applicable plans." Thus, the one and only source of any obligation to pay benefits, and the only point of reference to determine whether the contractual promise has been broken is the Plan itself and *not* the settlement agreement which merely refers the reader to the Plan. Consequently, any legal duty Plaintiff is

13

seeking to enforce is derived directly from the terms of an ERISA plan and his complaint is preempted by ERISA. *See, e.g.*, *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005) ("The proximate cause of any injury the plan participant and beneficiary suffered was therefore the failure of the plan to cover the requested treatment."); *see also Davila*, 542 U.S. at 213 (rejecting a plaintiff's similar argument and finding preemption where the interpretation of the plan "form[ed] an essential part of [the plaintiffs'] claim, and [] liability [under another statute] would exist here only because of petitioners' administration of ERISA-regulated benefit plans. Petitioners' potential liability . . . then, derives entirely from the particular rights and obligations established by the benefit plans").

As in *Murphy*, here "it is the plan, and not the agreement between the parties, that defines the manner in which" Plaintiff's benefits will be calculated. Thus, the complaint raises a federal question suitable for removal to federal court.

### D.     The Sole Purpose of Plaintiff's Complaint is To Obtain LTD Benefits.

Plaintiff also asserts that "only a small part" of the damages he is seeking are related to benefits. (Pl. Mot. ¶ 14). It is clear, however, that the sole purpose of Plaintiff's complaint is to obtain disability benefits. (*See, e.g.*, Pl. Compl. ¶¶ 27, 44, 45, 51, 72, 73, Ex. 3 (letter terminating disability benefits)). Indeed, the only breach of the settlement agreement which Plaintiff identifies is Defendant's alleged failure to continue paying disability benefits. (*See id.*).

In support of his argument that benefits are only "incidental" to the other relief he is seeking, Plaintiff cites almost exclusively cases from outside this circuit and decided long before the U.S. Supreme Court issued its seminal preemption decision in *Davila*. (*See* Pl. Mot. at 5-10). None of Plaintiff's cases supports granting Plaintiff's motion to remand. For example, *Lehman v. Prudential Ins. Co. of America*, 74 F.3d 323, 330-31 (1st Cir. 1996), cited by Plaintiff for the proposition that "ERISA provides no relief <u>if the loss of an employee's benefits was incidental</u>

14

to, and not the reason for, the adverse employment action," (Pl. Mot. at 8, emphasis in Plaintiff's motion) is completely inapplicable here because *Lehman* did not address preemption at all, and only noted that a plaintiff could not bring a cause of action for discharge under ERISA unless the reason for the termination was avoiding the payment of benefits.

Plaintiff argues that *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) stands for the proposition that "in a wrongful discharge claim where plaintiff's incidental damages award merely includes a loss of benefits under an ERISA-based plan, the state claim is not preempted. In such a case, all that is needed is a simple mathematical calculation of benefits."[6] (Pl. Mot. at 8). First, Plaintiff's claims are not wrongful discharge claims. Second, Plaintiff is clearly seeking LTD benefits under an ERISA-governed plan. Third, because the settlement agreement provides that Plaintiff will be paid benefits, including LTD benefits, "pursuant to the terms of the applicable plans," resolving this case will necessarily require an examination and interpretation of the terms of the Plan to determine far more than just "a simple mathematical calculation of benefits": whether Plaintiff is eligible for and entitled to *any benefit at all*. Therefore, Plaintiff's claims are preempted by ERISA and properly before this federal court.

## CONCLUSION

Defendant respectfully requests that the Court deny Plaintiff's second motion to remand and award it its costs and fees incurred in preparing this opposition memorandum.

---

[6] Indeed, *Peters* recognized that "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." 285 F.3d at 469. Another case cited by Plaintiff, *Sears v. Chrysler Corp.*, 884 F. Supp. 1125, 1131 (E.D. Mich. 1995) is distinguishable because that court found that the plaintiff was *not* seeking to obtain benefits under a plan but merely sought "to recover the value of the employment she lost." In another case cited by Plaintiff, *Smith v. Texas Children's Hospital*, 84 F.3d 152, 155, 157 (5th Cir. 1996), the Court actually recognized that to the extent the plaintiff was "claiming that she is entitled to disability benefits under . . . [an] ERISA plan, her claim is preempted" and remanded the case to the district court for a clear determination of the benefits the plaintiff was seeking.

                                              Respectfully submitted,

                                              MOTOROLA, INC.

                                              By:         s/Ada Dolph
                                                                 One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

July 1, 2008

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Memorandum of Law In Opposition To Plaintiff's Second Motion to Remand** was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **U.S. Mail** this 1st day of July, 2008.

s/Ada W. Dolph
Ada W. Dolph
