*Cttb*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07 C 6743 |
| | ) | |
| MOTOROLA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sued his former employer in state court. Motorola removed the case and plaintiff moved to remand. The remand motion was denied. We then dismissed the complaint for violation of Rule 8 of the Federal Rules of Civil Procedure, but with leave to file an amended complaint. Plaintiff responded by seeking, unsuccessfully, to appeal the remand denial and by filing a second motion to remand, essentially a motion for reconsideration. And plaintiff has a point, a point largely obscured by the sheer verbosity of his complaint.

Reduced to essentials, plaintiff's complaint appears to claim as follows. Plaintiff filed a Title VII claim against Motorola in 2000. That was later settled. At that time plaintiff was receiving disability benefits pursuant to an ERISA plan. The settlement agreement provided for payment of a modest cash amount. It also provides that "Ho will continue to be covered under Motorola's long-term disability plan and other health and benefit plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits based upon the allegations made in this Lawsuit." According to the terms, the agreement constitutes the complete understanding of the parties. It does not include continuing federal

jurisdiction for enforcement.  Plaintiff was represented by counsel during the settlement negotiation.

Plaintiff's primary complaint is that the disability plan was later amended to restrict coverage to 24 months.  If the terms of the current disability plan apply, he has no claim, and the determination that he has no claim should be in federal court for the reasons we stated in our denial of the remand.  But plaintiff takes a different tack.  He argues that he settled his discrimination case for, in part, a promise by Motorola to continue to pay him disability benefits equal to the disability benefit he was then receiving.  He was unconcerned about any change in the disability plan because the "pursuant" qualifications apply only to "other health and benefit plans."  His claim, he contends, rests upon a promise in the settlement agreement, and the disability plan provides only a measure of that promise.   Since there is neither diversity of citizenship nor a federal question, enforcement of the settlement agreement must necessarily be in state court.  28 U.S.C. §§1331, 1332.

To get there, plaintiff must get a favorable ruling on the meaning of the clause relating to continuing coverage and the reference to "covered," and the context of the "plan" language is not helpful to him.   If the present plan applies, then this is an ERISA case.  If it does not, then plaintiff can pursue his contract and fraud claims in state court.  So who decides when?

To answer this question we must discuss the general rules behind removal jurisdiction. Removal jurisdiction exists only if the case could have been brought in federal district court pursuant to its original jurisdiction. 28 U.S.C. § 1441(b).  Federal question jurisdiction is determined from the well-pleaded allegations of the complaint. Rivet v. Regions Bank, 522 U.S. 470, 475 (1998).  However, there is at least one exception to the well-pleaded complaint rule: complete preemption.  Complete preemption allows a plaintiff's state law claim to be re-

characterized as a federal claim so that removal is proper. In <u>Metropolitan Life Ins. Co. v.</u>

<u>Taylor</u>, 481 U.S. 56, 66 (1987), the Supreme Court extended the complete preemption exception

to ERISA cases. Following <u>Taylor</u>, the Seventh Circuit has held that cases within the scope

of section 502(a) of ERISA are completely preempted. <u>Rice v. Panchal</u>, 65 F.3d 637, 639 (7th

Cir. 1995). In order to determine whether a plaintiff's claims are completely preempted under

ERISA 502(a), court must consider whether (1) the plaintiff is eligible to bring a claim under

§ 502(a); (2) the plaintiff's claims fall within the scope of an ERISA provision that the plaintiff

can enforce via § 502(a); and (3) the plaintiff's state law claims cannot be resolved without an

interpretation of the contract governed by federal law. But this brings us back to the clause

of the settlement agreement. In order to determine whether plaintiff's claim falls within the

scope of an ERISA provision, or whether plaintiff's claims can be resolved without an

interpretation of the plan language,[1] we must interpret the settlement agreement clause. So,

this brings us full circle back to our initial question. Since it is this court's responsibility to

determine whether federal jurisdiction exists and whether removal was proper, and since all

avenues of attack lead us back to the language of the settlement agreement, we conclude that

we must undertake the task of interpretation.

Since we are evaluating the clause on a motion to remand, we draw from the body of

law relating to contract interpretation on a motion to dismiss, the body of evidence available

---

[1]Or even, to some extent, whether plaintiff is eligible to bring a claim under § 502(a). *See* <u>Murphy v.</u> <u>Reliance Standard Life Ins. Co.</u>, 2004 U.S. Dist. LEXIS 19428 (N.D. Ill. Sept. 24, 2004). In that case the plaintiff sought to enforce a settlement agreement awarding him long-term disability benefits. The court held that plaintiff's claim was properly removed under ERISA's complete preemption. It held that plaintiff was eligible to bring a claim under § 502(a) because he was a participant since his previous lawsuit was based on his participant status, and since he continued to receive long-term disability benefits "in accordance with the plan." The court further held that it was clear that plaintiff was a plan participant because the settlement agreement terms were premised upon plaintiff's continued disabled status, which was governed by the terms of the plan. Here, the settlement agreement clause must be interpreted before we can determine, as the court did in <u>Murphy</u>, whether plaintiff remains a plan participant.

being similar. Under Illinois law, where a motion to dismiss involves the interpretation of a contract the court must first determine whether the contract is ambiguous. Quake Constr., Inc. v. American Airlines, Inc., 141 Ill. 2d 281, 565 N.E.2d 990, 994, 152 Ill. Dec. 308 (Ill. 1990). "In deciding whether the contract is ambiguous, the court must construe the words of [the] contract in accordance with their usual, common and ordinary meaning." Drennan v. Ind. Harbor Belt R.R. Co., 2001 U.S. Dist. LEXIS 11350 (N.D. Ill. Aug. 2, 2001). "A contract term is ambiguous if it can reasonably be interpreted in more than one way due to the indefiniteness of the language or due to it having a double or multiple meaning." Id. William Blair & Co., LLC v. FI Liquidation Corp., 830 N.E.2d 760, 769 (Ill. App. Ct. 2005). Plaintiff alleges in his complaint that the clause is ambiguous, and we agree. Plaintiff's interpretation of the clause breaks it down as follows: "Plaintiff would continue to be converted under Defendant's long term disability plan. Plaintiff would continue to be covered under other health and benefits plans pursuant to the terms of the applicable plans and based upon Plaintiff's ability to demonstrate that Plaintiff was disabled." We find this to be a reasonable interpretation based on the fact that the long-term disability plan is listed specifically and separate from the "other health and benefits plans." If Ho were to be required to comply with the terms of all the plans, Motorola need not have separated out the long-term disability plan since it would have qualified as a "benefits" plan and been redundant.

Motorola's interpretation is also reasonable. The clause is a compound sentence and the "and" between the phrase "long-term disability plan" and "other health and benefits plans" does not necessarily indicate the beginning of an entirely new phrase. Thus the phrase, "pursuant to the terms of the applicable plans" could also be read to apply to the long-term disability plan.

No. 07 C 6743                                                                                      Page 5

Further muddying the waters is the phrase, "his ability to demonstrate that he is disabled." This phrase is consistent with either interpretation. On the one hand, it would appear that Motorola would not continue to pay plaintiff long-term disability benefits if in fact he was no longer disabled. At the same time, because this is a settlement agreement, plaintiff's long-term disability coverage could simply be a measure of his settlement recovery, not based on the conditions of the plan. In that case, this phrase could be interpreted to apply solely to the other health and benefits plans – plaintiff's inability to prove disability would disqualify him from, say, medical or dental insurance, but not long-term disability coverage.

Because we hold the term is ambiguous, we find that federal jurisdiction is not clear from the face of the complaint, and we must remand this action to state court. Northeast Ill. Reg'l Commuter R.R. v. Hoey Farina & Downes, 212 F.3d 1010, 1014 (7th Cir. Ill. 2000)("Under the well-pleaded complaint rule, it must be clear from the face of the plaintiff's complaint that there is a federal question"); Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. Ind. 1993)(any doubt regarding jurisdiction should be resolved in favor of remand).

JAMES B. MORAN
Senior Judge, U. S. District Court

July 23 , 2008.