IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 C 6743 |
| | ) |
| MOTOROLA, INC., | ) Judge Moran |
| | ) |
| Defendant. | ) Magistrate Judge Ashman |
| | ) |
| | ) |

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
GRANTING PLAINTIFF'S SECOND MOTION FOR REMAND**

Defendant Motorola, Inc. ("Motorola"), by and through its attorneys, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby moves for reconsideration of the Court's July 23, 2008 order[1] granting Plaintiff's second motion to remand this case to state court. In support of its motion, Motorola states as follows:

**THIS COURT ERRED IN GRANTING PLAINTIFF'S SECOND MOTION
TO REMAND BECAUSE EVEN UNDER PLAINTIFF'S INTERPRETATION
OF THE SETTLEMENT AGREEMENT, PLAINTIFF IS SEEKING BENEFITS
UNDER A ONE-PERSON ERISA PLAN.**

1.      Motorola respectfully submits that this Court erred in granting Plaintiff's second motion to remand. Under either Plaintiff's or Motorola's interpretation of the settlement agreement language, this case is completely preempted by ERISA and was therefore properly removed to federal court.

---
[1] Defendant first received notice of the order on July 25, 2008 when it was entered on the docket. (*See* docket entry no. 53).

2.      Under Plaintiff's interpretation of the settlement agreement language as distilled by the Court, *i.e.*, that the settlement agreement created "a promise by Motorola to **continue to pay him disability benefits** equal to the disability benefit he was then receiving," the settlement agreement creates a one-person ERISA plan. (7/23/08 Mem. Op. & Ord. at 3) (emphasis added).  As a result, even under his own interpretation, Plaintiff's claim is one for benefits under an ERISA plan and properly removed to and before this Court.  *See Cvelbar v. CBI Ill., Inc.*, 106 F.3d 1368, 1373 (7th Cir. 1997) (holding that employment agreement formed a one-person ERISA plan over which the Seventh Circuit had federal jurisdiction); *see Williams v. Wright*, 927 F.2d 1540, 1550 (11th Cir. 1991) (cited by the Seventh Circuit in *Cvelbar*, 106 F.3d at 1376) (finding letter from company president to a general manager established an ERISA-covered plan and finding preempted the plaintiff's state law breach of contract claim); *see also Biggers v. Wittek Indus. Inc.*, 4 F.3d 291, 298 (4th Cir. 1993) (finding former employee's letter to employer asking for guarantee of severance benefits constituted a benefits plan governed by ERISA, preempting the plaintiff-employee's state law breach of contract claim); *McCarthy v. Bowe Bell + Howell Co.*, No. JFM-04-1799, 2004 WL 2005608, at *2 (D. Md. Sept. 7, 2004) (finding plaintiff's claims preempted "because the settlement agreement upon which the claims are based relates to the provision of medical benefits" and that plaintiff "has a 'one-man' ERISA plan").

3.      The Seventh Circuit recognizes that an ERISA Plan can cover a single employee.  In *Cvelbar* the Seventh Circuit concluded that whether it had federal jurisdiction over the employment agreement dispute depended on "whether the Agreement is a 'plan, fund, or program.'" *Id.* at 1374.  The Seventh Circuit then determined that an agreement is

an ERISA Plan if it has "**an ongoing administrative scheme, . . . and . . . . its terms [are] reasonably ascertainable.**" *Cvelbar*, 106 F.3d at 1374 (emphasis added).

4. The Seventh Circuit reasoned that an agreement is not an ERISA plan where it required only "a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation. The employer assumes no responsibility to pay benefits on a regular basis, and thus faces no periodic demands on its assets that create a need for financial coordination and control." *Id.* at 1374 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987)). In contrast, **an agreement is an ERISA plan where "there are 'ongoing benefits to be paid,' . . . and if there is a 'regularity of payment.'"** *Id.* (quoting *Fort Halifax*, 482 U.S. at 18 n.12) (internal citations omitted) (emphasis added).

5. The Seventh rejected the plaintiff's assertion in *Cvelbar* that his employment agreement was not an ERISA plan: "**We cannot accept Mr. Cvelbar's claim that the Agreement is a contract between an employer and individual employee providing for post-retirement or post-termination in-kind compensation that falls outside the definitional framework of ERISA**." *Cvelbar*, 106 F.3d at 1375 (emphasis added).

6. The Department of Labor also holds the position that "a contract between one employee and an employer can be an employee benefit plan." *See Biggers v. Wittek Indus.*, 4 F.3d 291, 298 (4th Cir. 1993) (citing U.S. Dep't of Labor Op. Letter 91-20A (July 2, 1991); *see also* 29 C.F.R. § 2510.3-3(b) (noting that a plan is an ERISA plan where "one or more common law employees" are participants).

7. In *Cvelbar*, the Seventh Circuit concluded that the employment agreement between a former employee and an employer which provided for severance benefits was an

3

ERISA plan over which the Seventh Circuit properly had subject matter jurisdiction. *Cvelbar*, 106 F.3d at 1376. The Seventh Circuit found the following features of the employment agreement between the former employee and the employer made it an ERISA plan:

- The benefits were "not similar to the 'one-time, lump-sum payment.'" *Id.* at 1376. Rather, the former employer "assumed a 'responsibility to pay benefits on a regular basis' and faced 'periodic demands on its assets that create a need for financial coordination and control.'" *Id.*

- The employment agreement required that the company process medical claims, pay medical benefits and make a monthly payment to the employee for three years following the employee's termination. *Id.* at 1377. The company "had to do more than merely 'write a check.'" *Id.* (citation omitted).

- Administering the payments to the employee "require[d] managerial discretion." *Id.* The company had to determine the reason the employee was terminated from employment, monitor other eligibility provisions of the agreement, and monitor the amount paid to the employee. *Id.* To determine the employee's eligibility for the payments, the company "had to analyze [the employee's] circumstances in light of [its] existing retirement plan." *Id.*

- "By referencing the First Peoria Corp. Retirement Plan, the Agreement not only required that the existing plan be maintained, but required the company to make administrative determinations about coverage and eligibility, determinations that were not simple mathematical calculations." *Id.* at 1378.

- The terms of the agreement were "reasonably ascertainable" in that "the benefits were listed explicitly in the Agreement," and the source of the funds to be paid could be ascertained by the language of the agreement and, by reviewing the terms of the retirement plan referenced in the agreement. *Id*. In addition, the procedure for the employee to obtain the benefits was "reasonably clear." *Id.*

8. The facts present here are also similar to those presented in *Miller v. Taylor Insulation Company*, 39 F.3d 755 (7th Cir. 1994), in which the Seventh Circuit found that a retired employee's "Consultation and Non-Competition Agreement" with his former employer "related to" an ERISA medical benefits plan (even though the employee was no

4

longer a participant in any medical plan at all) such that his state law claim for breach of the non-competition agreement was completely preempted by ERISA. *Id.* at 758-59. Indeed, the Seventh Circuit found that the employee's "***only* possible claim [wa]s an ERISA claim.**" *Id.* at 758 (emphasis added). The former employee had filed suit after the employer informed him that contrary to the promise in the non-competition agreement, it would no longer provide medical coverage for him; the employer had switched to a new medical insurance carrier who enforced (unlike its predecessors) the medical insurance policy's limit to current, full-time employees. *Id.* at 757-58. In opposition to the employee's lawsuit, the employer argued that the employee could not bring a state law claim for breach of contract because it was preempted by ERISA. *Id.* In response, the employee argued that his state law claim could not be preempted because he was no longer a participant in any medical benefits plan and, therefore, was not eligible to bring a cause of action under ERISA. *Id.* at 758. The Seventh Circuit responded that the employee's "argument is unsound. ERISA preempts state law, including common law, that relates to an ERISA plan. There is no doubt that the medical reimbursement plan maintained by [the employer] is an ERISA plan." *Id.* The Seventh Circuit did find, however, that Plaintiff could argue that he was a participant in a one-man welfare plan created by the employer through its promise in the non-competition agreement to provide him with medical coverage. *Id.* at 759-60. All that's required to establish such a one-man plan, found the Seventh Circuit, was that its terms must be able to be determined with "reasonable definiteness." *Id.* at 760. The Seventh Circuit expressed some reservations about using a one-man plan to circumvent the requirements of a claim for promissory estoppel, but nonetheless held firmly that **the employee's *only* way to recover those medical benefits in any capacity was under ERISA.** *Id.* at 760-61.

9. In its July 23, 2008 Order (entered July 25, 2008) granting Plaintiff's second motion to remand, the Court described Plaintiff's position as:

> He argues that he settled his discrimination case for, in part, a promise by Motorola to **continue to pay him disability benefits** equal to the disability benefit he was then receiving. He was unconcerned about any change in the disability plan because the "pursuant" qualifications apply only to "other health and benefit plans." His claim, he contends, rests upon a promise in the settlement agreement and **the disability plan provides only a measure of that promise.**

(*Id.* at 3) (emphasis added).

10. Here, the payment of long-term disability benefits to Plaintiff under Motorola's Disability Income Plan requires an "ongoing administrative scheme." *See O'Leary v. Provident Life and Accident Ins. Co.*, 456 F. Supp. 2d 285, 292 (D. Mass. 2006) (finding payment of long-term disability benefits implicating an "ongoing administrative scheme" because the plan's Board of Trustees approved increases in benefits, declined to approve an increase, reviewing the plaintiff's claim for benefits, determined whether or not the plaintiff was "disabled," monitored the plaintiff's condition to determine whether he remained eligible, disbursed the benefits and then considered the appeal of the denial of any of those benefits). According to the terms of the Plan, Plaintiff will receive regular (not one-time) disability payments.

11. Moreover, under the terms of the settlement agreement, the Plan will be required to exercise "managerial discretion" regarding Plaintiff's eligibility for disability benefits. (*See* Ord. at 1 ("pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled")). Moreover, the settlement agreement mentions

6

the Plan at issue (the Motorola Disability Income Plan),[2] and, as with the employment agreement in *Cvelbar*, thereby requires that the existing plan be maintained and that Motorola make "administrative determinations about coverage and eligibility, determinations that [a]re not simple mathematical calculations." *Cvelbar*, 106 F.3d at 1378.

12. Numerous other courts have found original federal jurisdiction and thus, removal to federal court proper under the same circumstances as presented here. *See Bd. of Trustees of the Hotel and Restaurant Employees Local 25 v. The Madison Hotel*, 97 F.3d 1479, 1485 (D.D.C. 1996) (reversing the district court's dismissal of a claim for lack of subject matter jurisdiction where "[a]ny enforcement of the settlement agreement between the [parties] indisputably requires an application of federal ERISA law, over which the federal courts exercise exclusive and preemptive jurisdiction"); *Ross v. Liberty Mutual Ins. Co.*, 172 Fed. Appx. 346, 347 (2d Cir. 2006) (unpublished) (finding ERISA preempted a plaintiff's state law breach of contract claim for long term disability benefits and removal to federal court proper where the settlement agreement upon which plaintiff based his claim provided that the benefits would be controlled by the ERISA-regulated plan in which the plaintiff had originally participated and were "based on the defendants' actions in handling his claim for benefits"); *McCarthy v. Bowe Bell + Howell Co.*, No. JFM-04-1799, 2004 WL 2005608, at *2 (D. Md. Sept. 7, 2004) (finding plaintiff's claims preempted and properly

---

[2] The Court reasoned that federal jurisdiction in this case turned on the interpretation of one provision in the settlement agreement between Plaintiff James Ho and Motorola. (Order at 1). The clause at issue provides:

> Ho will continue to be covered under Motorola's long-term disability plan and other health and benefit plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled.

(*Id.*).

removed to federal court "because the settlement agreement upon which the claims are based relates to the provision of medical benefits"); *Reade v. Unisys Corp.*, 103 F.3d 130, 1996 WL 692125, at *1 (6th Cir. 1996) (unpublished) (finding plaintiff's claim for breach of contract preempted by ERISA and properly removed to federal court because the plaintiff "is a beneficiary of an ERISA plan and was seeking by this action to enforce or clarify his right or recover health insurance benefits at no costs to himself, based on his interpretation of his settlement agreement).

        13.     In addition, the Seventh Circuit has continued to make it clear that ERISA "knocks out any effort to use state law, including state common law, to obtain benefits under such a[n] [ERISA] plan." *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992); *see Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614 (7th Cir. 2008) ("ERISA preempts state-law theories of recovery."); *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 640 (7th Cir. 2007) ("The Supreme Court has consistently reminded us that ERISA's preemption of state laws as enunciated in § 514(a) is "clearly expansive," . . . and we have likewise interpreted the provision broadly. Because of this statutory scheme, '[a] suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted.' With their Illinois contract and promissory estoppel claims, [plaintiffs] pursue benefits to be paid from the ERISA Retirement Plan; therefore their state-law claims are preempted."); *Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir. 1989) ("ERISA preempts state laws which purport to regulate or govern employee benefit plans, and provides the exclusive remedy for putative beneficiaries seeking to recover benefits under a covered plan.").

14. Finally, it does not matter that the Court does not find federal jurisdiction "clear from the face of the complaint." (Ord. at 5). "Removal is proper even if federal jurisdiction is not evident from the complaint where, as here, 'Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of ERISA § 502(a) removable to federal court.'" *Shannon v. United Servs. Automobile Ass'n*, 965 F.2d 542, 546 (7th Cir. 1992) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

**WHEREFORE**, Defendant Motorola respectfully requests that the Court reconsider its July 23, 2008 Order granting Plaintiff's second motion to remand because even under Plaintiff's interpretation of the settlement agreement, Plaintiff is seeking benefits under an ERISA plan. Accordingly, there is no set of circumstances under which ERISA's complete preemption rule does not apply. This case was properly removed to and properly remains in this Court.

Respectfully submitted,

MOTOROLA, INC.

By: _____s/Ada Dolph_____
        One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

July 31, 2008

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Motion for Reconsideration of the Court's Order Granting Plaintiff's Second Motion to Remand** was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **Federal Express Overnight Mail** this 31st day of July, 2008.

> s/Ada W. Dolph
> Ada W. Dolph