IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07 C 6743 |
| MOTOROLA, INC., | ) ) Judge Moran |
| Defendant. | ) ) Magistrate Judge Ashman ) |

**PLAINTIFF'S VERIFIED MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION, AND IN SUPPORT OF THE COURT'S ORDER GRANTING PLAINTIFF'S SECOND VERIFIED MOTION TO REMAND FOR LACK OF SUJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECT. 1447C**

Plaintiff, JAMES C. HO ("Plaintiff"), hereby respectfully submits Plaintiff's Verified Memorandum In Opposition To Defendant's Motion For Reconsideration, And In Support Of The Court's Order Granting Plaintiff's Second Motion For Remand For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. Sect. 1447(c). In support of The Court's Order Granting Plaintiff's Second Verified Motion To Remand, plaintiff Ho states as follows:

1. Prior to defendant's Motion For Reconsideration [docket #54], either plaintiff-Ho or defendant-Motorola has *never* brought up "a one-person ERISA plan" in any direct or indirect communications between Ho and Motorola. Therefore, under either plaintiff's or defendant-Motorola's interpretation of the settlement agreement language[1], the phrase

---

[1] In defendant's Motion For Reconsideration [docket #54], defendant Motorola states defendant's fabricated assertion "the settlement agreement ... a one-person ..." *as if it were a fact*. (See defendant's Motion For Reconsideration [docket #54] the first sentence of paragraph 2 at the top of page 2.) The terms of paragraphs 1 and 6 of the settlement agreement can manifestly prove that the settlement agreement cannot create a one-person ERISA plan or an ERISA plan. Therefore, defendant Motorola uses nothing other than defendant's false assertions and misapplied citations to support Defendant's Motion For Reconsideration.

"pursuant to the terms of a one-person ERISA plan" does *not* exist anywhere in the settlement agreement. As being set forth below, the terms of paragraphs 1 and 6 of the settlement agreement can manifestly prove that the settlement agreement cannot create a one-person ERISA plan or an ERISA plan. The settlement agreement is manifestly independent of an ERISA plan or a one-person ERISA plan or ERISA. (See plaintiff's complaint exhibit 2: <u>General Release And Settlement Agreement</u> "the settlement agreement")

2. To support the fact that the legal duty between Ho and Motorola for either receiving or paying the money Ho received under the settlement agreement is independent of an ERISA plan or a one-person ERISA plan or ERISA[2], the paragraph 1 of the settlement agreement states as follows:

"<u>Monetary Payments</u>. In exchange for the promises of Ho contained in this Agreement, Motorola shall pay to the order of JAMES C. HO the gross amount of TWENTY THOUSAND, FIVE HUNDERED DOLLARS ($20,500.00) for non-wage damages and attorneys' fees claimed by Ho and/or his attorney in the Lawsuit in full, complete and final settlement of any and all claims, causes of action, damages or costs, which exist or may exist against Motorola arising out of or in connection with Ho's employment with Motorola. Motorola will issue an IRS FORM 1099[3] to each of Ho and his attorney, who will each be responsible for allocating their respective shares of the TWENTY THOUSAND, FIVE HUNDERED DOLLARS ($20,500.00) and for the payment of any applicable taxes on such monies." (**Recognizable Material Fact #1**)

---

[2] A legal duty (right and obligation) is not independent of ERISA if it "derives entirely from the particular rights and obligations established by ERISA benefit plans." *Davila*, 542 U.S.

[3] In this case, Motorola issues to Ho an IRS FORM 1099 for *nonemployee compensation* to support the fact that according to the terms of paragraph 1 of the settlement agreement, the legal duty between Ho and Motorola for either receiving or paying the money Ho received under the settlement agreement must be independent of ERISA or a one-person ERISA plan or an ERISA plan.

3. To support the fact that the legal duty between Ho and Motorola for either receiving or paying --- the money Ho received under the terms of paragraph 1 of the settlement agreement *and* the benefits Ho received under the settlement agreement --- is independent of an ERISA plan or a one-person ERISA plan or ERISA, the last sentence of paragraph 6 of the illegally entered settlement agreement[4] states as follows:

   "Alternatively, in the event Ho sues Motorola (other than under the ADEA to challenge this Agreement)[5], Ho may, at Motorola's option, be required to pay back to Motorola all but $100 of the money and other benefits Ho received under this Agreement." (**Recognizable Material Fact #2**)

4. The **Recognizable Material Fact #2** can provide the evidence to support the fact that according to the last sentence of paragraph 6 of the settlement agreement, the legality of the obligation of Ho paying back to Motorola all but $100 of the money Ho received under the settlement agreement must be the same as the legality of the obligation of Ho paying back to Motorola the benefits Ho received under the settlement agreement. In other words, according to the last sentence of paragraph 6 of the settlement agreement --- *if the obligation of Ho paying back to Motorola all but $100 of the money Ho received under the settlement agreement is independent of an ERISA plan or a one-person ERISA plan or ERISA, the obligation of Ho paying back to Motorola the benefits Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA.* (**Recognizable Material Fact #3**)

---

[4] The title of paragraph 6 of the settlement agreement is Release Of All Claims Raised By Ho Against Motorola, at page 3 of the settlement agreement.

[5] In plaintiff's case, the contractual promise, which is derived entirely from the paragraph 6 of the settlement agreement, is a legal duty independent of ERISA, or a one-person ERISA plan or an ERISA plan. The clause "in the event Ho sues Motorola (other than under the ADEA to challenge this Agreement)," imposes an independent point of reference within the terms of paragraph 6 of the illegally entered settlement agreement to determine whether or not the contractual promise has been broken.

5. The **Recognizable Material Fact #2** can provide the evidence to support the fact that according to the last sentence of paragraph 6 of the settlement agreement, the legality of the right of Motorola receiving from Ho all but $100 of the money Ho received under the settlement agreement must be the same as the legality of the right of Motorola receiving from Ho the benefits Ho received under the settlement agreement. In other words, according to the last sentence of paragraph 6 of the settlement agreement --- *if the right of Motorola receiving from Ho all but $100 of the money Ho received under the settlement agreement is independent of an ERISA plan or a one-person ERISA plan or ERISA, the right of Motorola receiving from Ho the benefits Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA.* **(Recognizable Material Fact #4)**

6. The **Recognizable Material Fact #1** can supply the evidence to prove that according to the terms of paragraph 1 of the settlement agreement, the right of Ho receiving from Motorola the money Ho received under the settlement agreement is independent of an ERISA plan or a one-person ERISA plan or ERISA. According to the terms of paragraph 1 of the settlement agreement, the legality of the right of Ho receiving from Motorola the money Ho received under the settlement agreement should be the same as the legality of the obligation of Ho paying back to Motorola the money Ho received under the settlement agreement. Hence, *according to the terms of paragraph 1 of the settlement agreement, the obligation of Ho paying back to Motorola the money Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA.* **(Recognizable Material Fact #5)**

7. The **Recognizable Material Fact #5** can supply the evidence to prove that under the terms of paragraph 6 of the settlement agreement, the obligation of Ho paying back to Motorola all but $100 of the money Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA. According to the terms of paragraph 6 of the settlement agreement, the legality of the obligation of Ho paying back to Motorola all but $100 of the money Ho received under the settlement agreement should be the same as the legality of the right of Motorola receiving from Ho all but $100 of the money Ho received under the settlement agreement. Therefore, according to the terms of paragraph 6 of the settlement agreement, the right of Motorola receiving from Ho all but $100 of the money Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA. Hence, the **Recognizable Material Fact #5** and the **Recognizable Material Fact #3** and **Recognizable Material Fact #4** can manifestly supply the evidence to prove that according to the terms of paragraph 6 of the settlement agreement, *the obligation of Ho paying back to Motorola the benefits Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA.* (**Recognizable Material Fact #6**)

8. According to the terms of paragraph 6 of the settlement agreement, the legality of the obligation of Ho paying back to Motorola the benefits Ho received under the terms of paragraph 6 of settlement agreement should be the same as the legality of the right of Ho receiving from Motorola the benefits Ho would have received under the terms of paragraph 6 of the settlement agreement. Since the **Recognizable Material Fact #6** has already proved that according to the terms of paragraph 6 of the settlement agreement,

the obligation of Ho paying back to Motorola the benefits Ho received under the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA, *the right of Ho receiving from Motorola the benefits Ho would have received under the terms of paragraph 6 of the settlement agreement must also be independent of an ERISA plan or a one-person ERISA plan or ERISA.* (**Recognizable Material Fact #7**)

9. According to the terms of paragraph 6 of the settlement agreement, the legality of the right of Ho receiving from Motorola the benefits Ho received under the settlement agreement should be the same as the legality of the obligation of Motorola paying Ho the benefits Ho received under the settlement agreement. Likewise, according to the terms of paragraph 6 of the settlement agreement, the legality of the right of Motorola receiving from Ho the benefits Ho received under the settlement agreement should be the same as the legality of the obligation of Motorola paying Ho the benefits Ho received under the settlement agreement. Hence, the **Recognizable Material Fact #1** and **Recognizable Material Fact #2** and **Recognizable Material Fact #4** and **Recognizable Material Fact #7** can supply the evidence to prove that *according to the terms of paragraphs 1 and 6 of the settlement agreement, the obligation of Motorola paying Ho the benefits Ho received under the terms of paragraph 6 of the settlement agreement must be independent of an ERISA plan or a one-person ERISA plan or ERISA.* (**Recognizable Material Fact #8**)

10. The **Recognizable Material Fact #7** and **Recognizable Material Fact #8** can manifestly prove that according to the terms of the settlement agreement, specifically the terms of paragraphs 1 and 6 of the settlement agreement, the settlement agreement cannot create either a one-person ERISA plan or an ERISA plan. Hence, for the purpose of delaying

justice, defendant Motorola states defendant's false assertions in Defendant's Motion For Reconsideration [docket #54] and *falsely* concludes: "This court erred ...."[6] (emphasis removed)

## CONCLUSION

With the aforementioned reasons, plaintiff James C. Ho respectfully requests that the court deny Defendant's Motion For Reconsideration [docket #54].

Respectfully submitted,

*James Ho*
**JAMES C. HO, pro se**

Dated: 8-12-2008

James C. Ho ("Plaintiff")
2136 Briar Hill Drive
Schaumburg, Illinois 60194
(847) 885-1893

---

[6] It appears that defendant Motorola files a frivolous motion disguised as Motion For Reconsideration so as to delay justice because defendant provides nothing other than defendant's fabricated assertion --- namely " **the settlement agreement ... a one-person ...**" *as if it were a fact* --- and misapplied citations to support Defendant's Motion For Reconsideration [docket #54]. According to either plaintiff's or defendant Motorola's interpretation of the terms of paragraphs 1 and 6 of the settlement agreement, the obligation of Motorola paying Ho the benefits Ho would have received under the terms of paragraph 6 of the settlement agreement must be independent of ERISA or a one-person ERISA plan or an ERISA plan. (See the aforementioned **Recognizable Material Fact #1** and **Recognizable Material Fact #2** and **Recognizable Material Fact #3** and **Recognizable Material Fact #4** and **Recognizable Material Fact #8**.)

Page 7 of 8

## VERIFICATION

BEFORE ME personally appeared JAMES C. HO Plaintiff who, being by me first duly sworn and identified in accordance with Illinois Law, deposes and says:

1. My name is JAMES C. HO, plaintiff herein.
2. I have read and understood the attached foregoing Plaintiff's Verified Memorandum In Opposition To Defendant's Motion For Reconsideration filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
JAMES C. HO, Affiant

## AFFIDAVIT OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Memorandum In Opposition To Defendant's Motion For Reconsideration was served upon one of Defendant's attorneys:

>Ian H. Morrison
>SEYFARTH SHAW LLP
>131 S. Dearborn St., Ste. 2400
>Chicago, Illinois 60603-5577
>(312) 460-5000

by having the same sent via **U.S. mail** this 12th day of August, 2008.

_____
JAMES C. HO, pro se

SWORN TO and subscribed before me on this 12th day of August 2008.

_____
Notary Public
My commission expires: 3/10/09

OFFICIAL SEAL
EDWARD JOSEPH KILL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03-10-09