IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES C. HO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., )<br>)<br>Defendant. )<br>)<br>) | Case No. 07 C 6743<br><br>Judge Moran<br><br>Magistrate Judge Ashman |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Motorola, Inc. ("Motorola"), by and through its attorneys, hereby submits its reply memorandum of law in support of its motion that the Court reconsider its July 23, 2008 Memorandum Opinion and Order granting Plaintiff's second motion to remand.

Plaintiff makes two main arguments in opposition to Defendant's motion for reconsideration. Each is without merit and in actuality, only reinforces that Plaintiff is indeed seeking benefits from a welfare benefits plan governed by ERISA. Therefore, under well-settled Seventh Circuit law, Plaintiff's claim is completely preempted and properly before this Court.

**The Settlement Agreement Need Not State That It Is A One-Person ERISA Plan
Or Even Mention ERISA To Nevertheless Form Such A Plan.**

First, Plaintiff argues that the settlement agreement does not contain the term "one-person ERISA plan" and therefore, could not have formed such a plan.[1] (*See* Pl. Mem. at 1).

---

[1] Motorola does not concede that the settlement agreement has, in fact, formed a one-person plan, and reserves the right to dispute that claim in all future litigation.

It is well-settled, however, that in the case of a one-person ERISA plan, there is no requirement that the agreement state that it is a one-person ERISA plan, or even that the agreement mention ERISA at all. *See Miller v. Taylor Insulation Company*, 39 F.3d 755, 760 (7th Cir. 1994) (finding employment agreement which made no reference to ERISA or a "one-man ERISA plan" nonetheless created a one-man ERISA plan and was completely preempted by ERISA); *see also Cvelbar v. CBI Ill. Inc.*, 106 F.3d 1368, 1373 (7th Cir. 1997) (same); *Williams v. Wright*, 927 F.2d 1540, 1550 (same); *Biggers v. Wittek Indus. Inc.*, 4 F.3d 291, 298 (4th Cir. 1993) (same); *McCarthy v. Bowe Bell + Howell Co.*, No. JFM-04-1799, 2004 WL 2005608, at *2 (D. Md. Sept. 7, 2004) (finding settlement agreement which did not mention ERISA or a one-person ERISA plan nonetheless created a one-person ERISA plan, preempting the plaintiff's state law breach of contract claim). Therefore, Plaintiff's assertion that the settlement agreement must contain this magic phrase in order for his claim to be preempted is incorrect as a matter of law and should be rejected by the Court.

Indeed, the Seventh Circuit has repeatedly explained that it takes very little to fit into the broad definition of a welfare benefits plan covered by ERISA. There need only be five elements present, and, in the case of a one-person ERISA plan, the Seventh Circuit has been careful to state that the agreement at issue need only have "an ongoing administrative scheme" and possess terms which are "reasonably ascertainable." *Cvelbar*, 106 F.3d at 1374. The five elements which mark an ERISA plan are:

> (1) a plan, fund, or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits, (5) to participants or their beneficiaries.

*Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000); *see Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir. 1986); *see also* 29 U.S.C. § 1002 (explaining the definition of an "employee welfare benefit plan" under ERISA); 29 U.S.C. § 1003 (explaining the plans which are covered by ERISA).

All five elements are present in the settlement agreement, even as characterized by Plaintiff and thus, Plaintiff's claim is unavoidably completely preempted by ERISA.

As to the first element, a promise like the one Plaintiff alleges here—to pay, on an ongoing basis, long-term disability benefits for nearly thirty years—clearly qualifies as a "<u>plan, fund or program</u>." (Plaintiff was 36 when the settlement agreement was executed, and asserts that he was promised benefits until he reaches age 65, *see* Cmplt. Ex. 4)). The U.S. Supreme Court has found the first element to be satisfied where there are "ongoing benefits to be paid" and a "regularity of payment." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987). Moreover, as the Seventh Circuit reasoned in *Cvelbar*, this first element is satisfied when there is "an ongoing administrative scheme," such as when a former employer "assume[s] a 'responsibility to pay benefits on a regular basis' and face[s] 'periodic demands on its assets that create a need for financial coordination and control.'" 106 F.3d at 1376. Here, the Court has concluded that Plaintiff is "argu[ing] that he settled his discrimination case for, in part, a promise by Motorola to continue to pay him disability benefits equal to the disability benefit he was then receiving." (7/23/08 Mem. Op. & Ord. at 2). In other words, under Plaintiff's interpretation, the settlement agreement created a program for the purpose of regularly paying him long-term disability benefits. This satisfies the first element.

As to the second, third and fourth elements, even under Plaintiff's interpretation of the settlement agreement, the payments were <u>established</u> and <u>maintained</u> by the <u>employer</u>,

3

Motorola, <u>for the purpose of providing</u> Plaintiff with long-term <u>disability</u> <u>benefits</u> "equal to the disability benefit he was then receiving" under the Motorola Disability Income Plan. (7/23/08 Mem. Op. & Ord. at 2). Therefore, the second, third and fourth elements are satisfied.

As to the fifth and final element, that the benefits be intended for a "participant or their beneficiary," under Plaintiff's interpretation, he is the only <u>participant</u> in a plan established to continue to provide him with long-term disability benefits. Alternatively, if the agreement was only (as Defendant believes) that Plaintiff was to *continue* to receive benefits under and subject to the terms of the existing Plan, then he was undoubtedly a participant in that Plan. Therefore, the fifth element is satisfied.

This fifth element is satisfied even if Plaintiff argues that he is no longer a participant in the Motorola Disability Income Plan. In *Miller v. Taylor Insulation Company*, 39 F.3d 755, 758 (7th Cir. 1994), the Seventh Circuit rejected the plaintiff's assertion that because he was not a participant in the medical benefits plan, his state law breach of contract claim could not be one for benefits under an ERISA plan. The Seventh Circuit responded that the plaintiff's "argument is unsound. There is no doubt that the medical reimbursement plan maintained by [the defendant employer] is an ERISA plan." *Id.* Accordingly, the Seventh Circuit found the *Miller* plaintiff's claim to be completely preempted by ERISA and subject to the court's federal jurisdiction. As in *Miller*, here Plaintiff is seeking benefits under an ERISA plan and, therefore, his claim, too, is preempted by ERISA.

In summary, even under Plaintiff's interpretation of the language of the settlement agreement, all five elements of an ERISA plan are present in the settlement agreement and

4

therefore, Plaintiff's claim for benefits under such a plan is completely preempted by ERISA and properly before this Court.

### That The Terms of Plaintiff's Settlement Payment Are Found In A Paragraph Titled "Monetary Payments" Whereas The Terms Of The Benefits He Seeks Here Are Found In A Separate Paragraph Titled "Coverage Under Motorola's Benefits Plans" Only Reinforces The Conclusion That His Claim Is Preempted by ERISA.

Plaintiff's second argument, that his claim is not one governed by ERISA because the settlement agreement also contained a monetary component, is also without merit.[2] (Pl. Mem. at 2). Rather, that the settlement agreement outlined the monetary payment in an entirely different paragraph than the one which discussed his benefits makes it more—not less—clear that what Plaintiff is seeking here is unquestionably benefits and not an additional monetary payment. (*See* Cmplt. Ex. 2; June 2001 Settlement Agreement, attached hereto as Exhibit A; *compare* ¶ 1 (regarding monetary payment) *with* ¶ 3 (benefits)).

The settlement agreement discusses the monetary payment under the heading "**Monetary Payments**," and, in contrast, discusses benefits in a separate paragraph under the heading "**Coverage Under Motorola's Benefits Plans.**" (*See id.*). The Seventh Circuit has found this type of reference to an existing plan to be an indicator that the agreement has actually formed a one-person ERISA plan, preempting any claims for benefits under that

---

[2] Plaintiff also argues that his claim should not be preempted because of a clause in the settlement agreement which provided that, in the event of Plaintiff's breach of the agreement, he would be required to return to Motorola "all but $100 of the money and other benefits Ho received under this Agreement." (*See* Pl. Mem. at 3). The phrase "other benefits," however, is nothing more than boilerplate language indicating that, in the event of his breach, Plaintiff would be required to forfeit not only the monetary but any non-monetary consideration conferred upon him by the settlement agreement, such as the promise to provide him with a "neutral job reference." (*See* Ex. A. ¶ 5). Plaintiff's argument to the contrary is without support in law or fact.

5

agreement. In *Cvelbar v. CBI Illinois, Inc.*, for example, the Seventh Circuit found that ERISA preempted a claim for benefits under an employment agreement which referenced the company's retirement plan and thus, reasoned the Seventh Circuit, "not only required that the existing plan be maintained, but required the company to make administrative determinations about coverage and eligibility, determinations that were not simply mathematical calculations." *Cvelbar*, 106 F.3d at 1378.

Even more evidence that the settlement agreement "required that the existing plan be maintained" is that the paragraph titled "Coverage Under Motorola's Benefits Plans" states that "Ho will *continue* to be covered under Motorola's long-term disability plan . . . ." (Ex. A ¶ 3). At the time that the parties entered into the settlement agreement, Plaintiff was receiving long-term disability benefits under the Motorola Disability Income Plan. (*See* Ex. A ¶ 3; 7/23/08 Mem. Op. & Ord. at 1). Black's Law Dictionary defines "continue" as: "The act of keeping up, maintaining, or prolonging." BLACK'S LAW DICTIONARY 138 (2d pocket ed. 2001). Therefore, it is reasonable to conclude that the parties agreed to Plaintiff's continued enrollment in the existing Motorola Disability Income Plan. This would of course require that the existing Motorola Disability Income Plan be maintained, and further supports the conclusion that Plaintiff is seeking benefits under an ERISA plan.

In short, Plaintiff's second argument should be rejected because the settlement agreement's separate treatment of the monetary payment from the benefits highlights that it regarded "Continued Coverage Under Motorola's Benefits Plans" as supplying welfare benefits under an ERISA plan—not simply an additional monetary payment. Plaintiff may only obtain those benefits under an *ERISA plan*, be it a one-person ERISA plan or the

preexisting Motorola Disability Income Plan.  Either way, Plaintiff's claim is completely preempted by ERISA and properly before this Court.

### Conclusion

Plaintiff's claim, including as interpreted by the Court in its July 23, 2008 opinion, is at its core one for benefits under a plan which is indisputably governed by ERISA.  Plaintiff is either seeking disability benefits under a one-person ERISA plan formed by the settlement agreement, or he is seeking benefits under the current ERISA-governed Motorola Disability Income Plan.  Either way, his cause of action is for benefits under an ERISA plan and properly before this Court.  Just as the Seventh Circuit concluded in *Miller v. Taylor Insulation Company*, 39 F.3d 755, 758 (7th Cir. 1994), Plaintiff's "**only possible claim is an ERISA claim**."

Motorola respectfully requests that this Court reconsider its July 23, 2008 opinion and deny Plaintiff's second motion to remand.

Respectfully submitted,

MOTOROLA, INC.

By: _____s/Ada Dolph_____
　　　　One of Its Attorneys

Ian H. Morrison
Ada W. Dolph
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

August 22, 2008

8

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Reply Memorandum in Support of Defendant's Motion for Reconsideration of the Court's Order Granting Plaintiff's Second Motion to Remand** was served upon:

> James C. Ho
> 2136 Briar Hill Drive
> Schaumburg, Illinois 60194
> (847) 885-1893

by having the same sent via **U.S. Mail** this 22nd day of August, 2008.

                                                                                            s/Ada W. Dolph
                                                                                              Ada W. Dolph