# Exhibit A

**EXHIBIT 2**

**General Release And Settlement Agreement**

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement (hereinafter the "Agreement") is made and entered into by and between JAMES C. HO, on behalf of himself, his agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and personal and legal representatives (hereinafter collectively referred to as "Ho"), and MOTOROLA, INC., on behalf of itself, its predecessors, successors, and affiliates, and its past, present, and future divisions, subsidiaries, and parents and collectively, their past, present, and future officers, directors, agents, shareholders, attorneys, employees, employee benefit plans, plan administrators, insurers, assignees, fiduciaries, heirs, executors, administrators, beneficiaries, trustees, and legal representatives (hereinafter collectively referred to as "Motorola").

WHEREAS, Ho filed a lawsuit in the United States District Court for the Northern District of Illinois (Case No. 1:00-CV-02942) (hereinafter referred to as the "Lawsuit"); and

WHEREAS, Ho and Motorola now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims and issues of law or fact that were raised or could have been raised by Ho, or which Ho has, had, or may have against Motorola as of the date of this Agreement (whether asserted in the Lawsuit or not);

NOW, therefore, in recognition of the mutual covenants contained herein, Ho and Motorola hereby agree as follows:

1.     <u>Monetary Payments</u>.  In exchange for the promises of Ho contained in this Agreement, Motorola shall pay to the order of JAMES C. HO the gross amount of TWENTY THOUSAND, FIVE HUNDRED DOLLARS ($20,500.00) for non-wage damages and attorneys' fees claimed by Ho and/or his attorney in the Lawsuit in full, complete and final settlement of any and all claims, causes of action, damages or costs, which exist or may exist against Motorola arising out of or in connection with Ho's employment with Motorola.  Motorola will issue an

IRS FORM 1099 to each of Ho and his attorney, who will each be responsible for allocating their respective shares of the TWENTY THOUSAND, FIVE HUNDRED DOLLARS ($20,500.00) and for the payment of any applicable taxes on such monies.

2. <u>Agreement Regarding Taxes</u>. Ho acknowledges that he has not relied on any statements or representations by Motorola or its attorneys with respect to the tax treatment of the settlement payment. Ho agrees to indemnify Motorola and hold it harmless from any loss, liability, damages or expenses related directly or indirectly to any income tax liability, fines or fees arising from the payments to Ho pursuant to this Agreement.

3. <u>Coverage Under Motorola's Benefits Plans</u>. Ho will continue to be covered under Motorola's long-term disability plan and other health and benefits plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past and continued disability benefits based upon the allegations made in this Lawsuit.

4. <u>Agreement Not To Return To Active Employment Or Seek Future Employment</u>. In exchange for the monies described in Paragraph 1, Ho agrees not to return to active employment with Motorola and/or to seek re-employment (including temporary employment) with Motorola or any affiliated companies or divisions.

5. <u>Neutral Job Reference</u>. Ho agrees to direct all employment inquiries to Motorola's automated service for employment references, 1-800-367-2884 (or http://www.theworknumber.talx.com/index.html ). In accordance with Motorola policy, Motorola will confirm dates of Ho's employment and last job title and provide no further information.

6.  <u>Release Of All Claims Raised By Ho Against Motorola</u>.  In exchange for the monies described in Paragraph 1, Ho fully and completely waives, releases, and forever discharges Motorola from any and all claims, actions, causes of action, damages, attorneys' fees, allegations, or demands asserted in the Lawsuit, all claims of any kind that could have been asserted in the Lawsuit, including claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, (hereinafter the "ADEA") and all other claims that he may have against Motorola to the effective date of the Agreement and arising out of Ho's employment relationship with Motorola or any other basis, whether known or unknown, suspected or concealed.

In addition, Ho agrees never to sue Motorola in any forum for any claim covered by the above waiver and release language, except that Ho may bring a claim under the ADEA to challenge this Agreement.  If Ho violates this Agreement by suing Motorola, other than under the ADEA to challenge this Agreement, Ho shall be liable to Motorola for its reasonable attorneys' fees and other litigation costs incurred in defending against such a suit.  Alternatively, in the event Ho sues Motorola (other than under the ADEA to challenge this Agreement), Ho may, at Motorola's option, be required to pay back to Motorola all but $100 of the money and other benefits Ho received under this Agreement.

7.  <u>Dismissal Of Lawsuit With Prejudice</u>.  Ho agrees to move for dismissal with prejudice of the Lawsuit.  Ho understands and agrees that the dismissal with prejudice of the Complaint is a condition precedent to receiving any of the monies specified in Paragraph 1 herein and to the promises made by Motorola herein.

8. <u>Rights And Claims Excluded From Release</u>. Excluded from the release are any rights and claims that cannot be waived by law. However, Ho hereby waives any right to any monetary recovery from Motorola that may be obtained by anyone on his behalf.

9. <u>Non-Admission Of Liability</u>. The considerations exchanged herein do not constitute and shall not be interpreted as an admission of liability or guilt on the part of Motorola under any local, state, or federal statute, ordinance, regulation or order, or under common law.

10. <u>Agreement Concerning Litigation Costs And Attorneys' Fees</u>. Ho understands and agrees that he will be solely responsible for all expenses incurred by him in the Lawsuit, including, but not limited to, his attorneys' fees, costs, and disbursements. Accordingly, Ho hereby fully and finally releases, acquits, and forever discharges Motorola from any liability or action of any kind for attorneys' fees, costs, and/or disbursements incurred in connection with the Lawsuit, and Ho further covenants and agrees never to institute any action or proceeding to recover any such attorneys' fees, costs, and/or disbursements from Motorola in connection with the matter.

11. <u>Confidentiality Of Settlement</u>. Ho acknowledges that, as a condition of the Agreement, the terms and provisions of the Agreement shall not be disclosed, publicized, published, indicated, or in any other manner communicated, to or with any other person except to Ho's attorney(s) or tax advisor(s) or immediate family, or as required by law or court order. Ho agrees that if he reveals any portion of the Agreement to any of the excepted individuals, he will obtain from each such individual a promise to maintain the confidentiality of the Agreement. If inquiries arise concerning the Agreement by anyone other than those listed, Ho will simply state that he cannot discuss it or that the matter has been resolved, and will make no other comment.

Ho represents that he has not made any unauthorized disclosures, as defined in this paragraph, concerning the Agreement prior to the signing of the Agreement.

12. <u>Agreement Not Evidence</u>. Ho and Motorola agree that neither the Agreement, nor any of the events that have led to its execution may be used as evidence by either party without the written consent of both parties in any subsequent proceeding of any kind, except one in which either party alleges a breach of the Agreement.

13. <u>Severability</u>. Ho and Motorola agree and represent that they intend and believe that the Agreement is lawful and enforceable in its entirety and neither Ho, Motorola, nor their respective attorneys will challenge the validity, legality, or enforceability of the Agreement or any of its provisions in whole or in part (other than under the ADEA). Ho and Motorola agree that to the extent any portion or covenant of the Agreement may be held to be invalid or legally unenforceable by an agency or court of competent jurisdiction, the remaining portions of the Agreement shall not be affected and shall be given full force and effect.

14. <u>Entire Agreement</u>. This Agreement constitutes the complete understanding between Ho and Motorola as it relates to any and all claims Ho has, had or could have had against Motorola to the date of this Agreement. No other promises or agreements, either expressed or implied, shall be binding unless signed in writing by Ho and Motorola.

15. <u>Enforcement</u>. In the event that either Ho or Motorola takes action, in law or equity, for breach of the Agreement and the other party prevails, the breaching party shall be liable for the reasonable attorneys' fees and costs incurred by the prevailing party in connection with such action.

16. **Other Agreements By Ho**. Ho also agrees that:

- He is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. He has not been coerced, threatened, or intimidated into signing the Agreement;

- He has been advised to consult with an attorney. He is represented by an attorney, and his attorney has reviewed the Agreement and advised him of the legal significance and binding nature of the Agreement;

- He has read the Agreement in its entirety, and he understands and accepts the terms and conditions of the Agreement;

- He is not otherwise entitled to the payments or other consideration described in Paragraph 1;

- He acknowledges that he has been given a period of at least 21 days within which to consider this Agreement and the waiver of claims under federal and/or state anti-discrimination laws. He has been further advised that he may, in writing within 7 days of the signing of this Agreement, revoke his waiver. Failure to revoke within 7 days will result in this waiver being permanent. If he revokes this waiver, he will not be entitled to the payments specified in Paragraph 1. Ho may revoke his signature by delivering a written letter of revocation to counsel for Motorola before the close of the seventh (7th) calendar day after signing this Agreement. Any revocation must be received by James Cho at Seyfarth Shaw at 55 E. Monroe Street, Suite 4200, Chicago, Illinois 60603-5803.

_____  
JAMES C. HO  

Date: 5/31/01

_____  
COUNSEL FOR James C. Ho  

Date: 6/4/01  
#10236577.2

_____  
MOTOROLA, INC.  

Date: 6-15-01

- 6 -