IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   07 C 6743 |
| | ) | |
| MOTOROLA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, acting pro se, filed a complaint in the Circuit Court of Cook County against Motorola, Inc., his former employer. Motorola removed the case to this court. Plaintiff moved to remand to state court and the motion was denied. He tried unsuccessfully to appeal the remand order, and then again moved this court to remand. We treated the second remand motion as a motion to reconsider our earlier decision. We agreed with plaintiff's argument and remanded the case to state court. Defendants now asks that we reconsider that decision. We decline to do so.

## BACKGROUND

We briefly recount the relevant background from our earlier opinions. In 2000, plaintiff, represented by counsel, filed a Title VII claim against defendant. That claim was later settled. At that time plaintiff was receiving disability benefits under an ERISA plan. The settlement agreement provided for payment of a modest cash amount, and also that plaintiff "will continue to be covered under Motorola's long-term disability plan and other health and benefit plans pursuant to the terms of the applicable plans and based upon his ability to demonstrate that he is disabled. Motorola agrees not to inquire into Ho's eligibility for past

and continued disability benefits based upon the allegations made in this Lawsuit." According to its terms, the agreement constitutes the complete understanding of the parties. It does not include continuing federal jurisdiction for enforcement.

Defendant later amended the disability plan to restrict coverage to 24 months. Plaintiff filed suit in state court claiming breach of contract and fraud. If the terms of the current disability plan apply, plaintiff has no claim. If, as plaintiff argues, he settled his discrimination case in part, for a promise by Motorola to continue to pay him disability benefits equal to the disability benefit he was then receiving, enforcement of such a settlement agreement would belong in state court because there is no diversity of citizenship or any federal question. 28 U.S.C. §§ 1331, 1332.

We held that there were two equally likely interpretations of the language in the settlement agreement. The first is that the phrase, "pursuant to the terms of the applicable plans," applied to plaintiff's continuation in both the long-term disability plan and the other health and benefit plans. Under such an interpretation, plaintiff is covered under an ERISA plan (the new disability plan), and has no claim. A second interpretation is that the phrase applied only to the "other health and benefit plans." Under this interpretation, the reference to the long-term disability coverage is simply a measure of plaintiff's settlement recovery and is not based on the conditions of the plan. Because of the ambiguity created by these two interpretations, we found that federal jurisdiction was not clear on the face of the complaint and remanded the action to state court.

## ANALYSIS

Defendant now asks us to reconsider our decision to remand the case to state court. It argues that even if we were to credit plaintiff's version of the settlement agreement, then that

agreement created a "one-person" disability plan that is subject to ERISA. It contends that this would eliminate the ambiguity that precluded federal jurisdiction, because under either interpretation ERISA would preempt any state law claims.

As support for this argument, defendant relies heavily on two cases, Cvelbar v. CBI Illinois, Inc., 160 F.3d 1368 (7th Cir. 1997) *abrogated on different grounds by* Int'l Unions of Operating Engineers Local 1150 AFL-CIO v. Rabine, 161 F.3d 427 (7th Cir. 1998), and Miller v. Taylor Insulation Co., 39 F.3d 755 (7th Cir. 1994). We do not disagree with the portion of defendant's argument that states ERISA completely preempts any state law claims if a party is subject to a one-person plan. It is a well-established principle that an ERISA plan can cover a single person. The question here, however, is whether the agreement of the parties in this case can be considered "a plan" under ERISA.

How do we determine whether an agreement is a plan – one person or otherwise – under ERISA? The statute tells us that an "employee welfare benefit plan" is "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing ... benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). This language is a problem for defendant. Under the interpretation of the agreement most favorable to plaintiff, the purpose of the arrangement between the parties was not to provide benefits for plaintiff's disability. Rather, it was entered into to entice plaintiff to settle the pending Title VII lawsuit.

Defendant relies instead on criteria set forth by the Seventh Circuit in Cvelbar: whether there was an ongoing administrative scheme and whether the plan had reasonably ascertainable terms. 106 F.3d at 1374. When we look at the entire agreement between the parties, as Cvelbar instructs, *see id.* at 1376-78, we cannot say that the agreement here amounts

to the type of ongoing administrative scheme that the Seventh Circuit contemplated. Although the agreement provides for an ongoing monthly payment instead of a lump sum payment, it did not require managerial discretion in its administration. *See id.* at 1377. No inquiry was necessary to determine whether the terms of the plan apply to plaintiff because, under the interpretation most favorable to him, the eligibility clause applies only to the "other health and benefits plans." Moreover, the benefit amount was previously established, and thus readily foreseeable. The benefit was not a variable payment that needed to be examined and approved, like a claim for services under a health insurance plan. *See, e.g.,* <u>McCarthy v. Bowe Bell + Howell Co.</u>, No. Civ. JFM 04-1799, 2004 WL 2005608 (D. Md. Sept. 7, 2004). Mindful that distinguishing between individual contracts and single-person ERISA plans can result in "some difficult line drawing," *id.* at 1375, and that as we undertake this analysis we focus on the interpretation of the agreement most favorable to plaintiff, we find that the agreement in this case lacks a sufficient ongoing administrative scheme to characterize it as a single-person ERISA plan.

None of the other cases cited by defendant, that show federal courts accepting jurisdiction over actions to enforce settlement agreements, is any more persuasive. In <u>Bd. of Trustees of the Hotel and Restaurant Employees Local 25 v. The Madison Hotel</u>, the underlying case that gave rise to the settlement agreement was premised on ERISA, and the court determined that enforcement of the settlement agreement would "almost inevitably" require interpretation of ERISA provisions. 97 F.3d 1479, 1484-85 (D.D.C 1996). That is not the case here, where the underlying case arose under Title VII, and ERISA may not be invoked at all. In <u>Ross v. Liberty Mut. Ins. Co.</u>, No. 05-4138, 2006 WL 522281 (2d Cir. Mar. 3, 2006), the court summarily affirmed the district court's judgment denying plaintiff's motion to

remand, because the settlement agreement expressly provided that plaintiff's benefits would be controlled by the ERISA-regulated plan in which plaintiff had originally participated. In Reade v. Unisys Corp., No. 95-72003, 1996 WL 692125 (6th Cir. Dec. 2, 1996), the court upheld the district court's determination that the settlement agreement was not ambiguous, as the plaintiff alleged. Here we have held that the agreement is ambiguous in that it does not expressly provide that it is controlled by the terms of the long-term disability plan.

The Seventh Circuit recently provided additional guidance in Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594 (7th Cir. 2008). In that case the court analyzed whether a third party health care provider's state law claims for negligent misrepresentation and estoppel were completely preempted by ERISA. The court used the two-part analysis put forth by the Supreme Court in Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004):

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) .... In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

Franciscan Skemp, 538 F.3d at 597 (qutoing Davila, 542 U.S. at 210). In Franciscan Skemp, the court ultimately held that the third party provider's tort claims were independent of a claim for benefits and that state law provided an independent legal basis for those claims. As such, Franciscan Skemp's state law claims survived.

We find that the same reasoning applies in this case. Under the interpretation of the agreement most favorable to plaintiff, he is not claiming disability benefits. Instead, he is

alleging that defendant breached an agreement that stated that if he dropped his earlier lawsuit, defendant would pay him each month an amount equal to the amount he was currently receiving as disability benefits. Under this interpretation, plaintiff could not have brought these claims under ERISA and defendant has an independent legal duty under state contract law to continue the payments.

We do not hold that the interpretation most favorable to plaintiff is the correct interpretation of the agreement. We hold only that such an interpretation does not create a one-person ERISA plan, of which plaintiff is the member. Further, because under that interpretation ERISA does not preempt the state law claims, we reiterate our earlier holding that because the term is ambiguous, federal jurisdiction is not clear from the face of the complaint and we must remand this action to state court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 3 , 2008.